RHONDA TROTTER (State Bar No. 169241)
Email address: rtrotter@kayescholer.com
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6048
Telephone: (310) 788-1000
Facsimile: (310) 788-1200

Attorneys for Defendant Walt Disney
Parks and Resorts U.S., Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| T.P., by and through S.P., as Next Friend, Parent and Natural Guardian, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WALT DISNEY PARKS AND RESORTS U.S., INC., <br><br> Defendant. | Case No. 2:15-CV-05346 <br><br> **NOTICE OF REMOVAL** |

Defendant Walt Disney Parks and Resorts U.S., Inc. ("Disney") seeks to remove this case, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California because this Court has original diversity jurisdiction. The amount in controversy exceeds $75,000, and there is complete diversity between the parties, as Disney is a Florida corporation with its principal place of business in Lake Buena Vista, Florida, and all of the plaintiffs are

from states outside of Florida. In support of its notice of removal, Disney states and alleges the following:

1. On May 11, 2015, a group of 55 plaintiffs filed a complaint against Disney in the Superior Court of the State of California for the County of Los Angeles. A true and correct copy of plaintiffs' complaint is attached as **Exhibit A** to this notice and a true and correct copy of Disney's answer and other pleadings is attached as **Exhibit B**.

2. Plaintiffs allege that they are persons with a "developmental disorder and a clinically diagnosed cognitive impairment" and their next friends, parents and guardians who have visited Disney's theme parks. Plaintiffs also allege that they have been denied accommodation as a result of Disney's replacement of its former Guest Assistance Card program with a new Disability Access Service program on October 9, 2013. Exhibit A, Compl. ¶¶ 15-16, 21-67.

3. Plaintiffs assert claims for: (1) intentional infliction of emotional distress; (2) negligent infliction of emotional distress; (3) breach of contract; and (4) violation of the Unruh Civil Rights Act, California Civil Code §§ 51 and 52. Compl. ¶¶ 92-1658.

4. As set forth below, removal of this action is proper because (i) Disney has complied with the statutory requirements for removal; (ii) venue is proper in this District; and (iii) the Court has original diversity jurisdiction.

**I. Disney Complied with the Statutory Requirements for Removal**

5. Disney's removal of this action is timely. Under 28 U.S.C. § 1446(b), a "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." The 30-day period runs from the date the complaint was formally served on Disney. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). Disney was formally served with a summons and complaint on

June 16, 2015, and this notice of removal is filed within 30 days of that date. Disney filed its answer to plaintiffs' complaint on July 14, 2015.

6. Pursuant to 28 U.S.C. § 1446(a), Disney is simultaneously filing a copy of all process, pleadings and orders in the state court action.

7. Pursuant to 28 U.S.C. § 1446(d), Disney will provide notice of this removal to plaintiffs through their attorneys of record and will file written notice of this removal with the Superior Court of the State of California for the County of Los Angeles.

## II. Venue Is Proper in This District

8. Pursuant to 28 U.S.C. §§ 1391(a) and 1441(a), venue lies in, and this case properly may be removed to, the United States District Court for the Central District of California because plaintiffs filed this case in the Superior Court of the State of California for the County of Los Angeles, which is located within this District.

## III. This Court Has Original Diversity Jurisdiction

9. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ."

10. As set forth below, this Court has original diversity jurisdiction under 28 U.S.C. § 1332(a) because the parties are completely diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

### A. Complete Diversity Exists between the Parties

11. Plaintiffs filed this suit pseudonymously and have not alleged their respective states of citizenship.

12. A party's residence is *prima facie* evidence of his or her domicile and citizenship for purposes of diversity jurisdiction. *See, e.g.*, *Kum Tat Ltd. v. Linden Ox Pasture, LLC*, 2014 WL 4651673, at *2 (N.D. Cal. Sept. 16, 2014); *Golub v. Wells Fargo Bank, N.A.*, 2014 WL 997336, at *1 (C.D. Cal. Mar. 13, 2014);

