**McDERMOTT WILL & EMERY LLP**
CHRIS C. SCHEITHAUER (SBN 184798)
cscheithauer@mwe.com
2049 Century Park East, Suite 3800
Los Angeles, California 90067-3218
Telephone: +1 310 277 4110
Facsimile: +1 310 277 4730

KERRY ALAN SCANLON (admitted pro hac vice)
kscanlon@mwe.com
JEREMY M. WHITE (admitted pro hac vice)
jmwhite@mwe.com
The McDermott Building
500 North Capitol Street, Northwest
Washington, D.C. 20001
Telephone: +1 202 756 8000
Facsimile: +1 202 785 8087

Attorneys for Defendant Walt Disney Parks and Resorts U.S., Inc.


Andy Dogali (admitted pro hac vice)
Email address: adogali@dogalilaw.com
Dogali Law Group, P.A.
101 E. Kennedy Blvd., Suite 1100
Tampa, Florida 33602
Telephone: (813) 289-0700
Facsimile: (813) 289-9435

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| T. P., by and through S.P., as Next Friend, Parent and Natural Guardian, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>WALT DISNEY PARKS AND RESORTS US, INC.,<br><br>Defendant. | Case No. 2:15-cv-05346-R-E<br><br>**STIPULATION AND PROTECTIVE ORDER** |

## STIPULATED PROTECTIVE ORDER

It is hereby stipulated and agreed by, between and among plaintiff T.P., by and through S.P., and the other named plaintiffs (collectively referred to as "the Plaintiffs") in Case No. 2:15-cv-05346-R-E ("the Action") and their Counsel, Dogali Law Group, P.A. and Arias Sanguinetti Stahle & Torrijos, LLP, on the one hand, and Walt Disney Parks and Resorts U.S., Inc., and its Counsel, McDermott Will & Emery LLP ("Defendant") on the other hand (collectively, "parties") that all documents produced and information disclosed in these actions shall be governed in accordance with this Stipulation of Confidentiality (the "Stipulation").

WHEREAS, the documents to be produced by the parties may contain confidential information that justifies protection under Fed. R. Civ. P. 26(c); and

NOW, THEREFORE, the parties hereto, as of the 11th day of August, 2016, hereby stipulate and agree that the following terms and conditions shall govern the treatment of all documents produced and information disclosed in the Action (including any appeals):

1. All documents, testimony, interrogatory responses and other information disclosed in this action by the parties to this action (collectively, "Discovery Information"), shall be handled in accordance with this Stipulation.

2. For the purpose of this Stipulation, Discovery Information designated as "Confidential" means any information, documents, or part thereof which

-2- STIPULATION AND PROTECTIVE ORDER

Counsel is producing (or any deposition testimony) that the disclosing party believes in good faith to contain or reflect trade secrets, proprietary information, confidential business information (including, but not limited to operating guidelines, cast member reference guides, cast member training guides, wait time reports, and similar internal documents), or protected medical information of the plaintiffs. Any Discovery Information containing, regarding, referring or relating to: (a) the names, contact information and medical information of non-plaintiff guests; (b) financial or cost information relating to disability-related improvements and upgrades; (c) research and development of the MyMagic+ system or MagicBands; (d) other technology-related documents; and (e) attendance numbers for any of Disney's theme parks, may be designated as "Highly Confidential." By entering into this Stipulation, a party does not agree or stipulate that such categories of Discovery Information as may be designated as "Highly Confidential" are subject or entitled to protection from disclosure under the law. The scope of this Stipulation shall also be understood to encompass not only those items or things that are expressly designated as "Confidential" or "Highly Confidential" but may include any information derived therefrom, and all copies, excerpts, and summaries of the information, as well as deposition testimony derived from such information.

3. Any Discovery Information produced in this action may be designated "Confidential" or "Highly Confidential" by stamping each page of the document

with such designation or by separate written notification that the Discovery Information, or portions thereof, is "Confidential" or "Highly Confidential" within thirty (30) days after production of same. All Discovery Information produced shall be treated as if designated "Confidential" or "Highly Confidential" during the initial thirty (30) day period following production.

