# Exhibit 1-W

Evidence Packet in Support of Defendant's Motions for Summary Judgment

U.S.D.C., Central District of California, Case No.: 2:15-cv-05346-CJC-E

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL



**Dynamic Behavior Consulting**

Lindsay Rice, MA BCBA
Ph: 708-271-3478
Fx: 708-532-9403
dynamicbehavior@gmail.com

## Job Placement Observation Report

Attention: ▮▮▮ nd ▮▮▮

Client ▮▮▮
Date of Birth: u/k
Age: 19-years old
Date of Observation: May 11, 2011
Date of Report: June 2, 2011

**Background Information**
Lindsay Rice, MA BCBA provided an initial in home consultation to the ▮▮▮ family, with specific regard to ▮▮▮. The primary purpose of the meeting was to discuss areas in which behavioral analytic services may benefit ▮▮▮ his pursuit of independence, self-management, social skills, as well as plans to support an appropriate transition to future academic placement. . He is currently a 5th year senior in the regular education program at ▮▮▮.

▮▮▮ as present for the initial meeting and was extremely vocal in expressing his current frustrations in general regarding all environments, as well as area he would like support. ▮▮▮ poke very intelligibly, and articulated his strong desire to make vast improvements in our society and environment

Following the initial in home consultation, guardians requested for this writer to perform an observation of ▮▮▮ile at his current job placement, ▮▮▮ He has been placed at ▮▮▮ where he currently works, unpaid, the three (3) days a week for approximately one (1) hour per day. It was reported that his typical responsibilities are tasks regarding building maintenance.

**Observation Findings**
During an observation on May 11, 2011 at the ▮▮▮ Ms. Sheryl Judge (job coach), and Ms. Molly Johnson (case manager/SLP) were in attendance throughout the entire 1.25 hour observation from 9am – 10:15am. Upon arrival, Ms. Judge and Ms. Johnson followed ▮▮▮ s he punched in at the time clock and attempted to locate an individual, Jeff, to get a key to the nature center. After locating the key and walking to the nature cente ▮▮▮ athered some cleaning supplies from a closet. Ms. Judge asked him what he was going to do that day and ▮▮▮ eplied with, "tables and windows." ▮▮▮ en proceeded to wipe two (2) of approximately eight (8) tables and walked outside. The remaining tables were not cleaned. The job coach did not take any steps to intervene, redirect, or prompt ▮▮▮ complete cleaning the tables at any time.

Once outside ▮▮▮ egan to wash the exterior windows of the greenhouse with window cleaner and paper towels. When asked, Ms. Judge explained that this was a typical workday (aside from Ms. Johnson's and my presence) and that his job duties were dependent on the day of the week. She explained that

CONFIDENTIAL     FOR ID 12-3-19   EXHIBIT 23 DM     3P-VJB-000106

Evidence Packet P.0439

Mondays he was responsible for cleaning the floors in the nature center, Wednesdays he would wipe the tables and clean the greenhouse windows, and Fridays were designated as outdoor maintenance tasks.

The task being designated by the day of the week was the only structure observed. ▮ chose the order in which he completed the tasks for the day; furthermore, there was little to no interaction from either Ms. Judge or Ms. Johnson. ▮ had sole discretion in what he did; for example, he cleaned two (2) tables then walked outside and began cleaning the greenhouse windows in no particular order. It would have been an appropriate time for teaching to occur and for the job coach to prompt ▮ to complete the job duty prior to moving to the next task. He began in a random spot of the building and worked his way back towards the door to go inside. Once he reached the door, he decided he was done and ready to move to the other side of the greenhouse despite not having completed all windows on the current side. The same occurred on the second side of the greenhouse. The third, and final, side of the greenhouse with windows was never cleaned as ▮ d he was done and time had expired. Redirection to complete the windows by the job coach was not observed.

▮ leaned the windows meticulously and would often inappropriately perseverate on a specific window or spot washing where it was observed that he would wash the same area up to five (5) times without comment or redirection from Ms. Judge. He also went inside the greenhouse to get specific spots off the window; however, this was not necessary and likely a function of perfection seeking.

