ANDY DOGALI (admitted *pro hac vice*)
adogali@dogalilaw.com
Dogali Law Group, P.A.
19321 US Hwy 19 North, Suite 307
Clearwater, Florida 33764
Tel:   (813) 289-0700

EUGENE FELDMAN (CA Bar No. 118497)
Eugene@aswtlawyers.com
Arias, Sanguinetti, Wang & Torrijos, LLP
6701 Center Drive West, Suite 1400
Los Angeles, CA  90045
Telephone: (310) 844-9696

JENNIFER A. LENZE (CA Bar No.: 246858)
jlenze@lenzelawyers.com
1300 Highland Ave. Suite 207
Manhattan Beach, CA 90266
Telephone (310) 322-8800
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **T.P., et al.,** | Case No.: 15-cv-5346-CJC-E |
| **Plaintiffs,** | **PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO FILE OPPOSITIONS TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** |
| v. | |
| **WALT DISNEY PARKS AND RESORTS U.S. INC.,** | **Hon. Cormac J. Carney** |
| **Defendant.** | **Date:   November 9, 2020[1]** |
| | **Time: 1:30 p.m.** |

---

[1] This motion seeks amendment of this date.

Page 1

Plaintiffs V.J.B., S.L.B., Y.Z., M.Y.R., J.L.C., and K.A.C., by and through their undersigned counsel, move this Court for an extension of time to respond to Defendant Walt Disney Parks and Resorts U.S., Inc.'s three motions for summary judgment filed October 9, 2020. Docs. 435, 436, 437.

**A.   Procedural Background**

1. On August 14, 2020, Defendant filed a motion to lift the stay that was previously entered in this case, to allow for the filing of updated motions for summary judgment. Doc. 428. Plaintiffs suggested that if the stay were to be lifted at all, the lifting should be more broad. Doc. 430.

2. On September 9, 2020, the Court granted the motion to lift stay to the extent that Defendant would be permitted to file its updated motions for summary judgment. The Court's Order required Defendant to file its motions on or before October 9, 2020. Doc. 432.

3. On Friday, October 9, 2020, Disney timely filed the motions for summary judgment relating to the claims of V.J.B. and S.L.B. (Doc. 435), J.L.C. and K.A.C. (Doc. 436), and Y.Z. M.Y.R. (Doc. 437).

4. Each of Disney's three motions takes the form of a combined Notice of Motion and Motion for Summary Judgment, with the caption of each motion providing a hearing date of Monday, November 9, 2020.

5. Applying the Court's Local Rule 7-9, the hearing date chosen by Disney created a filing deadline for Plaintiffs' oppositions to the motion of Monday, October 19, 2020.

**B.   The Missed Deadline**

6. When the undersigned Plaintiffs' counsel received the electronically-served motions, no response deadline was calendared. Plaintiffs' counsel has systems in place that have been historically reliable for calendaring due dates and deadlines. Unfortunately, in this instance, the systems failed. See Declaration of Andy Dogali in Support of Motion for Extension of Time to File Oppositions to

Page 2

**PLAINTIFFS' MOTION FOR EXTENSION OF TIME**
*T.P., et al. v. Walt Disney Parks & Resorts US, Inc.*        Case No. 15-CV-5346-CJC-E

Plaintiffs' Motions for Summary Judgment, filed contemporaneously with this Motion. Dogali Decl., at 9-12.

7. Plaintiffs' counsel's failure to calendar and meet the filing deadline was inadvertent, and was not the result, in whole or in part, of any desire to create delay. Nor was the failure the result of any recklessness, willfulness, or gross neglect on the part of counsel. Dogali Decl., at 9-12, 15.

8. On Tuesday, October 20, 2020, Defendant's counsel notified the undersigned and advised that the deadline was missed. Later that day, Plaintiffs' counsel responded by explaining that a calendaring lapse had occurred. Plaintiffs' counsel requested Defendant's consent to a two-week extension which was refused, and later, conceptually, to a one-week extension, which was refused. Defendant advised that it would not oppose a four-day extension to Friday, October 23, so long as the Defendant's response time and the hearing date were each postponed one week. Dogali Decl., at 13.

9. Responding to the motions within the Court's customary 14-day time would have been difficult from the outset, given the magnitude of Disney's filings, which include the three motions, their accompanying statements of allegedly uncontroverted facts, and 59 voluminous exhibits. Docs. 433-1 through 433-59. In any event, Plaintiffs' counsel cannot complete the oppositions in four days, or even seven days, in light of the extent of the communications that are needed with the clients, including the creation and signing of declarations. The three client families are of diverse backgrounds and are located in the Chicago, Dallas, and San Francisco metropolitan areas. Dogali Decl., at 14.

10. Plaintiffs ask for a two-week extension of the time to file their oppositions, until November 2, 2020. To otherwise allow for compliance with the Court's Local Rules regarding briefing and hearings, the Notice of Motion date would require a corresponding adjustment, from November 9, 2020 to November 23, 2020.

Page 3

**PLAINTIFFS' MOTION FOR EXTENSION OF TIME**
*T.P., et al. v. Walt Disney Parks & Resorts US, Inc.*     Case No. 15-CV-5346-CJC-E

11.     It would be particularly unfortunate for these Plaintiffs to suffer prejudice due to their attorney's neglect. These Plaintiffs are "bellwether" plaintiffs, so that the disposition of their claims is intended to be illuminating for the remaining claimants. To dispose of their substantive claims by summary judgment due to a purely procedural lapse would undermine the capacity of these claims to serve as "bellwethers" for any purpose.

