ANDY DOGALI (admitted *pro hac vice*)
adogali@dogalilaw.com
BARBARA U. UBEROI, ESQ. (CA Bar No. 208389)
buberoi@dogalilaw.com
Dogali Law Group, P.A.
19321 US Hwy 19 North, Suite 307
Clearwater, Florida 33764
(813) 289-0700

EUGENE FELDMAN (CA Bar No. 118497)
Eugene@aswtlawyers.com
Arias, Sanguinetti, Wang & Torrijos, LLP
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045
(310) 844-9696

JENNIFER A. LENZE (CA Bar No.: 246858)
jlenze@lenzelawyers.com
AMANDA D. McGEE (CA Bar No. 282034)
mcgee@lenzelawyers.com
1300 Highland Ave. Suite 207
Manhattan Beach, CA 90266
(310) 322-8800
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| T.P., et al., | Case No.: 15-cv-5346-R |
| Plaintiffs, | **DECLARATION OF ANDY DOGALI IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT** |
| v. | |
| WALT DISNEY PARKS AND RESORTS U.S. INC., | |
| Defendant. | Hon. Cormac J. Carney |
| | Hearing: November 9, 2020 |

Page 1

I, ANDY DOGALI, under penalty of perjury, provide the following declaration.

1. I am over the age of majority, and I am competent to make the statements contained in this Declaration.

2. The statements made in this Declaration are based upon my own personal knowledge or, where indicated, are based upon my review of the files and facts relating to this matter.

3. I am an attorney with the Dogali Law Group, P.A. I have been lead counsel for Plaintiffs in this action, and for dozens of similarly situated plaintiff and claimant families, for more than six years.

4. On September 9, 2020, the Court lifted the stay previously entered in this action, to the extent of permitting Disney to file "updated" motions for summary judgment. The motions were to be filed on or before October 9, 2020. Doc. 432.

5. On Friday, October 9, 2020, Disney timely filed the motions for summary judgment relating to the claims of V.J.B. and S.L.B. (Doc. 435), J.L.C. and K.A.C. (Doc. 436), and Y.Z. M.Y.R. (Doc. 437), with combined notices of motion setting a November 9, 2020 hearing date.

6. Under Local Rule 7-9, Plaintiffs' oppositions to the motions came due on Monday, October 19, 2020.

7. On Tuesday, October 20, 2020, I received an email from Defendant's counsel notifying me that the prior day's deadline was missed, and advising that if any opposition were not filed by the end of that day, Disney would seek entry of judgment by default due to the non-opposition.

8. Later that day I reviewed the facts relating to this matter, and met in my office with the members of my staff, to try to confirm that the deadline had in fact passed, and to determine how the situation had come about.

9. Upon confirming that the deadline had indeed passed, we were all mortified. It is difficult to tolerate this type of lapse in any case, and the present

Page 2

Declaration of Dogali in Support of Motion for Ext. of Time to File Opposition to Defendant's MSJs
T.P., et al. v. Walt Disney Parks & Resorts US, Inc.   Case no. 15-cv-5346-r

matter is not just any case. We value very highly our relationship with the approximately 75 families we represent, all of whom have always placed great trust and pride in our efforts, and in our commitment to their cause, which has included the investment of about 15,000 hours of attorney and paralegal time by my law firm alone.

10. When electronic filings occur in this case, at least two attorneys and two members of my staff receive copies of the e-filing. The two members of my staff are initially responsible for promptly seeing that any associated deadlines are calendared. As soon as practicable, the filed documents are uploaded into our case management system. The case management system fully integrates all our processes – calendaring, filing, document preparation and storage, timekeeping, email association, etc.

11. We determined that no calendar entries were created for the motions that arrived on October 9, which is strange. Try as we might, we have come up with no specific explanation for how this lapse occurred, other than human error.

12. Notwithstanding all the work that has gone into this case and the related cases, I do not recall any similar lapse having happened.

13. On October 20, 2020, after initially determining that no calendar entries had been created and the time for filing had expired, I responded to the email from defense counsel. I asked whether the Defendant could agree not to oppose a stipulation and/or order allowing two weeks to create and file the Plaintiffs' oppositions. The request was denied. I then considered the possibility of rescheduling a number of near-term activities to possibly allow for an even faster turnaround of one-week. This request was also denied. Disney advised that it would consent to an extension of no more than four days, to the expiration of the same business week, on Friday, October 23. Even if no other near-term activities existed, I could not complete the motion practice within the time frame proposed by Disney.

14. Significant time is required for the present motion practice because:

Page 3

Declaration of Dogali in Support of Motion for Ext. of Time to File Opposition to Defendant's MSJs
*T.P., et al. v. Walt Disney Parks & Resorts US, Inc.*   Case no. 15-cv-5346-r

- The filings are enormous in volume, encompassing the three motions, their accompanying statements of allegedly "uncontroverted" facts, and 59 voluminous exhibits. Docs. 433-1 through 433-59.
- Extensive communications with the clients are required. While the case was stayed, insubstantial communications with these clients occurred, as nothing was transpiring in their cases. The communications that are presently occurring include getting an update on the developments in each family in advance of creating declarations for signature and filing with the oppositions.
- The three client families are of diverse backgrounds and are located in the Chicago, Dallas, and San Francisco metropolitan areas.

15. This motion and the requested relief are not necessitated, in whole or in part, by any desire to delay this matter.

16. Try as I might, I can think of no prejudice that Disney might even conceivably suffer as a result of the granting of Plaintiffs' motion for extension of time.

17. It would be particularly unfortunate for these Plaintiffs to suffer prejudice due to my own neglect. They are wonderful people with a claim that near and dear to them and to me. In addition, these Plaintiffs are "bellwether" plaintiffs, so that the disposition of their claims is intended to be illuminating for the remaining claimants. To dispose of their substantive claims by summary judgment due to a purely procedural lapse would undermine the capacity of these claims to serve as "bellwethers" for any purpose.

On this the 22nd day of October, 2020, I declare under the penalty of perjury under the laws of the United States, the State of California, and the State of Florida, that the facts set forth above are true and accurate.

Page 4
Declaration of Dogali in Support of Motion for Ext. of Time to File Opposition to Defendant's MSJs
T.P., et al. v. Walt Disney Parks & Resorts US, Inc.   Case no. 15-cv-5346-r

_____
Andy Dogali

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed and served on all counsel of record by way of the Court's CM/ECF filing system this 22nd day of October 2020.

/s/ *Andy Dogali*
Andy Dogali

Page 5

Declaration of Dogali in Support of Motion for Ext. of Time to File Opposition to Defendant's MSJs
*T.P., et al. v. Walt Disney Parks & Resorts US, Inc.*   Case no. 15-cv-5346-r