*Gutterman v. Wachovia Mortgage*, 2011 WL 2633167, at *1 (C.D. Cal. Mar. 31, 2011); *Gonzalez v. First NLC Fin. Servs.*, 2009 WL 2513670, at *2 (C.D. Cal. June 12, 2009); *Smith v. Simmons*, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008); *see also Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013) (recognizing that "numerous courts treat a person's residence as *prima facie* evidence of the person's domicile"); *Bradley Min. Co. v. Boice*, 194 F.2d 80, 84 (9th Cir. 1951) ("Proof of residence in a state is usually thought *prima facie* evidence of domicile sufficient to shift the burden of proof.").[1]

13. Based on the allegations of the complaint, there is *prima facie* evidence that none of the plaintiffs are residents, domiciliary or citizens of Florida:

    a.    Plaintiff T.P. is a resident of the City of Norwalk in Los Angeles County, California (Compl. ¶ 96), which is *prima facie* evidence that plaintiff T.P. is a domiciliary and citizen of California for purposes of diversity jurisdiction.

    b.    Plaintiff S.P. is a resident of the City of Norwalk in Los Angeles County, California (Compl. ¶ 96), which is *prima facie* evidence that plaintiff S.P. is a domiciliary and citizen of California for purposes of diversity jurisdiction.

    c.    Plaintiff A.T.W. is a resident of Los Angeles County, California (Compl. ¶ 141), which is *prima facie* evidence that plaintiff A.T.W. is a domiciliary and citizen of California for purposes of diversity jurisdiction.

    d.    Plaintiff T.L.R. is a resident of Los Angeles County, California (Compl. ¶ 176), which is *prima facie* evidence that plaintiff T.L.R. is a domiciliary and citizen of California for purposes of diversity jurisdiction.

---

[1] *Accord*, *e.g.*, *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) ("Evidence of a person's place of residence, however, is *prima facie* proof of his domicile."); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("Residence alone is not the equivalent of citizenship, but the place of residence is *prima facie* the domicile.")

e. Plaintiff T.W.R. is a resident of Los Angeles County, California (Compl. ¶ 141), which is *prima facie* evidence that plaintiff T.W.R. is a domiciliary and citizen of California for purposes of diversity jurisdiction.

f. Plaintiff R.C.R. is a resident of Los Angeles County, California (Compl. ¶ 176), which is *prima facie* evidence that plaintiff R.C.R. is a domiciliary and citizen of California for purposes of diversity jurisdiction.

g. Plaintiff A.M.W. is a resident of Los Angeles County, California (Compl. ¶ 237), which is *prima facie* evidence that plaintiff A.M.W. is a domiciliary and citizen of California for purposes of diversity jurisdiction.

h. Plaintiff R.D.W. is a resident of Los Angeles County, California (Compl. ¶ 237), which is *prima facie* evidence that plaintiff R.D.W. is a domiciliary and citizen of California for purposes of diversity jurisdiction.

i. Plaintiff D.L.W. is a resident of Los Angeles County, California (Compl. ¶ 274), which is *prima facie* evidence that plaintiff D.L.W. is a domiciliary and citizen of California for purposes of diversity jurisdiction.

j. Plaintiff L.T.T. is a resident of Ventura County, California (Compl. ¶ 310), which is *prima facie* evidence that plaintiff L.T.T. is a domiciliary and citizen of California for purposes of diversity jurisdiction.

k. Plaintiff L.J.T. is a resident of Ventura County, California (Compl. ¶ 310), which is *prima facie* evidence that plaintiff L.J.T. is a domiciliary and citizen of California for purposes of diversity jurisdiction.

l. Plaintiff L.D.J. is a resident of Los Angeles County, California (Compl. ¶ 355), which is *prima facie* evidence that plaintiff L.D.J. is a domiciliary and citizen of California for purposes of diversity jurisdiction.

m. Plaintiff T.M.J. is a resident of Los Angeles County, California (Compl. ¶ 355), which is *prima facie* evidence that plaintiff

T.M.J. is a domiciliary and citizen of California for purposes of diversity jurisdiction.