4. Any Discovery Information designated "Confidential" or "Highly Confidential" shall be treated in a strictly confidential manner and shall be disclosed only pursuant to the terms of this Stipulation. In addition, any Discovery Information designated "Confidential" or "Highly Confidential" shall be used only for the purposes of the Action and for no other purpose whatsoever, and shall not be disclosed to anyone except in accordance with the terms of this Stipulation.

5. In the event that a party wishes to use any Discovery Information designated "Confidential" or "Highly Confidential" in or as an exhibit to any affidavit, brief, memorandum of law, deposition transcript or other paper filed with the Court in the Action, the document shall be filed as set forth in Local Rule 79-5. For the avoidance of doubt, the parties agree to treat Discovery Information designated by another as "Confidential" or "Highly Confidential" pursuant to this Stipulation in the same manner as "information previously designated by another pursuant to a protective order" as that term is used in Local Rule 79-5(b). Pursuant to the meet and confer process contemplated in Local Rule 79-5(b), the disclosing

party may request that the specific information which is protected shall be redacted or may agree that when filing any "Confidential" document containing protected medical information, the filing party may instead redact all identifying information (e.g., name, contact information, birth date and social security number) and replace the individual's name with their initials. The party that designated the material as Confidential or Highly Confidential shall provide any proposed redactions within two (2) days of receiving notice that the party seeking to introduce the information intends to file Confidential or Highly Confidential information with the Court. Once the designating party has either provided redactions or notified the party seeking to introduce the information that the entire document is confidential, the meet and confer provisions of Civil Local Rule 79-5 shall be deemed satisfied by the parties. The Filing Party, as defined in Civil Local Rule 78-5, may then file the Application pursuant to subsection (a), with the supporting declaration limited to identifying the material previously designated as confidential, the Designating Party, and the efforts made to resolve the issue. The Designating Party then must file the declaration required by Civil Local Rule 79-5.2.2(b)(ii). The party seeking to introduce the Confidential or Highly Confidential information agrees not to oppose the entry of an Order sealing such information. The party that designated the information as Confidential or Highly Confidential shall be solely responsible for making the arguments to the Court as set forth in Civil Local Rule 79-5 as to

why such information is entitled to be sealed. In the event that the Court denies a motion to seal filed pursuant to this Stipulation, the parties stipulate that such denial shall constitute a determination that the information shall not be entitled to treatment as Confidential or Highly Confidential Discovery Information pursuant to this Stipulation. The procedures set forth herein are subject to the decisions of the Ninth Circuit Court of Appeals and the Local Rules of the Central District of California.

6. Each person to whom any Discovery Information designated "Confidential" or "Highly Confidential" is to be disclosed pursuant to Paragraphs 8 and 9 hereof shall be provided with a copy of this Stipulation prior to such disclosure.

7. Discovery Information designated "Confidential" or "Highly Confidential" shall be provided only to the receiving party's counsel (including counsel's staff). Such Discovery Information may then be disclosed by the receiving party's counsel to "Qualified Recipients" as defined in Paragraphs 8 and 9 hereof, subject to the restrictions contained in this Stipulation.

8. The following are "Qualified Recipients" of Discovery Information designated "Confidential":

    (a) the Plaintiffs , and in the case of the Defendant, this includes any employees, agents, counsel, attorneys and other

-6-    STIPULATION AND PROTECTIVE ORDER

representatives of Walt Disney Parks and Resorts U.S., Inc. or any parent, subsidiary or affiliated entities of Walt Disney Parks and Resorts U.S., Inc., who are assisting in the Action;

    (b)    counsel for the named parties to this action (including counsel's staff);

    (c)    any independent experts or litigation consultants retained by the named parties to assist in this action; and

    (d)    the Court, Court personnel and court reporters.

No person having access to any "Confidential" Discovery Information shall disclose in any manner its contents to any person other than to those persons specifically identified in Paragraphs 8(a) through 8(d) above, and no such disclosure shall be made for any purpose other than those specified in this Stipulation.

9. The following are "Qualified Recipients" of Discovery Information designated "Highly Confidential":

    (a)    counsel for the named parties to this action (including counsel's staff);

    (b)    any independent experts or litigation consultants retained by the named parties to assist in this action; and

    (c)    the Court, Court personnel and court reporters.

No person having access to any "Highly Confidential" Discovery Information shall disclose in any manner its contents to any person other than to those persons specifically identified in Paragraphs 9(a) through 9(c) above, and no such disclosure shall be made for any purpose other than those specified in this Stipulation.