▮ functioned primarily independently throughout the entire observation. There was little to no guidance from his job coach observed. In my opinion, this was to a fault, rather than a positive aspect of the observation as it is likely that ▮ would benefit from guidance in job expectations, how much of a task needs to be completed (i.e.: all windows, 2 sides, etc.), time management of job tasks, social praise and encouragement when necessary, redirection for off-task behavior, and protocol for inappropriate behaviors. Observation findings suggest there are many teaching opportunities being wasted and not being taken advantage of at ▮ expense. There are clear deficits in his job skills that are not being addressed; furthermore without immediate action are going to continue to hinder ▮ progress towards future independence.

Inappropriate behaviors observed included: self-talk while cleaning windows, non-compliance in the form of ignoring others who attempt to speak to him, sitting on the ground in the landscaping when working, and frequent trips to the water fountain and bathroom. Content of the self-talk is unknown, as it could not be audibly heard from a distance of approximately 15ft. The excessive trips to the water fountain and bathroom were likely due to an escape maintained function, based on this short observation; however, a more in depth functional assessment would need to be completed in order to determine actual maintaining function.

During the observation, it was not observed that ▮ is not receiving any form of teaching while on the job from the job coach. Observation findings suggest there were more appropriate and efficient ways to fulfill his job duties; however, at no time was he provided any form of redirection, guidance or feedback. These components are essential to shape ▮ behavior and teach him the necessary skills. If he is allowed to repeatedly perform tasks insufficiently, incorrectly, or not in a timely manner how can he be expected to perform these tasks, or similar tasks, in future job placement.

There was no observed data being collected by either the job coach or case manager; additionally, there was no form of goals or monitoring system were in place. It was accepted that ▮ complete his job without any form of achievement or motivation and no standard was set. He showed that he was taught to do the bare minimum to pass the time and this is clearly an inappropriate behavior.

CONFIDENTIAL

3P-VJB-000107

Evidence Packet P.0440

**Recommendations**

Based on the observation findings, ▇ would likely benefit from clearly outlined expectations for his job duties, assistance in time management of job duties, feedback on performance of job duties, etc. Performance monitoring data and quality assurance standards need to be put into place to help facilitate self-management skills for ▇ These systems are also essential to ensure ▇ an confidently and accurately identify the skills necessary to complete a job independently, and if there is any area of confusion teaching from the job coach should immediately take place. Currently ▇ is allowed to find ways to pass the time as he sees fit regardless of accuracy to the job duties.

Any job coach needs to be able to demonstrate instructional control to be able to teach ▇ the skills that are essential to his future success of independent employment. This was not demonstrated. The few occasions the job coach attempted to talk to ▇ he continued to engage in self-talk and ignored her comments. This was not redirected nor was a response from ▇ required. This is teaching ▇ that when he does not like what you have to say or are asking him to do that he should just ignore you and you will go away. This is clearly not an effective life skill, and is in direct contradiction of communication skills that he will require for future employment.

Also, ▇ oes not appropriately attend to others socially. He is selective in making appropriate eye contact and will often demonstrate inappropriate body posture, for example by turning away when being asked a question. This is socially unacceptable and will likely lead to difficulty in future employment opportunities.

The opportunity to further develop social skills is also absent. Social skills are necessary for the independence that ▇ s quite capable of in the near future. He was not required to engage socially with his job coach or any other individual at th ▇ Many opportunities to improve social skills were available and not maximized. Socialization with both peers and authority are essential to ▇ success and development.

The content of the job duties did not provide any motivation for ▇ He is a very intelligent individual with many interests he would like to peruse; however, he expressed frustration that his interests were not considered in the choosing of his job placement. Motivation is a key component for any individual and should absolutely be taken into consideration when programming for job placement.

Other barriers to his success observed were self-talk and obsessive behaviors. Both behaviors were observed throughout the observation and at no time did the job coach or the case manager address them. Theses inappropriate behaviors are clearly more motivating than his job duties and occur and inappropriate rates. There were no attempts to redirect or teach ▇ more socially appropriate replacement behaviors. Further data collection regarding these behaviors is necessary.

When asked about his job, ▇ expressed that he finds the work boring and meaningless to his interests. He also expressed frustration for not receiving any monetary compensation for his work.

Lindsay Rice, MA BCBA
Board Certified Behavior Analyst