12.     Defendant would not be prejudiced by entry of an Order granting the requested relief. Especially in light of the fact that all other activity in the cases is stayed, no other time constraints or deadlines are in place.

## C.     The Court Should Grant the Requested Relief

13.     The Ninth Circuit has outlined the factors to be weighed by this Court in its consideration of Plaintiffs' motion: "(1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

14.     In *Armstrong v. Hartford Life & Acc. Ins. Co.*, 2014 WL 4163808, *2 (E.D. Cal. 2014), the plaintiff's counsel missed the deadline to oppose the defendant's motion for summary judgment because he forgot to calendar the deadline. The court reasoned that "Defendant has suffered little prejudice, if any, from the delay" and Plaintiff's counsel had "not demonstrated a 'repeated failure to comply with the local rules' that would result in a finding of bad faith." *Id.*, citing *Radcliffe v. JPMorgan Chase Bank NA*, 561 F. App'x 622, 623 (9th Cir. 2014). The court further noted "because Plaintiff's counsel's failure to timely oppose Defendant's Motion was due to his counsel's admitted negligence and carelessness, the Court finds that these factors, on balance, weigh slightly in Plaintiff's favor." *Id* at *3,* citing *Pioneer Ins. Servs. Co.*, 507 U.S. at 388 ("excusable neglect includes

Page 4

**PLAINTIFFS' MOTION FOR EXTENSION OF TIME**
*T.P., et al. v. Walt Disney Parks & Resorts US, Inc.*          Case No. 15-CV-5346-CJC-E

not only 'faultless omissions to act' but also 'more commonly, omissions caused by carelessness'").

15.  In *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000), the plaintiff failed to respond to a motion for summary judgment. After the motion was granted, he filed a relief from judgment motion. The court reasoned that while the delay was slightly longer than two-weeks, it was still not long enough to justify denying relief. *Id.* "Moreover, discovery had only [recently closed] and there is no evidence that the trial would have been postponed for an inordinate amount of time." *Id.* The court found that the motion should be granted as there is no evidence of prejudice or that counsel acted in bad faith and "[h]is errors resulted from negligence and carelessness, not from deviousness or willfulness." *Id.*

16.  In *Uche-Uwakwe v. Shinseki*, 349 F. App'x 136, 137 (9th Cir. 2009), the district court was found to have "abused its discretion in concluding that [Plaintiff's] failure to timely file an opposition to the [Defendant's] motion for summary judgment was not excusable neglect . . . ." The court reasoned that Defendant "will suffer no prejudice beyond the loss of a quick victory." *Id.* at 138. Similarly, the opposition "was only thirteen days late – a minimal delay in light of three years of litigation." *Id.* The court further recognized that the motion should be granted when counsel is "remiss with respect to several local rules and deadlines" and a refusal to grant the motion "results in a one-sided adjudication of the merits." *Id.*

## D.  Conclusion

For the reasons outlined above, Plaintiffs respectfully ask this Court to extend their time for responding to Defendant's motions for summary judgment to a date no sooner than November 2, 2020.

.

Page 5

**PLAINTIFFS' MOTION FOR EXTENSION OF TIME**
*T.P., et al. v. Walt Disney Parks & Resorts US, Inc.*       Case No. 15-CV-5346-CJC-E

| | |
|---|---|
| Dated:  October 22, 2020 | **DOGALI LAW GROUP, P.A.** |
| | /s/ *Andy Dogali* |
| | Andy Dogali, Esq. |
| | Admitted *pro hac vice* |
| | Fla. Bar No.: 0615862 |
| | Barbara U. Uberoi, Esq. |
| | Cal. Bar No. 208389 |
| | 19321 U.S. Hwy. 19 N., Suite 307 |
| | Clearwater, FL 33764 |
| | (813) 289-0700 |
| | adogali@dogalilaw.com |
| | buberoi@dogalilaw.com |
| | |
| | Jennifer A. Lenze, Esq. |
| | CA Bar No.: 246858 |
| | jlenze@lenzelawyers.com |
| | Amanda D. McGee, Esq. |
| | CA Bar No.: 282034 |
| | mcgee@lenzelawyers.com |
| | Lenze Lawyers, PLC |
| | 1300 Highland Ave. Suite 207 |
| | Manhattan Beach, CA 90266 |
| | (310) 322-8800 |
| | |
| | Eugene Feldman, Esq. |
| | CA Bar No. 118497 |
| | Arias, Sanguinetti, |
| | Wang & Torrijos, LLP |
| | 6701 Center Drive West, Suite 1400 |
| | Los Angeles, CA  90045 |
| | (310) 844-9696 |
| | eugene@aswtlawyers.com |
| | |
| | *Attorneys for Plaintiffs* |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed and served

Page 6

**PLAINTIFFS' MOTION FOR EXTENSION OF TIME**
*T.P., et al. v. Walt Disney Parks & Resorts US, Inc.*       Case No. 15-CV-5346-CJC-E

on all counsel of record by way of the Court's CM/ECF filing system this 22nd day of October 2020.

/s/ *Andy Dogali*
Andy Dogali

Page 7

**PLAINTIFFS' MOTION FOR EXTENSION OF TIME**
*T.P., et al. v. Walt Disney Parks & Resorts US, Inc.*   Case No. 15-CV-5346-CJC-E