n. Plaintiff D.A.J. is a resident of Los Angeles County, California (Compl. ¶ 398), which is *prima facie* evidence that plaintiff D.A.J. is a domiciliary and citizen of California for purposes of diversity jurisdiction.

o. Plaintiff E.G.R. is a resident of San Bernardino County, California (Compl. ¶ 413), which is *prima facie* evidence that plaintiff E.G.R. is a domiciliary and citizen of California for purposes of diversity jurisdiction.

p. Plaintiff J.H. is a resident of Los Angeles County, California (Compl. ¶ 450), which is *prima facie* evidence that plaintiff J.H. is a domiciliary and citizen of California for purposes of diversity jurisdiction.

q. Plaintiff T.A.L. is a resident of Denver County, Colorado (Compl. ¶ 481), which is *prima facie* evidence that plaintiff T.A.L. is a domiciliary and citizen of Colorado for purposes of diversity jurisdiction.

r. Plaintiff G.L. is a resident of Denver County, Colorado (Compl. ¶ 481), which is *prima facie* evidence that plaintiff G.L. is a domiciliary and citizen of Colorado for purposes of diversity jurisdiction.

s. Plaintiff D.F. is a resident of San Bernardino County, California (Compl. ¶ 527), which is *prima facie* evidence that plaintiff D.F. is a domiciliary and citizen of California for purposes of diversity jurisdiction.

t. Plaintiff C.F. is a resident of San Bernardino County, California (Compl. ¶ 527), which is *prima facie* evidence that plaintiff C.F. is a domiciliary and citizen of California for purposes of diversity jurisdiction.

u. Plaintiff M.I.P. is a resident of Orange County, California (Compl. ¶ 575), which is *prima facie* evidence that plaintiff M.I.P. is a domiciliary and citizen of California for purposes of diversity jurisdiction.

v. Plaintiff A.M.N. is a resident of Maricopa County, Arizona (Compl. ¶ 621), which is *prima facie* evidence that plaintiff A.M.N. is a domiciliary and citizen of Arizona for purposes of diversity jurisdiction.

w. Plaintiff V.M.N. is a resident of Maricopa County, Arizona (Compl. ¶ 621), which is *prima facie* evidence that plaintiff V.M.N. is a domiciliary and citizen of Arizona for purposes of diversity jurisdiction.

x. Plaintiff D.L.B. is a resident of Del Norte County, California (Compl. ¶ 679), which is *prima facie* evidence that plaintiff D.L.B. is a domiciliary and citizen of California for purposes of diversity jurisdiction.

y. Plaintiff L.V.F. is a resident of Del Norte County, California (Compl. ¶ 679), which is *prima facie* evidence that plaintiff L.V.F. is a domiciliary and citizen of California for purposes of diversity jurisdiction.

z. Plaintiff B.D.G. is a resident of Clark County, Nevada (Compl. ¶ 724), which is *prima facie* evidence that plaintiff B.D.G. is a domiciliary and citizen of Nevada for purposes of diversity jurisdiction.

aa. Plaintiff V.J.B. is a resident of Will County, Illinois (Compl. ¶ 763), which is *prima facie* evidence that plaintiff V.J.B. is a domiciliary and citizen of Illinois for purposes of diversity jurisdiction.

bb. Plaintiff S.L.B. is a resident of Will County, Illinois (Compl. ¶ 763), which is *prima facie* evidence that plaintiff S.L.B. is a domiciliary and citizen of Illinois for purposes of diversity jurisdiction.

cc. Plaintiff J.L.C. is a resident of Dallas County, Texas (Compl. ¶ 798), which is *prima facie* evidence that plaintiff J.L.C. is a domiciliary and citizen of Texas for purposes of diversity jurisdiction.