10. Any third party producing Discovery Information voluntarily or pursuant to a subpoena or a court order may designate such Discovery Information in the same manner and shall receive the same level of protection under this Stipulation as any party to this action. A third party's use of this Stipulation to protect its confidential information does not entitle that third party to gain access to "Confidential" or "Highly Confidential" Discovery Information produced by any party or other third party in this action.

11. In addition to the "Qualified Recipients" listed in Paragraphs 8 and 9, if counsel of record determines that it is necessary to disclose "Confidential" or "Highly Confidential" Discovery Information to any other person in connection with this action, counsel wishing to make such disclosure shall obtain approval from the other party by giving written notice to the designating party specifically identifying the Discovery Information for which disclosure is sought and the name and affiliation of the person to whom the material is to be disclosed. If no agreement as to the propriety of disclosure is reached, the party wishing to make

-8- STIPULATION AND PROTECTIVE ORDER

such disclosure shall serve a letter requesting a meet and confer on the dispute pursuant to Local Rule 37-1. Thereafter, the dispute shall be resolved in the manner contemplated under Local Rule 37.

12. No party concedes that any information designated by any other person as "Confidential" or "Highly Confidential" does in fact contain or reflect confidential information as defined herein. A party shall not be obliged to challenge the proprietary of the designation of information as confidential information at the time made, and failure to do so shall not preclude a subsequent challenge thereof whether during the pendency of the Action or afterwards. If, during the pendency of the Action, any party wishes to object to any such designations, the following procedure shall apply:

(a) A party objecting to the designation of information as "Confidential" or "Highly Confidential" must so notify counsel for the disclosing party no later than 60 days after such document is produced or designated by the Disclosing Party. ;

(b) Within fourteen (14) calendar days of receipt of such notice of objection, counsel for the disclosing party may respond in writing to any such notification by either: (i) withdrawing such designation; or (ii) stating that it refused to do so and the reasons for its refusal; and

-9-    STIPULATION AND PROTECTIVE ORDER

(c) If the objection cannot expeditiously and informally be resolved, the objecting party may apply pursuant to the procedures of Local Rule 37 for an appropriate ruling from the Court determining whether cause has been shown for removing any such designation. The designated information at issue shall continue to be treated as confidential information as designated until the Court orders otherwise.

13. Inadvertent failure to designate Discovery Information as "Confidential" or "Highly Confidential" at the time of production may be remedied by means of supplemental written notice and the provision of copies of properly stamped documents. However, should a receiving party disclose any document furnished to it in the period between the document's disclosure to the receiving party and the time the document is designated as "Confidential" or "Highly Confidential" by the producing party, no violation of this Stipulation shall result. Upon receipt of such notice, the Parties shall treat all documents, materials or testimony so designated pursuant to the terms of this Stipulation. If a party discloses or has disclosed "Confidential" or "Highly Confidential" Discovery Information to a non-party, the disclosing party shall, as soon as reasonably possible: (a) provide the producing party with written notice of the disclosure; (b) provide the non-party with written notice that the information disclosed was

confidential; and (c) seek, and use its best efforts, to ensure the return or destruction of all "Confidential" or "Highly Confidential" Discovery Information that was disclosed to the non-party.

14. In the event that the designating party inadvertently fails to stamp or otherwise designate Discovery Information as "Confidential" or "Highly Confidential" at the time of its disclosure, the designating party shall not be deemed to have waived its right to designate the Discovery Information as "Confidential" or "Highly Confidential." Any inadvertent or unintentional disclosure shall not preclude the producing party from later designating such information as "Confidential" or "Highly Confidential," provided that it shall not be considered a violation of this Stipulation to disclose such undesignated Discovery Information any time prior to the producing party's designation of such information as "Confidential" or "Highly Confidential."

15. The parties agree that pursuant to Federal Rule of Evidence 502(d) and (e), the inadvertent disclosure of any document that is subject to a legitimate claim that the document is subject to the attorney-client privilege or the work-product protection shall not waive the protection or the privilege for either that document or for the subject matter of that document. Any party that receives such materials shall, upon written request or upon learning that such materials are subject to a

-11-  STIPULATION AND PROTECTIVE ORDER

claim of privilege, immediately return such materials and all copies therefore to the party that produced them, or have them destroyed at that party's option.