dd. Plaintiff K.A.C. is a resident of Dallas County, Texas (Compl. ¶ 798), which is *prima facie* evidence that plaintiff K.A.C. is a

|   |   |
|---|---|
|   | domiciliary and citizen of Texas for purposes of diversity jurisdiction. |
| ee. | Plaintiff E.L.M. is a resident of Orange County, California (Compl. ¶ 864), which is *prima facie* evidence that plaintiff E.L.M. is a domiciliary and citizen of California for purposes of diversity jurisdiction. |
| ff. | Plaintiff C.P. is a resident of Orange County, California (Compl. ¶ 864), which is *prima facie* evidence that plaintiff C.P. is a domiciliary and citizen of California for purposes of diversity jurisdiction. |
| gg. | Plaintiff J.A.S. is a resident of Los Angeles County, California (Compl. ¶ 934), which is *prima facie* evidence that plaintiff J.A.S. is a domiciliary and citizen of California for purposes of diversity jurisdiction. |
| hh. | Plaintiff J.F.S. is a resident of Los Angeles County, California (Compl. ¶ 934), which is *prima facie* evidence that plaintiff J.F.S.is a domiciliary and citizen of California for purposes of diversity jurisdiction. |
| ii. | Plaintiff E.W.V. is a resident of Maricopa County, Arizona (Compl. ¶ 993), which is *prima facie* evidence that plaintiff E.W.V. is a domiciliary and citizen of Arizona for purposes of diversity jurisdiction. |
| jj. | Plaintiff A.M.P. is a resident of Maricopa County, Arizona (Compl. ¶ 993), which is *prima facie* evidence that plaintiff A.M.P. is a domiciliary and citizen of Arizona for purposes of diversity jurisdiction. |
| kk. | Plaintiff T.J.A. is a resident of Bergen County, New Jersey (Compl. ¶ 1050), which is *prima facie* evidence that plaintiff T.J.A. is a domiciliary and citizen of New Jersey for purposes of diversity jurisdiction. |
| ll. | Plaintiff L.A. is a resident of Bergen County, New Jersey (Compl. ¶ 1050), which is *prima facie* evidence that plaintiff L.A. is a domiciliary and citizen of New Jersey for purposes of diversity jurisdiction. |

mm. Plaintiff V.T.V. is a resident of San Mateo County, California (Compl. ¶ 1111), which is *prima facie* evidence that plaintiff V.T.V. is a domiciliary and citizen of California for purposes of diversity jurisdiction.

nn. Plaintiff N.L.C. is a resident of San Mateo County, California (Compl. ¶ 1111), which is *prima facie* evidence that plaintiff N.L.C. is a domiciliary and citizen of California for purposes of diversity jurisdiction.

oo. Plaintiff P.F.E. is a resident of Henrico County, Virginia (Compl. ¶ 1182), which is *prima facie* evidence that plaintiff P.F.E. is a domiciliary and citizen of Virginia for purposes of diversity jurisdiction.

pp. Plaintiff B.P.E. is a resident of Henrico County, Virginia (Compl. ¶ 1182), which is *prima facie* evidence that plaintiff B.P.E. is a domiciliary and citizen of Virginia for purposes of diversity jurisdiction.

qq. Plaintiff Y.Z. is a resident of Alameda County, California (Compl. ¶ 1248), which is *prima facie* evidence that plaintiff Y.Z. is a domiciliary and citizen of California for purposes of diversity jurisdiction.

rr. Plaintiff M.Y.R. is a resident of Alameda County, California (Compl. ¶ 1248), which is *prima facie* evidence that plaintiff M.Y.R. is a domiciliary and citizen of California for purposes of diversity jurisdiction.

ss. Plaintiff K.A.R. is a resident of Cook County, Illinois (Compl. ¶ 1306), which is *prima facie* evidence that plaintiff K.A.R. is a domiciliary and citizen of Illinois for purposes of diversity jurisdiction.

tt. Plaintiff D.R. is a resident of Cook County, Illinois (Compl. ¶ 1306), which is *prima facie* evidence that plaintiff D.R. is a domiciliary and citizen of Illinois for purposes of diversity jurisdiction.

uu. Plaintiff C.M.H. is a resident of Washington County, Oregon (Compl. ¶ 1367), which is *prima facie* evidence that plaintiff