16. The completion of discovery in the Action shall not relieve a party from its obligations under this Stipulation. The Court shall retain jurisdiction after such completion for the purposes of any application to modify or enforce the provisions of this Stipulation.

17. Subject to the Court's rules and procedures, this Stipulation shall not restrict in any manner the right of any party to offer or use as evidence at the trial of this action any of the Discovery Information designated "Confidential" or "Highly Confidential" which is subject to this Stipulation. To the extent any party seeks to keep and maintain the confidentiality of such material at trial, such party may, in advance of trial, apply to the Court for such treatment along with a showing of good cause. No party shall argue, question, or imply in any way, before a jury or other trier of fact, that the designation of any material as "Confidential" or "Highly Confidential" under this Stipulation is improper or suspicious or that any adverse inferences may be drawn from such designation. Nothing in this Stipulation shall be construed to affect the evidentiary admissibility or inadmissibility of any Discovery Information designated "Confidential" or "Highly Confidential."

18. At the conclusion of the Action (including any appeal), all Discovery Information designated "Confidential" or "Highly Confidential," as well as any

-12- STIPULATION AND PROTECTIVE ORDER

copies, excerpts or summaries thereof (other than its own confidential information), shall be returned to the producing or disclosing party. Counsel of record for any party receiving Discovery Information designated "Confidential" or "Highly Confidential" shall certify within 30 days of the conclusion of the Action to counsel for the producing or disclosing party that the provisions of this paragraph have been complied with. The provisions of this Stipulation shall not terminate with the disposition of this action.

19. If a party in possession of Discovery Information designated "Confidential" or "Highly Confidential" is served with a subpoena, demand or request for production of such information from a court, administrative, legislative or other governmental body, or from any other person purporting to have authority to subpoena, demand or request such information, the recipient shall give immediate written notice of the subpoena, demand, or request (including the delivery of a copy thereof) to the attorneys for the producing or disclosing party. In the event that a subpoena, demand or request purports to require production of such Discovery Information on less than ten (10) days notice, the party to whom the subpoena, demand or request is directed shall give prompt telephonic notice of the receipt of such subpoena, demand or request, and transmit a copy thereof by e-mail, telecopier or for next-day delivery, to the attorneys for the producing or disclosing party.

-13- STIPULATION AND PROTECTIVE ORDER

20. The parties declare that they fully understand the terms and conditions of this Stipulation. The parties acknowledge that they understand the Stipulation and have, of their own free will, without coercion, agreed to the terms hereof. The parties further acknowledge that this Stipulation is a joint product and shall not be construed for or against any party on the ground of sole authorship.

21. This is the whole agreement between the parties in effect in this case, and merges all prior discussions and negotiations between them. The parties acknowledge that they are not relying on any promises or oral or written statements or representations other than those in this Stipulation.

22. This Stipulation may be modified by a writing signed by the parties. Nothing in this Stipulation is intended to modify any pre-existing Stipulation previously entered into by any party or third party.

23. If any provision or term of this Stipulation should be determined to be or rendered invalid or unenforceable, all other provisions and terms of this Stipulation and the application thereof to all parties and circumstances subject thereto shall remain unaffected to the extent permitted by law.

24. This Stipulation may be executed in two or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same agreement. The parties agree to be bound by this Stipulation pending its entry by the Court.

25. This Stipulation shall be governed by and construed in accordance with the laws of the State of California.

**AGREED AND ACCEPTED BY:**

| FOR THE PLAINTIFFS: | FOR THE DEFENDANT: |
|---|---|
| /s/ Andy Dogali | /s/ Kerry Alan Scanlon |
| Andy Dogali | Kerry Alan Scanlon |
| Dogali Law Group, P.A. | McDermott Will & Emery LLP |
| *Counsel for Plaintiffs* | *Counsel for Defendant Walt Disney Parks and Resorts U.S., Inc.* |
| Date: August 16, 2016 | Date: August 16, 2016 |

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

## **ORDER**

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED THAT THE PROTECTIVE ORDER SET FORTH ABOVE IS HEREBY ADOPTED AND ENTERED AS AN ORDER OF THIS COURT.**

Dated: August 19, 2016.   By: _____

Hon. Manuel L. Real
UNITED STATES DISTRICT JUDGE