   C.M.H. is a domiciliary and citizen of Oregon for purposes of diversity jurisdiction.

vv.  Plaintiff H.A.H. is a resident of Washington County, Oregon (Compl. ¶ 1367), which is *prima facie* evidence that plaintiff H.A.H. is a domiciliary and citizen of Oregon for purposes of diversity jurisdiction.

ww.  Plaintiff A.S.T. is a resident of San Diego County, California (Compl. ¶ 1427), which is *prima facie* evidence that plaintiff A.S.T. is a domiciliary and citizen of California for purposes of diversity jurisdiction.

xx.  Plaintiff S.M.T. is a resident of San Diego County, California (Compl. ¶ 1473), which is *prima facie* evidence that plaintiff S.M.T. is a domiciliary and citizen of California for purposes of diversity jurisdiction.

yy.  Plaintiff S.D.T. is a resident of San Diego County, California (Compl. ¶ 1473), which is *prima facie* evidence that plaintiff S.D.T. is a domiciliary and citizen of California for purposes of diversity jurisdiction.

zz.  Plaintiff E.A.P. is a resident of Salt Lake County, Utah (Compl. ¶ 1535), which is *prima facie* evidence that plaintiff E.A.P. is a domiciliary and citizen of Utah for purposes of diversity jurisdiction.

aaa.  Plaintiff A.E.P. is a resident of Salt Lake County, Utah (Compl. ¶ 1535), which is *prima facie* evidence that plaintiff A.E.P. is a domiciliary and citizen of Utah for purposes of diversity jurisdiction.

bbb.  Plaintiff P.A.D. is a resident of Los Angeles County, California (Compl. ¶ 1604), which is *prima facie* evidence that plaintiff P.A.D. is a domiciliary and citizen of California for purposes of diversity jurisdiction.

ccc.  Plaintiff A.C.E. is a resident of Los Angeles County, California (Compl. ¶ 1604), which is *prima facie* evidence that plaintiff A.C.E. is a domiciliary and citizen of California for purposes of diversity jurisdiction.

14. Disney is a Florida corporation with its principal place of business in the United States at 1375 Buena Vista Drive, Lake Buena Vista, Florida 32830, where its corporate headquarters and principal executive offices are located. Exhibit C, Declaration of Maribeth Bisienere ("Decl.") ¶ 5.[2] Accordingly, Disney is a citizen of Florida for diversity purposes. *See* 28 U.S.C. § 1332(c); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192–93 (2010).

15. In their complaint, plaintiffs allege that Disney is a California corporation with its principal place of business in Los Angeles, California. Compl. ¶ 2. In fact, plaintiffs and their counsel know very well that Disney is a Florida corporation with its principal place of business in Florida. Plaintiffs' counsel previously filed a case against Disney, captioned *A.L., et al. v. Walt Disney Parks and Resorts U.S., Inc.*, Case No. 15-1644 (M.D.Fla.), in California federal court. In that case, which included approximately half of the plaintiffs who filed claims in this case, plaintiffs' counsel alleged that Disney "[h]as maintained its principal place of business in Orange County, Florida." *See A.L.*, Dkt. 98, Am. Compl. ¶ 3. Also, in its answer in that case, Disney admitted that "it is a Florida corporation with its principal place of business in Orange County, Florida." *Id.*, Dkt. 102, Def.'s Answer ¶ 3.[3]

**B.     The Amount in Controversy Exceeds $75,000**

16. In the complaint, plaintiffs do not allege a specific dollar amount in damages. In that circumstance, California federal courts apply a preponderance of the evidence standard. *See, e.g.*, *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696,

---

[2] Disney has at all times since April 30, 1993, owned and operated the Disneyland Resort. *Id.* ¶ 6.

[3] That case was transferred to the Middle District of Florida by Judge Manuel Real because the convenience and justice factors weighed heavily in favor of transfer. *See A.L.*, Case No. 2:14-cv-03327 (C.D.Cal.), Dkt. 67, Order at 5 (Sept. 18, 2014).

699 (9th Cir. 2007); *see also* 28 U.S.C. § 1446(c)(2)(B). To satisfy this standard, the defendant need only make a *prima facie* showing that it is "more likely than not" that the amount in controversy exceeds the jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). This burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008). In short, the ultimate inquiry is what amount is placed "in controversy" by plaintiffs' complaint and not what Disney would actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

17. For the reasons explained below, the amount in controversy in this case exceeds $75,000, exclusive of interest and costs and, accordingly, satisfies this Court's jurisdictional requirement.

18. Plaintiffs generally allege that they were unlawfully denied accommodation for their disabilities when they visited Disney's theme parks. As stated above, they seek recovery for intentional infliction of emotional distress, negligent infliction of emotional distress, breach of contract and violation of California's Unruh Act.

### 1. Statutory Damages

19. In this case, there is a statutory floor for plaintiffs' damages under the Unruh Act. Specifically, if plaintiffs prevail on their claims, Disney will be liable for "up to a maximum of three times the amount of actual damage" as determined by a jury, "but in no case less than four thousand dollars ($4,000)" for "each and every offense." Cal. Civ. Code § 52(a).

20. Several plaintiffs allege numerous visits to Disney parks in which they claim they were denied an accommodation. For example, plaintiff P.F.E. alleges that there are at least 17 different visits to Disney's theme parks in which she was allegedly denied an accommodation. *See* Compl. ¶¶ 1189-93 (13-day visit in

December 2013); *id.* ¶¶ 1194, 1202 (subsequent visits of unspecified duration in April 2014, October 2014, January 2015 and April 2015).

21. Thus, if P.F.E. were to prevail on her claims -- based on her alleged 17 visits and the statutory minimum of $4,000 per visit -- she would recover at least $68,000 in statutory damages.

### 2. Compensatory Damages

22. Plaintiffs' claims for damages stemming from emotional distress also can yield compensatory damages in excess of the statutory minimum required to establish diversity jurisdiction, even without a high number of visits. "To establish the amount of emotional distress in controversy, a defendant may introduce evidence of jury verdicts in other cases." *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246 (C.D. Cal. 2012); *see also Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("In determining the amount in controversy, the district court properly considered . . . emotional distress damage awards in similar age discrimination cases in Washington."); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002).

23. In similar cases in which plaintiffs were alleged to have suffered emotional distress as a result of a defendant's failure to accommodate their disability, juries have awarded plaintiffs damage awards in excess of the statutory minimum required to establish diversity jurisdiction. For example, in *Dov vs. Ascot Hotel LLC*, 2007 WL 4946166 (Cal. Super. Ct. May 22, 2007) (verdict summary), a prospective tenant with a mental disability successfully sued a hotel for failing to accommodate his need for a companion animal and sought damages under the Unruh Civil Rights Act and for intentional infliction of emotional distress. The jury awarded $50,400 in compensatory damages for emotional distress, which was trebled to $151,200 under Cal Civ. Code § 52(a).

24. Similarly, juries have awarded substantial compensatory damage awards in cases involving emotional distress stemming from unlawful discrimination under the Unruh Civil Rights Act:

    a. In *Paletz v. Adaya*, 2012 WL 6951490 (Cal. Super. Ct. Sept. 27, 2012) (verdict summary), *judgment aff'd in relevant part*, 2014 WL 7402324 (Cal. Ct. App. Dec. 29, 2014), plaintiffs alleged that a hotel discriminated against them on the basis of their religion, denying them access to the hotel's facilities. Plaintiffs sued for, *inter alia*, violation of the Unruh Civil Rights Act, intentional infliction of emotional distress, negligent infliction of emotional distress and breach of contract. The jury awarded plaintiffs compensatory damages (including Unruh Civil Rights Act statutory penalties) ranging from $26,000 to $180,000 per plaintiff.

    b. In *Donovan vs. Poway Unified Sch. Dist.*, 2005 WL 3358987 (Cal. Super. Ct. June 8, 2005) (verdict summary), two students sued their school for violation of the Unruh Civil Rights Act, claiming that they were harassed due to their sexual orientation and suffered emotional distress as a result. The jury awarded one plaintiff $125,000 and the other plaintiff $175,000.

25. Accordingly, it is more likely than not that the claimed emotional distress damages at issue for a single plaintiff easily exceed the $75,000 amount-in-controversy requirement.

26. Moreover, in addition to emotional distress damages, plaintiffs also seek to recover travel costs and out-of-pocket expenses incurred during their visits to Disney's theme parks. For example, plaintiffs variously allege that they spent money on "airfare," "hotel reservations," "tickets," "annual or season passes," "parking passes," "mileage," "food" and "other expenses" that they claim were "wasted" as a result of Disney's alleged failure to accommodate plaintiffs' disabilities. Compl. ¶¶ 34, 109, 135, 326, 372, 397.

27. The current price of a one-day ticket to Disneyland Park is $99.00 per person for guests ages 10 and older and the price of a Deluxe Annual Passport to the

Disneyland Resort is $549.00 per person. Exhibit C, Decl. ¶ 7. Depending on each plaintiff's method of travel (many of whom reside outside of California), the number of days they stayed, and the types of hotels and restaurants they frequented during their trips to Disney's theme parks, these additional expenses could add up to thousands of dollars per visit. And, as stated above, plaintiffs may recover up to three times their actual expenses under Cal. Civ. Code § 52(a).

### 3. Punitive Damages

28. "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). "To establish probable punitive damages, defendant may introduce evidence of jury verdicts in cases involving analogous facts." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002).

29. Here, plaintiffs seek to recover exemplary or punitive damages. *See, e.g.*, Compl. at 48. Under California law, punitive damages are recoverable in claims for intentional infliction of emotional distress. *Lackner v. N.*, 135 Cal. App. 4th 1188, 1212 (2006). To prevail, plaintiffs will need to prove "by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a).

30. Because punitive damages are sought in this case, they are included in the calculation of the amount in controversy. *See Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Ross v. First Family Fin. Servs., Inc.*, 2002 WL 31059582, at *8 (N.D. Miss. Aug. 29, 2002) ("unspecified claims for punitive damages sufficiently serve to bring the amount in controversy over the requisite threshold set out in 28 U.S.C. § 1332").

31. The Supreme Court has noted that while there is no bright-line ratio, "in practice, few awards exceeding a single-digit ratio between punitive and

compensatory damages" will satisfy due process. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). Therefore, assuming punitive damages of even two to three times compensatory damages (*see supra* ¶¶ 23-24), the amount in controversy is well over the statutory minimum.

### 4. Attorneys' Fees

32. Plaintiffs have alleged that they are "entitled to recover their reasonable attorneys' fees . . . in filing and prosecuting this action" under the Unruh Civil Rights Act, which allows for recovery of "[a]ttorney[s'] fees as may be determined by the court." Compl. ¶ 91; Cal. Civ. Code § 52(a)(3). Although Disney denies plaintiffs' claims for attorneys' fees, "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); *see also Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (holding that where attorneys' fees are "recoverable by statute," fees reasonably anticipated over the life of the litigation are included in the amount in controversy analysis).[4]

33. It is more likely than not that, if plaintiffs prevail, they will seek substantial attorneys' fees. For example, in another lawsuit brought by the same attorneys against Disney under the Unruh Civil Rights Act, plaintiffs' counsel requested and received $1.4 million in attorneys' fees as part of a settlement. In that case, *Shields v. Walt Disney Parks & Resorts US, Inc.*, No. 10-cv-5810 (C.D. Cal.), plaintiffs represented a class of visually impaired guests who had visited Disney amusement parks. *See generally Shields*, Dkt. No. 1. As here, the plaintiffs

---

[4] "When assessing the amount in controversy, the court considers the amount of attorneys' fees to be accrued throughout the entirety of the litigation." *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012). "The Court can use its discretion to determine, within its own experience, that an award of attorneys' fees alone will satisfy the amount in controversy requirement." *Id.*

complained of a lack of accommodation under the Unruh Civil Rights Act. *Id.* Disney, which expressly denied any liability, settled the case and plaintiffs sought and received court approval of the attorneys' fee award.

34. To support their fee request in *Shields*, plaintiffs' counsel submitted lodestar calculations of their work on the matter which came out to $1.75 million, and the parties' settlement capped attorneys' fees and costs at $1.55 million, of which $1.4 million was for attorneys' fees exclusive of costs. *Id.*, Dkt. No. 215 at 6. Plaintiffs' counsel represented to the court in *Shields* that the hours set forth in their lodestar calculation were reasonable because counsel "conducted extensive and critical investigation and research, including retaining consultants including a website accessibility expert, interviewing class members and potential class members, and investigating the history and present Disney parks for accessibility issues." *Id.* at 11.

35. This case will be at least as complex and time-consuming as *Shields*, if not more. Instead of litigating the claims of three representative plaintiffs on behalf of absent class members, this case involves 55 individual plaintiffs asserting 140 separate claims for relief. Indeed, plaintiffs' 421-page, 1,658-paragraph complaint demonstrates the complexity of this action. Litigating this case will involve at least the same amount of time spent on investigation, experts, written discovery, depositions and briefing, not to mention time actually trying this case, which was not included in the *Shields* lodestar because that case settled.

36. Other cases involving allegations of discrimination under the Unruh Civil Rights Act and the Americans with Disabilities Act also demonstrate the large attorneys' fee awards that such cases may generate. *See, e.g.*, *Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1085 (N.D. Cal. 2010) (awarding $92,000 in attorneys' fees in case involving a visually disabled patron against a restaurant); *Bancroft v. Trizechahn Corp.*, 2006 WL 5878143 (C.D. Cal. Jan. 17, 2006) (awarding

$149,622.15 in attorneys' fees involving two plaintiffs with disabilities who alleged they were denied full and equal access to the Kodak Theater).

37. Thus, in similar cases, courts have awarded large sums in attorneys' fees to successful plaintiffs which, by itself, would easily exceed the $75,000 jurisdictional requirement.

38. Based on the foregoing it is more likely than not that at least one plaintiff's claims for alleged violation of the Unruh Act, emotional distress, recovery of travel costs and out-of-pocket expenses, statutory attorneys' fees, and punitive damages exceed $75,000, exclusive of interest and costs.[5]  Indeed, it is more likely than not that most if not all of the plaintiffs satisfy this amount in controversy threshold.  Accordingly, the amount in controversy requirement is satisfied, and not by a small margin.

## IV.   Removal is Proper

39. In light of the foregoing, this action may be removed to this Court in accordance with 28 U.S.C. §1441(a) and (b) because:  (i) this action is pending within the jurisdiction of the United States District Court for the Central District of California; (ii) this action is between citizens of different states; and (iii) the amount-in-controversy exceeds $75,000, exclusive of interest and costs.

40. This action is therefore properly removed to this Court from the Superior Court of the State of California for the County of Los Angeles.

## V.   Reservation of Rights

41. Nothing in this notice of removal or in the supporting declaration is intended to waive any defense or affirmative right that Disney has or may have against plaintiffs or any of the allegations set forth in their complaint.

---

[5] In a multi-plaintiff suit, only one plaintiff must meet the amount-in-controversy requirement to establish diversity jurisdiction.  *See Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 566-67 (2005).

42. If any question should arise concerning the propriety of the removal of this action, Disney requests the opportunity to brief and otherwise address any disputed question that this action is removable.

## VI. Conclusion

43. For all of the foregoing reasons, Disney removes this action from the Superior Court of the State of California for the County of Los Angeles to this Court.

Dated: July 15, 2015

Respectfully submitted,

KAYE SCHOLER LLP

By: /s/Rhonda Trotter
Rhonda Trotter

Attorneys for Defendant Walt Disney Parks and Resorts U.S., Inc.