1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DOGALI LAW GROUP, P.A.

# UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

T.P., et al.,                                   )
                                                )
                    Plaintiffs,                 )   Case No.: 15-cv-5346-CJC-E
                                                )
          v.                                    )
                                                )   Judge:  Hon. Cormac J. Carney
WALT   DISNEY   PARKS   AND                     )   Hearing Date:  May 3, 2021
RESORTS U.S. INC.,                              )   Time: 1:30 p.m.
                                                )   Courtroom: 9B
                    Defendant.                  )
_____/

## EVIDENCE IN SUPPORT OF PLAINTIFFS' OPPOSITIONS TO DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

# Exhibit "42"

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

*State of Florida*

# Florida Commission on Human Relations

*An Equal Opportunity Employer • Affirmative Action Employer*

**Rick Scott**
*Governor*

4075 Esplanade Way • Room 110 • Tallahassee, Florida 32399-7020
(850) 488-7082 / FAX: (850) 487-1007
http://fchr.state.fl.us
*United in One Goal: Equal Opportunity and Mutual Respect*

**Rebecca Steele**
*Chair*
**Michelle Wilson**
*Executive Director*

FCHR No. 201501700

▮▮▮▮▮▮▮▮▮▮                                                    **Complainant**

The Dogali Law Group, P.A.
101 East Kennedy Boulevard, Suite 110
Tampa, FL 33602

Walt Disney Parks and Resorts, US, Inc.                       **Respondent**
c/o Mr. Jim Bowden, Director of Employee Relations
Post Office Box 10000
Orlando, FL 32830

## DETERMINATION: REASONABLE CAUSE

Complainant filed a complaint of discrimination alleging that Respondent violated the Florida Civil Rights Act of 1992. The Florida Commission on Human Relations has completed its investigation of this matter.

Complainant was able to demonstrate that Complainant and Complainant's child were denied a reasonable accommodation in a place of public accommodation for the child's cognitive disability. Although Respondent provided an accommodation, it was a blanket accommodation that was supposed to apply to all cognitive disabilities. Respondent failed to consider the child's specific disability when offering a reasonable accommodation. Therefore, Complainant and Complainant's child were deprived of full enjoyment of the facility.

On the basis of the report from the Commission's Office of Employment Investigations and recommendation from the Commission's Office of General Counsel, pursuant to the authority delegated to me as Executive Director of the Florida Commission on Human Relations, I have determined that reasonable cause exists to believe that an unlawful practice occurred.

Michelle Wilson
Executive Director

Dated: May 11, 20 16

## COMMISSIONERS

| | | | |
|---|---|---|---|
| **Derick Daniel** | **Dr. Donna Elam** | **Tony Jenkins** | **Sandra Turner** |
| *Tallahassee* | *Orlando* | *Orlando* | *Winter Springs* |
| **Jay Pichard** | **Gilbert Singer** | **Billy Whitefox Stall** | **Rebecca Steele,** *Chair* |
| *Tallahassee* | *Tampa* | *Panama City* | *Jacksonville* |

**Exhibit 42**

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

# Florida Commission on Human Relations

*An Equal Opportunity Employer • Affirmative Action Employer*

**Rick Scott**
*Governor*

4075 Esplanade Way • Room 110 • Tallahassee, Florida 32399-7020
(850) 488-7082 / FAX: (850) 487-1007
http://fchr.state.fl.us
*United in One Goal: Equal Opportunity and Mutual Respect*

**Rebecca Steele**
*Chair*
**Michelle Wilson**
*Executive-Director*

FCHR No. 201501700

███████████████                                   **Complainant**

The Dogali Law Group, P.A.
101 East Kennedy Boulevard, Suite 110
Tampa, FL 33602

Walt Disney Parks and Resorts, US, Inc.                **Respondent**
c/o Mr. Jim Bowden, Director of Employee Relations
Post Office Box 10000
Orlando, FL 32830

## NOTICE OF DETERMINATION: REASONABLE CAUSE

The Florida Commission on Human Relations has determined that there is reasonable cause to believe that an unlawful practice occurred. A copy of the determination is attached.

Complainant may request an administrative hearing with the Division of Administrative Hearings by filing a Petition for Relief within 35 days of the date the determination was signed by the Executive Director. A blank Petition for Relief form is enclosed with Complainant's notice. It may be beneficial for Complainant to seek assistance from legal counsel prior to filing the petition. Alternatively, Complainant may file a civil action in a court of law within one year of the date the determination was signed by the Executive Director.

During the following 35 days, you are invited to participate in a conciliation session in order to reach a just resolution of this matter. A Commission mediator will be contacting the parties with additional details about our conciliation services.

Engaging in conciliation does not, however, extend the 35-day limitation period for filing a Petition for Relief. The determination of reasonable cause will become final if Complainant does not file a Petition for Relief within 35 days, and the Commission will dismiss the complaint.

The parties named in the determination may inspect the records and documents, in the custody of the Commission, which pertain to the determination. Please contact the Commission's Customer Service Office if you wish to request copies.

I HEREBY CERTIFY that a copy of the foregoing Notice of Determination was mailed to the above-named addressees this ___11th___ day of ___May___, 20__16__, by U.S. mail.

By: ___Tammy Barton___
          Clerk of the Commission  AH

## COMMISSIONERS

| | | | |
|---|---|---|---|
| **Derick Daniel** | **Dr. Donna Elam** | **Tony Jenkins** | **Sandra Turner** |
| *Tallahassee* | *Orlando* | *Orlando* | *Winter Springs* |
| **Jay Pichard** | **Gilbert Singer** | **Billy Whitefox Stall** | **Rebecca Steele,** *Chair* |
| *Tallahassee* | *Tampa* | *Panama City* | *Jacksonville* |

**Exhibit 42**

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

## INVESTIGATIVE MEMORANDUM

FCHR NO.    **201401404**

Date:        February 6, 2015

To:          Office of General Counsel

From:        Jennifer Morrison
             Investigation Specialist
             Office of Employment Investigations

### COMPLAINANT

██████████

████████████████████

Dogali Law Group
101 East Kennedy Blvd.
Tampa, FL 33602

v.

### RESPONDENT

Walt Disney Parks and Resorts US, Inc.
c/o Mr. Kerry Scanlon, Esquire
Kaye Scholer
901 Fifteenth Street, NW
Washington, DC 20005

## DECLARATION OF JURISDICTION

Respondent is a public lodging and or food service establishment within the meaning of the Florida Statutes, Chapter 760, and jurisdictional requirements have been met.

## FOCUS OF THE COMPLAINT

Complainant filed a charge of discrimination against Respondent alleging that her son was denied an accommodation for his disability

## BACKGROUND

Complainant visited Respondent's amusement park in May of 2014 with her youngest son. Complainant has two sons, both of whom are disabled.

**Exhibit 42**

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE  FILED UNDER SEAL**

## COMPLAINANT'S ALLEGATIONS

Prior to October 2013, Respondent offered guests with disabilities a Guest Assistance Card (hereinafter "GAC"). On October 9, 2013, Respondent revoked the GAC and the associated policies and procedures associated with accommodating disabilities. It was replaced with the Disability Access Service (hereinafter "DAS"). The new system does not accommodate her child's disability and as a result, it has discriminated against him.

Complainant's sons' disabilities limit their verbal skills. They communicate through behavior, writing things down, or by their parents offering them several choices. Whenever they are faced with a change in the usual routine or when they are forced to wait idly for extended periods of time, they experience severe meltdowns which are expressed by punching themselves in the head and pinching themselves as well as family members in close proximity.

Complainant and her family have been visiting Respondent's theme parks since her sons were toddlers and have had annual passes because they have enjoyed the park so much. While the GAC was in place, the trips were frequent and stress-free. Her sons would ask to go to the parks once or twice a week to which she acquiesced because they enjoyed it so much. These trips rarely resulted in meltdowns because the GAC accommodated them so well. Since they were little, her younger son has had to pre-plan their trips by arranging the order of the attractions and how many times he will ride each one. On some occasions, he has decided that he will ride one ride over and over repeatedly until he gets tired of it. Any variations will result in a meltdown.

Whenever he experiences a meltdown, his parents attempt to do everything possible to calm him down, but it is very difficult to do especially when he is pinching his parents very hard. He has the same reaction when he is required to wait more than a few minutes for entry into a ride or an attraction. Because he is incapable of understanding the concept of visiting a ride or attraction only to be prohibited from riding it until a later time, the DAS creates stressors which significantly increase the potential for meltdowns.

Her older son has not visited the theme park because she is fearful that he will experience the same treatment that her younger son experienced on a previous trip to Hollywood Studios.

Respondent's inflexible enforcement of its arbitrary new DAS is adhered to regardless of the guest's specific needs which has limited the full enjoyment of Respondent's theme park. After the DAS went into effect, Complainant's sons no longer received the same type of accommodation and attention they had received in the past. As a consequence, their interest in continuing regular trips has been considerably reduced. Respondent has refused to conduct an individual assessment of guests' needs and also refused to modify the policy to allow guests to enjoy the benefits and privileges to the same extent as non-disabled guests.

In an interview, Complainant stated that when they arrived at the park it was an extremely crowded day. They arrived at Guest Relations and even though they were being helped, she got the distinct impression that they were not wanted there and the employees were annoyed to have to assist them. She stated that she had to try to convince them of her son's disability. He is not conversational because you cannot have a reciprocal conversation with him, but he can talk.

**Exhibit 42**

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE  FILED UNDER SEAL**

Complainant has a number of Personal Care Assistants (hereinafter "PCA's) for her sons. They are basically college students who can accompany them because they cannot be by themselves even though they are 22 and 23 years old respectively. Prior to the implementation of the DAS, Respondent allowed Complainant to buy one pass which could be used by any of the six caretakers. Respondent had a list of the caretakers and as long as they brought the pass and their ID, they could accompany one of the sons into the park. This was a huge relief for Complainant as she could not continue to go herself multiple times a week, but it allowed for her children to experience the park with someone she trusted. She just had to buy one seasonal pass instead of six. One day when one of the PCA's traveled to Respondent's theme park to take one of her sons, he was denied entry. He was told that that accommodation should have never been allowed. Now in Guest Relations, employees ask what your disability is, but do not ask what accommodation you need.

She stated that the current accommodations do not work because her son gets confused by going to the ride only to be turned away. It will lead to self-injuries. Even waiting in line for 10 minutes would be fine, but much past that and he is unable to comprehend. Complainant has tried to reason with Guest Relations on why this particular accommodation does not work, but the employee responded with "Sorry, this is how it is." She said there is a process for them to learn something and they can't just "unlearn" what they have been doing for 22 years.

## RESPONDENT'S POSITION

Respondent denied that it violated any applicable laws, codes or regulations or that it discriminated against Complainant. It has gone to great lengths to provide service to its disabled guests and prides itself on its accessibility through its facilities. Respondent has also established a dedicated department known as Services for Guests with Disabilities. The Department provides a full array of services ranging from guidebooks that assist guests with disabilities to policies and procedures that enhance their experience at the various theme parks and resorts. For example, Respondent developed and implemented a *Guide for Guests with Disabilities* and a *Guide for Guests with Cognitive Disabilities.* These guides explain and delineate services and accessible features at Respondent's theme parks.[1]

On October 9, 2013, Respondent replaced its GAC program with the DAS card program. The new DAS card was primarily designed to accommodate guests who are not able to wait in a conventional queue due to a disability. Specifically, it allows these guests to wait "virtually" and return to an attraction at the posted wait time minus 10 minutes. During this time, guests may visit other rides or attractions with little or no wait times, or otherwise experience the park.

Complainants preferred the GAC program because, while Respondent was not legally required to do so, it generally provided its guests with disabilities and their families access to rides and attractions through alternative entrances, without them needing to wait in the standard ride or attraction lines or wait virtually and return to a ride or an attraction at a specified time. However, the GAC program resulted in abuse and fraudulent misuse, which was widespread and continuing.

---

[1] *See* Respondent's Position Statement, Exhibit 1 & 2.

**Exhibit 42**

REDACTED VERSION OF DOCUMENT PROPOSED TO BE  FILED UNDER SEAL

Complainant has failed to show that the DAS card program has not accommodated their disability. It reasonably accommodates guests with disabilities who are not able to wait in a conventional queue environment and provides the level of accommodation required by law. Complainant admitted that a DAS card was received; therefore, there is no reasonable cause to believe that any discrimination occurred.

## COMPLAINANT'S REBUTTAL[2]

Complainant's rebuttal reiterated the allegations.

## SUMMARY OF INVESTIGATIVE FINDINGS

Complainant alleged that her son was denied the full enjoyment of the public accommodation and the findings of this investigation support that allegation. While an accommodation was offered, it was a blanket accommodation that did not take into account the nuances between various disabilities or the fact that Complainant's son's disability required more assistance than other cognitive disabilities. The accommodations offered would not allow him to enjoy the park as it was intended to be enjoyed by all other patrons. In addition, there was no effort by Respondent to determine a suitable accommodation for her son which would allow him to fully enjoy the park.

## RECOMMENDATION

Accordingly, there is reason to believe Respondent denied Complainant's son the full enjoyment of the establishment because of a disability and a cause finding is recommended.

---

[2] 2 The information provided in Complainant's original allegations is identical to what the rebuttal states.

**Exhibit 42**

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

*State of Florida*

# Florida Commission on Human Relations

*An Equal Opportunity Employer ● Affirmative Action Employer*

**Rick Scott**
*Governor*

4075 Esplanade Way ● Room 110 ● Tallahassee, Florida 32399
(850) 488-7082
http://fchr.state.fl.us

**Gilbert Singer**
*Chair*
**Michelle Wilson**
*Executive Director*

FCHR No. 201401404

████████                                                **Complainant**

c/o Mr. Domenick Lazzara, Esquire
Dogali Law Group
101 East Kennedy Boulevard, Suite 1100
Tampa, FL 33602

Walt Disney Parks and Resorts US, Inc.                 **Respondent**
c/o Mr. Kerry Scanlon, Esquire
Kaye Scholer LLP
901 Fifteenth Street, NW
Washington, DC 20005

### NOTICE OF DETERMINATION: CAUSE

The Florida Commission on Human Relations, in the above-referenced complaint, has determined that there is reasonable cause to believe that a public accommodation violation occurred. A copy of the Determination is attached.

During the following 30 days, you are invited to join the Commission in an effort to reach a just resolution of this matter through conciliation. The 30-day conciliation period does not, however, toll (affect) the 35-day limitation period for filing a **Petition for Relief**.

The Complainant may request an administrative hearing by filing a **Petition for Relief** within 35 days of the date of this **Notice of Determination: Cause** or Complainant may file a civil action within one year of the date of this **Notice Of Determination: Cause**.

We have enclosed a Petition for Relief form with Complainant's notice. It may be beneficial for the Complainant to seek assistance from legal counsel prior to actually filing a Petition for Relief.

If the Complainant fails to request an administrative hearing within 35 days of the date of this notice, the administrative claim under the Florida Civil Rights Act of 1992, Chapter 760, will be dismissed with prejudice pursuant to section 760.11, Florida Statutes and the claim will be barred.

I HEREBY CERTIFY that a copy of the foregoing NOTICE OF DETERMINATION: CAUSE has been served upon the above-named addressees this ____13____ day of ____Feb.____, 20 _15_, by U.S. mail.
By: _Tammy Barton_
     Clerk of the Commission

## COMMISSIONERS

| | | | |
|---|---|---|---|
| **Gayle Cannon**<br>*Lake City* | **Derick Daniel**<br>*Tallahassee* | **Dr. Donna Elam**<br>*Orlando* | **Dr. Onelia Fajardo-Garcia**<br>*Miami* |
| **Dr. Elena Flom**<br>*Cocoa Beach* | **Tony Jenkins**<br>*Orlando* | **Michael Keller,** *Vice Chair*<br>*Tampa* | **Gilbert Singer,** *Chair*<br>*Tampa* |
| **Billy Whitefox Stall**<br>*Panama City* | | | **Rebecca Steele**<br>*Jacksonville* |

**Exhibit 42**

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

*State of Florida*

# Florida Commission on Human Relations

*An Equal Opportunity Employer ●Affirmative Action Employer*

**Rick Scott**
*Governor*

4075 Esplanade Way ● Room 110 ● Tallahassee, Florida 32399
(850) 488-7082
http://fchr.state.fl.us

**Gilbert Singer**
*Chair*
**Michelle Wilson**
*Executive Director*

FCHR No. 201401404
Certified Receipt #: 9171999991703311491856

▆▆▆▆▆                                                                    **Complainant**
c/o Mr. Domenick Lazzara, Esquire
Dogali Law Group
101 East Kennedy Boulevard, Suite 1100
Tampa, FL 33602

Walt Disney Parks and Resorts US, Inc.                                   **Respondent**
c/o Mr. Kerry Scanlon, Esquire
Kaye Scholer LLP
901 Fifteenth Street, NW
Washington, DC 20005

### DETERMINATION: CAUSE

Complainant filed a Complaint of Discrimination alleging that Respondent discriminated against him/her in violation of the Florida Civil Rights Act of 1992, as amended, Section 760.08, Florida Statutes. The Florida Commission on Human Relations has investigated this matter and has found the following:

Respondent is a public accommodation within the meaning of the Florida Civil Rights Act of 1992, and the timeliness and all jurisdictional requirements have been met;

Pursuant to Rule 60Y-5.004(1), Florida Administrative Code, the Office of Employment Investigations has submitted an Investigative Memorandum;

On the basis of the report and recommendation, pursuant to the authority delegated to me by Rules 60Y-2.004(2)(e) and 60Y-5.004, Florida Administrative Code, I have determined that reasonable cause exists to believe that an unlawful public accommodation practice occurred.

Michelle Wilson
Executive Director

Dated: **February 12**, 20**15**

Filed: **Feb. 13**, 20**15**

By: _____
Clerk of the Commission

## COMMISSIONERS

**Gayle Cannon**
*Lake City*

**Derick Daniel**
*Tallahassee*

**Dr. Donna Elam**
*Orlando*

**Dr. Onelia Fajardo-Garcia**
*Miami*

**Dr. Elena Flom**
*Cocoa Beach*

**Tony Jenkins**
*Orlando*

**Michael Keller**, *Vice Chair*
*Tampa*

**Gilbert Singer**, *Chair*
*Tampa*

**Billy Whitefox Stall**
*Panama City*

**Rebecca Steele**
*Jacksonville*

**Exhibit 42**



REDACTED VERSION OF DOCUMENT PROPOSED TO BE  FILED UNDER SEAL

## INVESTIGATIVE  MEMORANDUM

FCHR NO**.**     **201401469**

Date:          February 6, 2015

To:            Office of General Counsel

From:          Jennifer Morrison
               Investigation Specialist
               Office of Employment Investigations

### COMPLAINANT

███████████████████
███████████████████████

Dogali Law Group
101 East Kennedy Blvd.
Tampa, FL 33602

v.

### RESPONDENT

Walt Disney Parks and Resorts US, Inc.
c/o Mr. Kerry Scanlon, Esquire
Kaye Scholer
901 Fifteenth Street, NW
Washington, DC 20005

## DECLARATION OF JURISDICTION

Respondent is a public lodging and or food service establishment within the meaning of the Florida Statutes, Chapter 760, and jurisdictional requirements have been met.

## FOCUS OF THE COMPLAINT

Complainant filed a charge of discrimination against Respondent alleging that her son was denied an accommodation for his disability

## BACKGROUND

Complainant visited Respondent's amusement park in December 18, 2013, with her son Jose.

**Exhibit 42**

REDACTED VERSION OF DOCUMENT PROPOSED TO BE  FILED UNDER SEAL

## COMPLAINANT'S ALLEGATIONS

Prior to October 2013, Respondent offered guests with disabilities a Guest Assistance Card (hereinafter "GAC"). On October 9, 2013, Respondent revoked the GAC and the associated policies and procedures associated with accommodating disabilities. It was replaced with the Disability Access Service (hereinafter "DAS"). The new system does not accommodate her child's disability and as a result, it has discriminated against him.

During their visit, they requested the DAS and a wheelchair. It took 45 minutes to obtain a DAS card, but it was finally provided. A wheelchair never became available for their use and they had to push Jose around in a toddler sized stroller just so he would have somewhere to sit at all times. Complainant stated that the new system does not take into consideration that every child or adult with a cognitive disability handles things differently. Having to wait the exact same time of the regular line is not accommodating. Not receiving more than one timestamp at a time was difficult because as the day wears on, Jose's sensory issues are exacerbated by events of the day. For example, the more people that bump into him, the more frustrated he becomes but due to his difficulties with communication, he cannot express his frustration. There would be issues maneuvering him through oncoming traffic and then getting to the line only to wait an additional 45 minutes.

The DAS was also not accepted at certain attractions, such as meeting characters. In most instances, the wait times to see the characters were 45 minutes long. This resulted in Jose only meeting one character. In addition, there was not a lot of seating or shade to wait while the allotted DAS time passed, thus another need for the stroller. Complainant stated that it was embarrassing to be pushing around a 10-year old in a toddler-sized stroller.

Because of the lack of accommodations, they were only able to ride four rides during the length of their visit. On one ride Jose waited almost two hours because the Cast Member operating the ride was not well trained in the DAS procedures and put Jose in the regular line for 45 minutes after he had already waited 45 minutes. Once he was put in the regular line, he was unable to get out. Because of this incident, they decided to end their visit.

## RESPONDENT'S POSITION

Respondent denied that it violated any applicable laws, codes or regulations or that it discriminated against Complainant. It has gone to great lengths to provide service to its disabled guests and prides itself on its accessibility through its facilities. Respondent has also established a dedicated department known as Services for Guests with Disabilities. The Department provides a full array of services ranging from guidebooks that assist guests with disabilities to policies and procedures that enhance their experience at the various theme parks and resorts. For example, Respondent developed and implemented a *Guide for Guests with Disabilities* and a *Guide for Guests with Cognitive Disabilities.* These guides explain and delineate services and accessible features at Respondent's theme parks.[1]

---

[1] *See* Respondent's Position Statement, Exhibit 1 & 2.

**Exhibit 42**

REDACTED VERSION OF DOCUMENT PROPOSED TO BE  FILED UNDER SEAL

On October 9, 2013, Respondent replaced its GAC program with the DAS card program. The new DAS card was primarily designed to accommodate guests who are not able to wait in a conventional queue due to a disability. Specifically, it allows these guests to wait "virtually" and return to an attraction at the posted wait time minus 10 minutes. During this time, guests may visit other rides or attractions with little or no wait times, or otherwise experience the park.

Complainants preferred the GAC program because, while Respondent was not legally required to do so, it generally provided its guests with disabilities and their families access to rides and attractions through alternative entrances, without them needing to wait in the standard ride or attraction lines or wait virtually and return to a ride or an attraction at a specified time. However, the GAC program resulted in abuse and fraudulent misuse, which was widespread and continuing.

Complainant has failed to show that the DAS card program has not accommodated their disability. It reasonably accommodates guests with disabilities who are not able to wait in a conventional queue environment and provides the level of accommodation required by law. Complainant admitted that a DAS card was received; therefore, there is no reasonable cause to believe that any discrimination occurred.

## COMPLAINANT'S REBUTTAL

Complainant's charge form and interview answered the questions in response to the Position Statement and a formal rebuttal was not provided.

## SUMMARY OF INVESTIGATIVE FINDINGS

Complainant alleged that her son was denied the full enjoyment of the public accommodation and the findings of this investigation support that allegation. While an accommodation was offered, it was a blanket accommodation that did not take into account the nuances between various disabilities or the fact that Complainant's son's disability required more assistance than other cognitive disabilities. The accommodations offered would not allow him to enjoy the park as it was intended to be enjoyed by all other patrons. In addition, there was no effort by Respondent to determine a suitable accommodation for her son which would allow him to fully enjoy the park.

## RECOMMENDATION

Accordingly, there is reason to believe Respondent denied Complainant's son the full enjoyment of the establishment because of a disability and a cause finding is recommended.

Exhibit 42

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

*State of Florida*

# Florida Commission on Human Relations

*An Equal Opportunity Employer • Affirmative Action Employer*

**Rick Scott**
*Governor*

4075 Esplanade Way • Room 110 • Tallahassee, Florida 32399
(850) 488-7082
http://fchr.state.fl.us

**Gilbert Singer**
*Chair*
**Michelle Wilson**
*Executive Director*

FCHR No. 201401469

▮▮▮▮▮▮▮▮▮▮▮                                    **Complainant**
c/o Mr. Dominick Lazzara, Esquire
Dogali Law Group, P.A.
101 East Kennedy Boulevard, Suite 110
Tampa, FL 33602

Walt Disney Parks and Resorts, US, Inc.                **Respondent**
c/o Mr. Kerry Scanlon, Esquire
Kaye Scholer, LLP
901 Fifteenth Street, NW
Washington, DC 20005

## NOTICE OF DETERMINATION:  CAUSE

The Florida Commission on Human Relations, in the above-referenced complaint, has determined that there is reasonable cause to believe that a public accommodation violation occurred.  A copy of the Determination is attached.

During the following 30 days, you are invited to join the Commission in an effort to reach a just resolution of this matter through conciliation. The 30-day conciliation period does not, however, toll (affect) the 35-day limitation period for filing a **Petition for Relief**.

The Complainant may request an administrative hearing by filing a **Petition for Relief** within 35 days of the date of this **Notice of Determination: Cause** or Complainant may file a civil action within one year of the date of this **Notice Of Determination: Cause.**

We have enclosed a Petition for Relief form with Complainant's notice. It may be beneficial for the Complainant to seek assistance from legal counsel prior to actually filing a Petition for Relief.

If the Complainant fails to request an administrative hearing within 35 days of the date of this notice, the administrative claim under the Florida Civil Rights Act of 1992, Chapter 760, will be dismissed with prejudice pursuant to section 760.11, Florida Statutes and the claim will be barred.

I HEREBY CERTIFY that a copy of the foregoing NOTICE OF DETERMINATION: CAUSE has been served upon the above-named addressees this _____13_____ day of _____Feb._____, 20 _15_ , by U.S. mail.

By: _Tammy Barton_
       Clerk of the Commission

## *COMMISSIONERS*

| | | | |
|---|---|---|---|
| **Gayle Cannon** *Lake City* | **Derick Daniel** *Tallahassee* | **Dr. Donna Elam** *Orlando* | **Dr. Onelia Fajardo-Garcia** *Miami* |
| **Dr. Elena Flom** *Cocoa Beach* | **Tony Jenkins** *Orlando* | **Michael Keller,** *Vice Chair* *Tampa* | **Gilbert Singer,** *Chair* *Tampa* |
| **Billy Whitefox Stall** *Panama City* | | | **Rebecca Steele** *Jacksonville* |

**Exhibit 42**

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

*State of Florida*

# Florida Commission on Human Relations

*An Equal Opportunity Employer • Affirmative Action Employer*

**Rick Scott**
*Governor*

4075 Esplanade Way • Room 110 • Tallahassee, Florida 32399
(850) 488-7082
http://fchr.state.fl.us

**Gilbert Singer**
*Chair*

**Michelle Wilson**
*Executive Director*

FCHR No. 201401469
Certified Receipt #: 9171999991703311491818

**Complainant**

c/o Mr. Dominick Lazzara, Esquire
Dogali Law Group, P.A.
101 East Kennedy Boulevard, Suite 110
Tampa, FL 33602

Walt Disney Parks and Resorts, US, Inc.          **Respondent**
c/o Mr. Kerry Scanlon, Esquire
Kaye Scholer, LLP
901 Fifteenth Street, NW
Washington, DC 20005

## DETERMINATION: CAUSE

Complainant filed a Complaint of Discrimination alleging that Respondent discriminated against him/her in violation of the Florida Civil Rights Act of 1992, as amended, Section 760.08, Florida Statutes. The Florida Commission on Human Relations has investigated this matter and has found the following:

Respondent is a public accommodation within the meaning of the Florida Civil Rights Act of 1992, and the timeliness and all jurisdictional requirements have been met;

Pursuant to Rule 60Y-5.004(1), Florida Administrative Code, the Office of Employment Investigations has submitted an Investigative Memorandum;

On the basis of the report and recommendation, pursuant to the authority delegated to me by Rules 60Y-2.004(2)(e) and 60Y-5.004, Florida Administrative Code, I have determined that reasonable cause exists to believe that an unlawful public accommodation practice occurred.

Michelle Wilson
Executive Director

Dated: February 12, 2015

Filed: Feb. 13, 2015

By: _____
Clerk of the Commission

## COMMISSIONERS

| | | | |
|---|---|---|---|
| **Gayle Cannon** *Lake City* | **Derick Daniel** *Tallahassee* | **Dr. Donna Elam** *Orlando* | **Dr. Onelia Fajardo-Garcia** *Miami* |
| **Dr. Elena Flom** *Cocoa Beach* | **Tony Jenkins** *Orlando* | **Michael Keller**, *Vice Chair* *Tampa* | **Gilbert Singer**, *Chair* *Tampa* |
| **Billy Whitefox Stall** *Panama City* | | | **Rebecca Steele** *Jacksonville* |

**Exhibit 42**

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

*State of Florida*

# Florida Commission on Human Relations

*An Equal Opportunity Employer • Affirmative Action Employer*

**Rick Scott**
*Governor*

4075 Esplanade Way • Room 110 • Tallahassee, Florida 32399-7020
(850) 488-7082 / FAX: (850) 487-1007
http://fchr.state.fl.us
*United in One Goal: Equal Opportunity and Mutual Respect*

**Rebecca Steele**
*Chair*
**Michelle Wilson**
*Executive-Director*

FCHR No. 201501439

███████████████████                **Complainant**

Dogali Law Group
101 East Kennedy Boulevard, Suite 1100
Tampa, FL 33602

Walt Disney Parks and Resorts, US, Inc.                **Respondent**
c/o Mr. Jim Bowden, Director of Employee Relations
Post Office Box 10,000
Orlando, FL 32830

## DETERMINATION: REASONABLE CAUSE

Complainant filed a complaint of discrimination alleging that Respondent violated the Florida Civil Rights Act of 1992. The Florida Commission on Human Relations has completed its investigation of this matter.

Complainant was able to demonstrate that Complainant and Complainant's son were denied a reasonable accommodation for the son's cognitive disability. Although Respondent provided an accommodation, it was a blanket accommodation that was supposed to apply to all cognitive disabilities. Respondent failed to consider the son's specific disability when offering a reasonable accommodation. Therefore, Complainant and Complainant's son were deprived of full enjoyment of the facility.

On the basis of the report from the Commission's Office of Employment Investigations and recommendation from the Commission's Office of General Counsel, pursuant to the authority delegated to me as Executive Director of the Florida Commission on Human Relations, I have determined that reasonable cause exists to believe that an unlawful practice occurred.

*Michelle Wilson*                          Dated: *May 11*, 20*16*
Michelle Wilson
Executive Director

## COMMISSIONERS

| **Derick Daniel** | **Dr. Donna Elam** | **Tony Jenkins** | **Sandra Turner** |
|---|---|---|---|
| *Tallahassee* | *Orlando* | *Orlando* | *Winter Springs* |
| **Jay Pichard** | **Gilbert Singer** | **Billy Whitefox Stall** | **Rebecca Steele,** *Chair* |
| *Tallahassee* | *Tampa* | *Panama City* | *Jacksonville* |

**Exhibit 42**

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

*State of Florida*

# Florida Commission on Human Relations

*An Equal Opportunity Employer • Affirmative Action Employer*

**Rick Scott**
*Governor*

4075 Esplanade Way • Room 110 • Tallahassee, Florida 32399-7020
(850) 488-7082 / FAX: (850) 487-1007
http://fchr.state.fl.us
*United in One Goal: Equal Opportunity and Mutual Respect*

**Rebecca Steele**
*Chair*
**Michelle Wilson**
*Executive-Director*

FCHR No. 201501439

████████████████                    **Complainant**

Dogali Law Group
101 East Kennedy Boulevard
Suite 1100
Tampa, FL 33602

Walt Disney Parks and Resorts, US, Inc.                    **Respondent**
c/o Mr. Jim Bowden, Director of Employee Relations
Post Office Box 10,000
Orlando, FL 32830

### NOTICE OF DETERMINATION: REASONABLE CAUSE

The Florida Commission on Human Relations has determined that there is reasonable cause to believe that an unlawful practice occurred. A copy of the determination is attached.

Complainant may request an administrative hearing with the Division of Administrative Hearings by filing a Petition for Relief within 35 days of the date the determination was signed by the Executive Director. A blank Petition for Relief form is enclosed with Complainant's notice. It may be beneficial for Complainant to seek assistance from legal counsel prior to filing the petition. Alternatively, Complainant may file a civil action in a court of law within one year of the date the determination was signed by the Executive Director.

During the following 35 days, you are invited to participate in a conciliation session in order to reach a just resolution of this matter. A Commission mediator will be contacting the parties with additional details about our conciliation services.

Engaging in conciliation does not, however, extend the 35-day limitation period for filing a Petition for Relief. The determination of reasonable cause will become final if Complainant does not file a Petition for Relief within 35 days, and the Commission will dismiss the complaint.

The parties named in the determination may inspect the records and documents, in the custody of the Commission, which pertain to the determination. Please contact the Commission's Customer Service Office if you wish to request copies.

I HEREBY CERTIFY that a copy of the foregoing Notice of Determination was mailed to the above-named addressees this _11th_ day of _May_, 20_16_, by U.S. mail.

By: _Tammy Barton_
Clerk of the Commission
AM

## COMMISSIONERS

| | | | |
|---|---|---|---|
| **Derick Daniel** | **Dr. Donna Elam** | **Tony Jenkins** | **Sandra Turner** |
| *Tallahassee* | *Orlando* | *Orlando* | *Winter Springs* |
| **Jay Pichard** | **Gilbert Singer** | **Billy Whitefox Stall** | **Rebecca Steele,** *Chair* |
| *Tallahassee* | *Tampa* | *Panama City* | *Jacksonville* |

**Exhibit 42**

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE  FILED UNDER SEAL**

*State of Florida*

# Florida Commission on Human Relations

*An Equal Opportunity Employer • Affirmative Action Employer*

**Rick Scott**
*Governor*

4075 Esplanade Way • Room 110 • Tallahassee, Florida 32399-7020
(850) 488-7082 / FAX: (850) 487-1007
http://fchr.state.fl.us
*United in One Goal: Equal Opportunity and Mutual Respect*

**Rebecca Steele**
*Chair*
**Michelle Wilson**
*Executive-Director*

FCHR No. 201500873



**Complainant**

Walt Disney Parks and Resorts US, Inc.
c/o Mr. Jeremy White, Esquire
Kaye Scholer LLP
901 15th St. NW
Washington, DC 20005

**Respondent**

## DETERMINATION: REASONABLE CAUSE

Complainant filed a complaint of discrimination alleging that Respondent violated the Florida Civil Rights Act of 1992. The Florida Commission on Human Relations has completed its investigation of this matter.

Complainant was able to demonstrate that Complainant and Complainant's son were denied a reasonable accommodation in a place of public accommodation for the son's cognitive disability. Although Respondent provided an accommodation, it was a blanket accommodation that was supposed to apply to all cognitive disabilities. Respondent failed to consider the son's specific disability when offering a reasonable accommodation. Therefore, Complainant and Complainant's son were deprived of full enjoyment of the facility.

On the basis of the report from the Commission's Office of Employment Investigations and recommendation from the Commission's Office of General Counsel, pursuant to the authority delegated to me as Executive Director of the Florida Commission on Human Relations, I have determined that reasonable cause exists to believe that an unlawful practice occurred.

Michelle Wilson
Executive Director

Dated: April 5 , 2016

*COMMISSIONERS*

**Derick Daniel**
*Tallahassee*

**Jay Pichard**
*Tallahassee*

**Dr. Donna Elam**
*Orlando*

Gilbert Singer
*Tampa*

**Tony Jenkins**
*Orlando*

Billy Whitefox Stall
*Panama City*

**Exhibit 42**

**Sandra Turner**
*Winter Springs*

**Rebecca Steele,** *Chair*
*Jacksonville*

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**



*State of Florida*

# Florida Commission on Human Relations

*An Equal Opportunity Employer • Affirmative Action Employer*

**Rick Scott**
*Governor*

4075 Esplanade Way • Room 110 • Tallahassee, Florida 32399-7020
(850) 488-7082 / FAX: (850) 487-1007
http://fchr.state.fl.us
*United in One Goal: Equal Opportunity and Mutual Respect*

**Rebecca Steele**
*Chair*
**Michelle Wilson**
*Executive Director*

FCHR No. 201500873



**Complainant**

Walt Disney Parks and Resorts US, Inc.
c/o Mr. Jeremy White, Esquire
Kaye Scholer LLP
901 15th St. NW
Washington, DC 20005

**Respondent**

## NOTICE OF DETERMINATION: REASONABLE CAUSE

The Florida Commission on Human Relations has determined that there is reasonable cause to believe that an unlawful practice occurred. A copy of the determination is attached.

Complainant may request an administrative hearing with the Division of Administrative Hearings by filing a Petition for Relief within 35 days of the date the determination was signed by the Executive Director. A blank Petition for Relief form is enclosed with Complainant's notice. It may be beneficial for Complainant to seek assistance from legal counsel prior to filing the petition. Alternatively, Complainant may file a civil action in a court of law within one year of the date the determination was signed by the Executive Director.

During the following 35 days, you are invited to participate in a conciliation session in order to reach a just resolution of this matter. A Commission mediator will be contacting the parties with additional details about our conciliation services.

Engaging in conciliation does not, however, extend the 35-day limitation period for filing a Petition for Relief. The determination of reasonable cause will become final if Complainant does not file a Petition for Relief within 35 days, and the Commission will dismiss the complaint.

The parties named in the determination may inspect the records and documents, in the custody of the Commission, which pertain to the determination. Please contact the Commission's Customer Service Office if you wish to request copies.

I HEREBY CERTIFY that a copy of the foregoing Notice of Determination was mailed to the above-named addressees this ___5th___ day of ___April___, 20_16_, by U.S. mail.

By: _Tammy Barton_
Clerk of the Commission
AM

### COMMISSIONERS

| | | | |
|---|---|---|---|
| **Derick Daniel**<br>*Tallahassee* | **Dr. Donna Elam**<br>*Orlando* | **Tony Jenkins**<br>*Orlando* | **Sandra Turner**<br>*Winter Springs* |
| **Jay Pichard**<br>*Tallahassee* | **Gilbert Singer**<br>*Tampa* | **Billy Whitefox Stall**<br>*Panama City* | **Rebecca Steele**, *Chair*<br>*Jacksonville* |

**Exhibit 42**

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE  FILED UNDER SEAL**

To:     Executive Director

From:   Sarah Stewart
        Attorney
        Office of General Counsel

Re:     ■■■■ v. Walt Disney Parks and Resorts US, Inc.
        FCHR NO**. 201500873**

## <u>RECOMMENDATION: REASONABLE CAUSE</u>

An investigation into this complaint was conducted by the Commission's Office of Employment Investigations, and the investigative materials were reviewed by the Commission's Office of General Counsel.

Complainant and Complainant's son are members of a protected class due to the son's cognitive disability.  Complainant's claim is one of many companion cases involving this particular disability against this particular Respondent.

Complainant was able to demonstrate that Complainant and Complainant's son were denied a reasonable accommodation in a place of public accommodation for the son's cognitive disability.  Although Respondent provided an accommodation, it was a blanket accommodation that was supposed to apply to all cognitive disabilities.  Respondent failed to consider the son's specific disability when offering a reasonable accommodation.  Therefore, Complainant and Complainant's son were deprived of full enjoyment of the facility.

Respondent has to look into the specific request for accommodation.  Although the ADA does state that a Respondent must not give an unfair advantage to a particular group based on a specific disability, it also states that this requirement is limited by whether or not the disabled person would enjoy the full benefits of the facility.  In this situation, the disabled parties would not be able to enjoy the facility anymore because their limitations include a failure to understand the reason for waiting and the failure to be able to accept a change in the routine.  Therefore, without the accommodation requested, the Complainants would simply stop coming to the park.

Additionally, even though Respondent provides a new accommodation, it does not take into account that the Complainants had come to rely on the previously offered accommodation.  It appears that the removal of this option does prevent people with severe symptoms of this particular disability from enjoying the facility.  Although Respondent provided a legitimate, nondiscriminatory reason for changing the policy (because people were abusing the privilege), Respondent did not provide a legitimate reason for not considering the requests of this group of Complainants, which could potentially prevent these Complainants from full use and enjoyment of the facility.  Respondent provided no reasonable alternative and did not even entertain the idea that this group of disabled individuals may require more assistance than others with cognitive disabilities.  Evidence presented shows that there was a reasonable accommodation possible as the previous system allowed the accommodation that worked for these individuals.  Therefore, it is unlikely that Respondent gave enough consideration to the request for a specific accommodation.

The Office of General Counsel has reviewed the case file and recommends that the proper resolution of the case is the issuance of a Determination: Reasonable Cause.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE  FILED UNDER SEAL



*State of Florida*

# Florida Commission on Human Relations

*An Equal Opportunity Employer ● Affirmative Action Employer*



**Rick Scott**
*Governor*

4075 Esplanade Way ● Room 110 ● Tallahassee, Florida 32399-7020
(850) 488-7082 / FAX: (850) 487-1007
http://fchr.state.fl.us
*United in One Goal: Equal Opportunity and Mutual Respect*

**Rebecca Steele**
*Chair*
**Michelle Wilson**
*Executive-Director*

FCHR No. 201501393

████████████████                              **Complainant**

Dogali Law Group, P.A.
101 East Kennedy Boulevard, Suite 1100
Tampa, FL 33602

Walt Disney Parks and Resorts, US. Inc.                **Respondent**
c/o Mr. Jim Bowden, Director of Employee Relations
Post Office Box 10000
Orlando, FL 32830

## DETERMINATION: REASONABLE CAUSE

Complainant filed a complaint of discrimination alleging that Respondent violated the Florida Civil Rights Act of 1992.  The Florida Commission on Human Relations has completed its investigation of this matter.

Complainant was able to demonstrate that Complainant and Complainant's daughter were denied a reasonable accommodation in a place of public accommodation for the daughter's cognitive disability. Although Respondent provided an accommodation, it was a blanket accommodation that was supposed to apply to all cognitive disabilities.  Respondent failed to consider the daughter's specific disability when offering a reasonable accommodation.  Therefore, Complainant and Complainant's daughter were deprived of full enjoyment of the facility.

On the basis of the report from the Commission's Office of Employment Investigations and recommendation from the Commission's Office of General Counsel, pursuant to the authority delegated to me as Executive Director of the Florida Commission on Human Relations, I have determined that reasonable cause exists to believe that an unlawful practice occurred.

*Michelle Wilson*
Michelle Wilson
Executive Director

Dated: *May 11*, 20 *16*

## COMMISSIONERS

**Derick Daniel**
*Tallahassee*

**Dr. Donna Elam**
*Orlando*

**Tony Jenkins**
*Orlando*

**Sandra Turner**
*Winter Springs*

**Jay Pichard**
*Tallahassee*

**Gilbert Singer**
*Tampa*

**Billy Whitefox Stall**
*Panama City*

**Rebecca Steele,** *Chair*
*Jacksonville*

**Exhibit 42**

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**




*State of Florida*
# Florida Commission on Human Relations
*An Equal Opportunity Employer • Affirmative Action Employer*

**Rick Scott**
*Governor*

4075 Esplanade Way • Room 110 • Tallahassee, Florida 32399-7020
(850) 488-7082 / FAX: (850) 487-1007
http://fchr.state.fl.us
*United in One Goal: Equal Opportunity and Mutual Respect*

**Rebecca Steele**
*Chair*
**Michelle Wilson**
*Executive-Director*

FCHR No. 201501393

                                                    **Complainant**

Dogali Law Group, P.A.
101 East Kennedy Boulevard, Suite 1100
Tampa, FL 33602

Walt Disney Parks and Resorts, US. Inc.                    **Respondent**
c/o Mr. Jim Bowden, Director of Employee Relations
Post Office Box 10000
Orlando, FL 32830

### NOTICE OF DETERMINATION: REASONABLE CAUSE

The Florida Commission on Human Relations has determined that there is reasonable cause to believe that an unlawful practice occurred. A copy of the determination is attached.

Complainant may request an administrative hearing with the Division of Administrative Hearings by filing a Petition for Relief within 35 days of the date the determination was signed by the Executive Director. A blank Petition for Relief form is enclosed with Complainant's notice. It may be beneficial for Complainant to seek assistance from legal counsel prior to filing the petition. Alternatively, Complainant may file a civil action in a court of law within one year of the date the determination was signed by the Executive Director.

During the following 35 days, you are invited to participate in a conciliation session in order to reach a just resolution of this matter. A Commission mediator will be contacting the parties with additional details about our conciliation services.

Engaging in conciliation does not, however, extend the 35-day limitation period for filing a Petition for Relief. The determination of reasonable cause will become final if Complainant does not file a Petition for Relief within 35 days, and the Commission will dismiss the complaint.

The parties named in the determination may inspect the records and documents, in the custody of the Commission, which pertain to the determination. Please contact the Commission's Customer Service Office if you wish to request copies.

I HEREBY CERTIFY that a copy of the foregoing Notice of Determination was mailed to the above-named addressees this __11th__ day of __May__, 20__16__, by U.S. mail.

By: __Tammy Barton__
    Clerk of the Commission
                    AH

*COMMISSIONERS*

| | | | |
|---|---|---|---|
| **Derick Daniel** | **Dr. Donna Elam** | **Tony Jenkins** | **Sandra Turner** |
| *Tallahassee* | *Orlando* | *Orlando* | *Winter Springs* |
| **Jay Pichard** | **Gilbert Singer** | **Billy Whitefox Stall** | **Rebecca Steele,** *Chair* |
| *Tallahassee* | *Tampa* | *Panama City* | *Jacksonville* |

## Exhibit 42

REDACTED VERSION OF DOCUMENT PROPOSED TO BE  FILED UNDER SEAL

## INVESTIGATIVE MEMORANDUM

FCHR NO**. 201401540**

To:          Office of General Counsel

From:        Pamella Dupree
             Investigative Specialist
             Office of Employment Investigations

COMPLAINANT

████████████████
████████████████
Dogali Law Group, P.A.
101 East Kennedy Boulevard, Suite 1100
Tampa, FL 33602

v.

RESPONDENT

Walt Disney Parks and Resorts, US, Inc.
c/o Mr. Kerry A. Scanlon, Esquire
Kaye Scholer LLP
901 Fifteenth Street Northwest
Washington, DC 20005

## DECLARATION OF JURISDICTION

Respondent is a public lodging and or food service establishment within the meaning of the Florida Statutes, Chapter 760, and all jurisdictional requirements have been met.

## FOCUS OF THE COMPLAINT

Complainant filed a charge of discrimination against Respondent alleging that her child was denied an accommodation for his disability.

## BACKGROUND

Complainant visited Respondent's amusement park in June of 2014 with her disabled son.

## COMPLAINANT'S ALLEGATIONS

Complainant alleged that around October 9, 2013, Respondent revoked its Guest Assistance Card (GAC) program and its related systems, policies and procedures for accommodating children with special needs. Respondent replaced the GAC program with a set of company-wide systems,

**Exhibit 42**

REDACTED VERSION OF DOCUMENT PROPOSED TO BE  FILED UNDER SEAL

policies and procedures which were connected to the new Disability Access Service (DAS). Complainant contends that when she visited Respondent's amusement park in June of 2014 that her child received hostile/inferior service during the visit. Complainant insisted that her child was denied a reasonable accommodation and experienced harm as a result of the discrimination and lack of accommodation. Prior to October of 2013, Complainant insisted Respondent provided an adequate accommodation under the GAC system.

## RESPONDENT'S POSITION

Respondent denied that it violated any applicable laws, codes or regulations or that it discriminated against Complainant. It has gone to great lengths to provide service to its disabled guests and prides itself on its accessibility through its facilities. Respondent has also established a dedicated department known as Services for Guests with Disabilities. The Department provides a full array of services ranging from guidebooks that assist guests with disabilities to policies and procedures that enhance their experience at the various theme parks and resorts. For example, Respondent developed and implemented a *Guide for Guests with Disabilities* and a *Guide for Guests with Cognitive Disabilities.* These guides explain and delineate services and accessible features at Respondent's theme parks.

On October 9, 2013, Respondent replaced its GAC program with the DAS card program. The new DAS card was primarily designed to accommodate guests who are not able to wait in a conventional queue due to a disability. Specifically, it allows these guests to wait "virtually" and return to an attraction at the posted wait time minus 10 minutes. During this time, guests may visit other rides or attractions with little or no wait times, or otherwise experience the park.

Respondent contends that Complainant preferred the GAC program because, while Respondent was not legally required to do so, it generally provided its guests with disabilities and their families access to rides and attractions through alternative entrances, without them needing to wait in the standard ride or attraction lines or wait virtually and return to a ride or an attraction at a specified time. However, the GAC program resulted in abuse and fraudulent misuse, which was widespread and continuing.

Respondent also insisted that Complainant has failed to show that the DAS card program has not accommodated their disability. It reasonably accommodates guests with disabilities who are not able to wait in a conventional queue environment and provides the level of accommodation required by law. Complainant admitted that a DAS card was received; therefore, there is no reasonable cause to believe that any discrimination occurred.

## COMPLAINANT'S REBUTTAL

Complainant reiterated her previous allegations and insisted that she visited Respondent's park at least 50 times while the GAC was in place. Complainant contends under the DAS system, she would need to approach an attraction and would then be given a return time. During the wait, Complainant was not able to ride other attractions as only one attraction can be listed on the card. Therefore, Complainant and her child were required to wait idly for 40 minutes or longer. Complainant's child has a disability that calls for consistency, order, and routine.  Additionally,

**Exhibit 42**

REDACTED VERSION OF DOCUMENT PROPOSED TO BE  FILED UNDER SEAL

the child cannot comprehend having to wait idly. Having to wait idly causes Complainant's child to have a meltdown where he cries, screams and yells.

Complainant stated during her interview with this Investigator that during her visits to Respondent, prior to October 9, 2013, the accommodation offered by Respondent permitted her child to enjoy his experience at the park.  Complainant's son had immediate access with short wait times. Complainant's son is a repeat rider on some rides, meaning he enjoys riding the same attraction multiple times.  However, Complainant only permits her child to repeat a ride twice. Under Respondent's GAC system, Complainant's son was able to ride an attraction multiple times before moving to another attraction. Complainant stated that due to the new system, she, at times, would tell her child that the ride was broke to prevent the child from having a meltdown.

Complainant stated that prior to the DAS, she would visit Respondent's park twice per month, but that she now only visits a couple times per year.  Complainant has been a pass holder for five years, but will not be renewing due to the new DAS system.

## SUMMARY OF INVESTIGATIVE FINDINGS

Complainant alleged that her son was denied the full enjoyment of the public accommodation and the findings of this investigation support that allegation. While an accommodation was offered, it was a blanket accommodation that did not take into account the nuances between various disabilities or the fact that Complainant's son's disability required more assistance than other cognitive disabilities. The accommodations offered would not allow him to enjoy the park as it was intended to be enjoyed by all other patrons. In addition, there was no effort by Respondent to determine a suitable accommodation for her son which would allow him to fully enjoy the park.

## RECOMMENDATION

Accordingly, there is reason to believe Respondent denied Complainant's son the full enjoyment of the establishment because of a disability and a cause finding is recommended.

Exhibit 42

REDACTED VERSION OF DOCUMENT PROPOSED TO BE  FILED UNDER SEAL

*State of Florida*

# Florida Commission on Human Relations

*An Equal Opportunity Employer • Affirmative Action Employer*

**Rick Scott**
*Governor*

4075 Esplanade Way • Room 110 • Tallahassee, Florida 32399
(850) 488-7082
http://fchr.state.fl.us

**Gilbert Singer**
*Chair*

**Michelle Wilson**
*Executive-Director*

FCHR No. 201401540

<span style="background:black">████████████</span>                                    **Complainant**

Dogali Law Group, P.A.
101 East Kennedy Boulevard, Suite 1100
Tampa, FL 33602

Walt Disney Parks and Resorts, US, Inc.                        **Respondent**
c/o Mr. Kerry A. Scanlon, Esquire
Kaye Scholer LLP
901 Fifteenth Street Northwest
Washington, DC 20005

### NOTICE OF DETERMINATION:  CAUSE

The Florida Commission on Human Relations, in the above-referenced complaint, has determined that there is reasonable cause to believe that a public accommodation violation occurred.  A copy of the Determination is attached.

During the following 30 days, you  are  invited  to  join the Commission in an  effort to reach  a  just resolution  of this matter through conciliation. The 30-day conciliation period does not, however, toll (affect) the 35-day limitation period for filing a **Petition for Relief**.

The Complainant may request  an  administrative  hearing  by  filing a **Petition for  Relief** within 35 days of the  date  of this **Notice of Determination: Cause** or Complainant may file a civil action  within one year of the date of this **Notice Of Determination: Cause**.

We have enclosed a Petition for Relief form with Complainant's notice. It may be beneficial for the Complainant to seek assistance from legal counsel prior to actually filing a Petition for Relief.

If the Complainant fails to request an administrative hearing within 35 days of the date of this notice, the administrative claim under the Florida Civil Rights Act of 1992, Chapter 760, will be dismissed with prejudice pursuant to section 760.11, Florida Statutes and the claim will be barred.

I HEREBY CERTIFY that a copy of the foregoing NOTICE OF DETERMINATION: CAUSE has been served upon the above-named addressees this ____13____ day of ___Feb-___, 20 15 , by U.S. mail.
By: _____
       Clerk of the Commission

## COMMISSIONERS

| | | | |
|---|---|---|---|
| **Gayle Cannon** | **Derick Daniel** | **Dr. Donna Elam** | **Dr. Onelia Fajardo-Garcia** |
| *Lake City* | *Tallahassee* | *Orlando* | *Miami* |
| **Dr. Elena Flom** | **Tony Jenkins** | **Michael Keller,** *Vice Chair* | **Gilbert Singer,** *Chair* |
| *Cocoa Beach* | *Orlando* | *Tampa* | *Tampa* |
| **Billy Whitefox Stall** | | | **Rebecca Steele** |
| *Panama City* | | | *Jacksonville* |

**Exhibit 42**

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

*State of Florida*

# Florida Commission on Human Relations

*An Equal Opportunity Employer ●Affirmative Action Employer*

**Rick Scott**
*Governor*

4075 Esplanade Way ● Room 110 ● Tallahassee, Florida 32399
(850) 488-7082
http://fchr.state.fl.us

**Gilbert Singer**
*Chair*
**Michelle Wilson**
*Executive Director*

FCHR No. 201401540
Certified Receipt #: 9171999991703311491795

█████████                                              **Complainant**

Dogali Law Group, P.A.
101 East Kennedy Boulevard, Suite 1100
Tampa, FL 33602

Walt Disney Parks and Resorts, US, Inc.                **Respondent**
c/o Mr. Kerry A. Scanlon, Esquire
Kaye Scholer LLP
901 Fifteenth Street Northwest
Washington, DC 20005

### DETERMINATION: CAUSE

Complainant filed a Complaint of Discrimination alleging that Respondent discriminated against him/her in violation of the Florida Civil Rights Act of 1992, as amended, Section 760.08, Florida Statutes. The Florida Commission on Human Relations has investigated this matter and has found the following:

Respondent is a public accommodation within the meaning of the Florida Civil Rights Act of 1992, and the timeliness and all jurisdictional requirements have been met;

Pursuant to Rule 60Y-5.004(1), Florida Administrative Code, the Office of Employment Investigations has submitted an Investigative Memorandum;

On the basis of the report and recommendation, pursuant to the authority delegated to me by Rules 60Y-2.004(2)(e) and 60Y-5.004, Florida Administrative Code, I have determined that reasonable cause exists to believe that an unlawful public accommodation practice occurred.

_____
Michelle Wilson
Executive Director

Dated: February 12, 2015

Filed: Feb. 13, 2015

By: _____
Clerk of the Commission

## COMMISSIONERS

| | | | |
|---|---|---|---|
| **Gayle Cannon**<br>*Lake City* | **Derick Daniel**<br>*Tallahassee* | **Dr. Donna Elam**<br>*Orlando* | **Dr. Onelia Fajardo-Garcia**<br>*Miami* |
| **Dr. Elena Flom**<br>*Cocoa Beach* | **Tony Jenkins**<br>*Orlando* | **Michael Keller,** *Vice Chair*<br>*Tampa* | **Gilbert Singer,** *Chair*<br>*Tampa* |
| **Billy Whitefox Stall**<br>*Panama City* | | | **Rebecca Steele**<br>*Jacksonville* |

**Exhibit 42**



REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

*State of Florida*

# Florida Commission on Human Relations

*An Equal Opportunity Employer • Affirmative Action Employer*

**Rick Scott**
*Governor*

4075 Esplanade Way • Room 110 • Tallahassee, Florida 32399-7020
(850) 488-7082 / FAX: (850) 487-1007
http://fchr.state.fl.us
*United in One Goal: Equal Opportunity and Mutual Respect*

**Rebecca Steele**
*Chair*
**Michelle Wilson**
*Executive-Director*

FCHR No. 201501426

██████████                                    **Complainant**

Dogali Law Group
101 East Kennedy Boulevard, Suite 1100
Tampa, FL 33602

Walt Disney Parks and Resorts, US, Inc.                **Respondent**
c/o Mr. Jeremy White, Director of Employee Relations
Post Office Box 10000
Orlando, FL 32830

### DETERMINATION: REASONABLE CAUSE

Complainant filed a complaint of discrimination alleging that Respondent violated the Florida Civil Rights Act of 1992. The Florida Commission on Human Relations has completed its investigation of this matter.

Complainant was able to demonstrate that Complainant and Complainant's son were denied a reasonable accommodation in a place of public accommodation for the son's cognitive disability. Although Respondent provided an accommodation, it was a blanket accommodation that was supposed to apply to all cognitive disabilities. Respondent failed to consider the son's specific disability when offering a reasonable accommodation. Therefore, Complainant and Complainant's son were deprived of full enjoyment of the facility.

On the basis of the report from the Commission's Office of Employment Investigations and recommendation from the Commission's Office of General Counsel, pursuant to the authority delegated to me as Executive Director of the Florida Commission on Human Relations, I have determined that reasonable cause exists to believe that an unlawful practice occurred.

Dated: May 11, 20 16

Michelle Wilson
Executive Director

*COMMISSIONERS*

| | | | |
|---|---|---|---|
| **Derick Daniel** | **Dr. Donna Elam** | **Tony Jenkins** | **Sandra Turner** |
| *Tallahassee* | *Orlando* | *Orlando* | *Winter Springs* |
| **Jay Pichard** | **Gilbert Singer** | **Billy Whitefox Stall** | **Rebecca Steele, Chair** |
| *Tallahassee* | *Tampa* | *Panama City* | *Jacksonville* |

Exhibit 42

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**



*State of Florida*

# Florida Commission on Human Relations

*An Equal Opportunity Employer • Affirmative Action Employer*

| | | |
|---|---|---|
| **Rick Scott**<br>*Governor* | 4075 Esplanade Way • Room 110 • Tallahassee, Florida 32399-7020<br>(850) 488-7082 / FAX: (850) 487-1007<br>http://fchr.state.fl.us<br>*United in One Goal: Equal Opportunity and Mutual Respect* | **Rebecca Steele**<br>*Chair*<br>**Michelle Wilson**<br>*Executive-Director* |

FCHR No. 201501426

████████████████                                    **Complainant**

Dogali Law Group
101 East Kennedy Boulevard, Suite 1100
Tampa, FL 33602

Walt Disney Parks and Resorts, US, Inc.                **Respondent**
c/o Mr. Jeremy White, Director of Employee Relations
Post Office Box 10000
Orlando, FL 32830

### NOTICE OF DETERMINATION: REASONABLE CAUSE

The Florida Commission on Human Relations has determined that there is reasonable cause to believe that an unlawful practice occurred. A copy of the determination is attached.

Complainant may request an administrative hearing with the Division of Administrative Hearings by filing a Petition for Relief within 35 days of the date the determination was signed by the Executive Director. A blank Petition for Relief form is enclosed with Complainant's notice. It may be beneficial for Complainant to seek assistance from legal counsel prior to filing the petition. Alternatively, Complainant may file a civil action in a court of law within one year of the date the determination was signed by the Executive Director.

During the following 35 days, you are invited to participate in a conciliation session in order to reach a just resolution of this matter. A Commission mediator will be contacting the parties with additional details about our conciliation services.

Engaging in conciliation does not, however, extend the 35-day limitation period for filing a Petition for Relief. The determination of reasonable cause will become final if Complainant does not file a Petition for Relief within 35 days, and the Commission will dismiss the complaint.

The parties named in the determination may inspect the records and documents, in the custody of the Commission, which pertain to the determination. Please contact the Commission's Customer Service Office if you wish to request copies.

I HEREBY CERTIFY that a copy of the foregoing Notice of Determination was mailed to the above-named addressees this ___11th___ day of ___May___, 201__6__, by U.S. mail.

By: _Tammy Barton_
     Clerk of the Commission

                    AH

*COMMISSIONERS*

| | | | |
|---|---|---|---|
| **Derick Daniel**<br>*Tallahassee* | **Dr. Donna Elam**<br>*Orlando* | **Tony Jenkins**<br>*Orlando* | **Sandra Turner**<br>*Winter Springs* |
| **Jay Pichard**<br>*Tallahassee* | **Gilbert Singer**<br>*Tampa* | **Billy Whitefox Stall**<br>*Panama City* | **Rebecca Steele,** *Chair*<br>*Jacksonville* |

**Exhibit 42**

REDACTED VERSION OF DOCUMENT PROPOSED TO BE  FILED UNDER SEAL

## INVESTIGATIVE MEMORANDUM

FCHR NO**. 201401438**

To:         Office of General Counsel

From:      Pamella Dupree
           Investigative Specialist
           Office of Employment Investigations

### COMPLAINANT

███████████████████
███████████████████████

The Dogali Law Group, P.A.
101 East Kennedy Boulevard, Suite 110
Tampa, FL 33602

v.

### RESPONDENT

Walt Disney Parks and Resorts, US, Inc.
c/o Mr. Kerry A. Scanlon, Attorney
Kaye Scholer LLP
901 15th Street, N.W.
Washington, DC 20005

## DECLARATION OF JURISDICTION

Respondent is a public lodging and or food service establishment within the meaning of the Florida Statutes, Chapter 760, and all jurisdictional requirements have been met.

## FOCUS OF THE COMPLAINT

Complainant filed a charge of discrimination against Respondent alleging that her child was denied an accommodation for her disability.

## BACKGROUND

Complainant visited Respondent's amusement park in May of 2014 with her disabled child.

## COMPLAINANT'S ALLEGATIONS

Complainant alleged that around October 9, 2013, Respondent revoked its Guest Assistance Card (GAC) program and its related systems, policies and procedures for accommodating children with special needs. Respondent replaced the GAC program with a set of company-wide systems, policies and procedures which were connected to the new Disability Access Service (DAS). Complainant contends during her visit to Respondent's amusement park in May of 2014, her

**Exhibit 42**

REDACTED VERSION OF DOCUMENT PROPOSED TO BE  FILED UNDER SEAL

child received hostile/inferior service, was denied a reasonable accommodation and experienced harm as a result of the discrimination and lack of accommodation. Prior to October of 2013, Complainant insisted Respondent provided an adequate accommodation under the GAC system.

## RESPONDENT'S POSITION

Respondent denied that it violated any applicable laws, codes or regulations or that it discriminated against Complainant. It has gone to great lengths to provide service to its disabled guests and prides itself on its accessibility through its facilities. Respondent has also established a dedicated department known as Services for Guests with Disabilities. The Department provides a full array of services ranging from guidebooks that assist guests with disabilities to policies and procedures that enhance their experience at the various theme parks and resorts. For example, Respondent developed and implemented a *Guide for Guests with Disabilities* and a *Guide for Guests with Cognitive Disabilities.* These guides explain and delineate services and accessible features at Respondent's theme parks.

On October 9, 2013, Respondent replaced its GAC program with the DAS card program. The new DAS card was primarily designed to accommodate guests who are not able to wait in a conventional queue due to a disability. Specifically, it allows these guests to wait "virtually" and return to an attraction at the posted wait time minus 10 minutes. During this time, guests may visit other rides or attractions with little or no wait times, or otherwise experience the park.

Respondent contends that Complainant preferred the GAC program because, while Respondent was not legally required to do so, it generally provided its guests with disabilities and their families access to rides and attractions through alternative entrances, without them needing to wait in the standard ride or attraction lines or wait virtually and return to a ride or an attraction at a specified time. However, the GAC program resulted in abuse and fraudulent misuse, which was widespread and continuing.

Respondent also insisted that Complainant has failed to show that the DAS card program has not accommodated their disability. It reasonably accommodates guests with disabilities who are not able to wait in a conventional queue environment and provides the level of accommodation required by law. Complainant admitted that a DAS card was received; therefore, there is no reasonable cause to believe that any discrimination occurred.

## COMPLAINANT'S REBUTTAL

Complainant reiterated her previous allegations and insisted that she requested reduced wait times.  Complainant also insisted that the accommodation provided by Respondent was inadequate. Complainant contends under the DAS system, she would need to approach an attraction and would then be given a return time. During the wait, Complainant was not able to ride other attractions as only one attraction can be listed on the card. Therefore, Complainant and her child were required to wait idly for 40 minutes are longer.   Complainant's child has a disability that calls for consistency, order, and routine.   Additionally, the child cannot comprehend having to wait idly and her condition worsens when she overheats. Having to wait

**Exhibit 42**

REDACTED VERSION OF DOCUMENT PROPOSED TO BE  FILED UNDER SEAL

idly causes Complainant's child to become frustrated and to have a meltdown.  During the
meltdown, the child shuts down or starts hitting herself.

Complainant stated during her interview with this Investigator that during her visits to
Respondent, prior to October 9, 2013, the accommodation offered by Respondent permitted her
child to enjoy her experience at the park.  Complainant's daughter had immediate access with
short wait times. Complainant's daughter is a repeat rider, meaning she enjoys riding the same
attraction multiple times.  Under Respondent's GAC system, Complainant's daughter was able to
ride an attraction multiple times before moving to another attraction.

Complainant stated that she will attempt to visit Respondent's park again, but that if things have
not improved she will not return to Respondent's park and she will cancel her season pass.
Complainant stated that when obtaining the DAS card, she was told that her child did not qualify
for an accommodation and that the doctor's note could not be accepted. Complainant was told
that there was no reason why her child could not wait in line. Complainant presented Respondent
with a copy of the GAC to show Complainant had been previously accommodated and was
eventually provided a DAS card.

## SUMMARY OF INVESTIGATIVE FINDINGS

Complainant alleged that her daughter was denied the full enjoyment of the public
accommodation and the findings of this investigation support that allegation. While an
accommodation was offered, it was a blanket accommodation that did not take into account the
nuances between various disabilities or the fact that Complainant's daughter's disability required
more assistance than other cognitive disabilities. The accommodations offered would not allow
her to enjoy the park as it was intended to be enjoyed by all other patrons. In addition, there was
no effort by Respondent to determine a suitable accommodation for her daughter which would
have allowed her to fully enjoy the park.

## RECOMMENDATION

Accordingly, there is reason to believe Respondent denied Complainant's daughter the full
enjoyment of the establishment because of a disability and a cause finding is recommended.

**Exhibit 42**

REDACTED VERSION OF DOCUMENT PROPOSED TO BE  FILED UNDER SEAL

*State of Florida*

# Florida Commission on Human Relations

*An Equal Opportunity Employer ●Affirmative Action Employer*

**Rick Scott**
*Governor*

4075 Esplanade Way ● Room 110 ● Tallahassee, Florida 32399
(850) 488-7082
http://fchr.state.fl.us

**Gilbert Singer**
*Chair*
**Michelle Wilson**
*Executive-Director*

FCHR No. 201401438

████████████          **Complainant**

The Dogali Law Group, P.A.
101 East Kennedy Boulevard, Suite 110
Tampa, FL 33602

Walt Disney Parks and Resorts, US, Inc.          **Respondent**
c/o Mr. Kerry A. Scanlon, Attorney
Kaye Scholer LLP
901 15th Street, N.W.
Washington, DC 20005

### NOTICE OF DETERMINATION:  CAUSE

The Florida Commission on Human Relations, in the above-referenced complaint, has determined that there is reasonable cause to believe that a public accommodation violation occurred.  A copy of the Determination is attached.

During the following 30 days, you  are  invited  to  join the Commission in an  effort to reach a  just resolution  of  this matter through conciliation. The 30-day conciliation period does not, however, toll (affect) the 35-day limitation period for filing a **Petition for Relief**.

The Complainant may request an  administrative  hearing  by  filing a **Petition for  Relief** within 35 days of the  date  of this **Notice of Determination: Cause** or Complainant may file a civil action  within one year of the date of this **Notice Of Determination: Cause.**

We have enclosed a Petition for Relief form with Complainant's notice. It may be beneficial for the Complainant to seek assistance from legal counsel prior to actually filing a Petition for Relief.

If the Complainant fails to request an administrative hearing within 35 days of the date of this notice, the administrative claim under the Florida Civil Rights Act of 1992, Chapter 760, will be dismissed with prejudice pursuant to section 760.11, Florida Statutes and the claim will be barred.

I HEREBY CERTIFY that a copy of the foregoing NOTICE OF DETERMINATION: CAUSE has been served upon  the above-named addressees this _____13_____ day of ___Feb.___ , 20_15_, by U.S. mail.
By: _____*Tammy Barton*_____
Clerk of the Commission

## COMMISSIONERS

| | | | |
|---|---|---|---|
| **Gayle Cannon** *Lake City* | **Derick Daniel** *Tallahassee* | **Dr. Donna Elam** *Orlando* | **Dr. Onelia Fajardo-Garcia** *Miami* |
| **Dr. Elena Flom** *Cocoa Beach* | **Tony Jenkins** *Orlando* | **Michael Keller,** *Vice Chair* *Tampa* | **Gilbert Singer,** *Chair* *Tampa* |
| **Billy Whitefox Stall** *Panama City* | | | **Rebecca Steele** *Jacksonville* |



**Exhibit 42**

REDACTED VERSION OF DOCUMENT PROPOSED TO BE  FILED UNDER SEAL

*State of Florida*

# Florida Commission on Human Relations

*An Equal Opportunity Employer ●Affirmative Action Employer*

**Rick Scott**
*Governor*

4075 Esplanade Way ● Room 110 ● Tallahassee, Florida 32399
(850) 488-7082
http://fchr.state.fl.us

**Gilbert Singer**
*Chair*
**Michelle Wilson**
*Executive Director*

FCHR No. 201401438
Certified Receipt #: 9171999991703311491832

█████████████████                                    **Complainant**

The Dogali Law Group, P.A.
101 East Kennedy Boulevard, Suite 110
Tampa, FL 33602

Walt Disney Parks and Resorts, US, Inc.                **Respondent**
c/o Mr. Kerry A. Scanlon, Attorney
Kaye Scholer LLP
901 15th Street, N.W.
Washington, DC 20005

### DETERMINATION:  CAUSE

Complainant filed a Complaint of Discrimination alleging that Respondent discriminated against him/her in violation of the Florida Civil Rights Act of 1992, as amended, Section 760.08, Florida Statutes.  The Florida Commission on Human Relations has investigated this matter and has found the following:

Respondent is a public accommodation within the meaning of the Florida Civil Rights Act of 1992, and the timeliness and all jurisdictional requirements have been met;

Pursuant to Rule 60Y-5.004(1), Florida Administrative Code, the Office of Employment Investigations has submitted an Investigative Memorandum;

On the basis of the report and recommendation, pursuant to the authority delegated to me by Rules 60Y-2.004(2)(e) and 60Y-5.004, Florida Administrative Code, I have determined that reasonable cause exists to believe that an unlawful public accommodation practice occurred;

_____
Michelle Wilson
Executive Director

Dated: **February 12**, 20 **15**

Filed: **Feb. 13**, 20 **15**

By: _____
Clerk of the Commission

### COMMISSIONERS

| | | | |
|---|---|---|---|
| **Gayle Cannon**<br>*Lake City* | **Derick Daniel**<br>*Tallahassee* | **Dr. Donna Elam**<br>*Orlando* | **Dr. Onelia Fajardo-Garcia**<br>*Miami* |
| **Dr. Elena Flom**<br>*Cocoa Beach* | **Tony Jenkins**<br>*Orlando* | **Michael Keller**, *Vice Chair*<br>*Tampa* | **Gilbert Singer**, *Chair*<br>*Tampa* |
| **Billy Whitefox Stall**<br>*Panama City* | | | **Rebecca Steele**<br>*Jacksonville* |

## Exhibit 42

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

*State of Florida*

# Florida Commission on Human Relations

*An Equal Opportunity Employer • Affirmative Action Employer*

**Rick Scott**
*Governor*

4075 Esplanade Way • Room 110 • Tallahassee, Florida 32399
(850) 488-7082
http://fchr.state.fl.us

**Gilbert Singer**
*Chair*
**Michelle Wilson**
*Executive Director*

FCHR No. 201401312
EEOC No.
Certified Receipt #: 9171999991703311491870

**Complainant**

c/o Mr. Domenick Lazzara, Esquire
Dogali Law Group, P.A.
101 East kennedy Boulevard
Suite 1100
Tampa, FL 33602

Walt Disney Parks and Resorts US, Inc.      **Respondent**
c/o Mr. Kerry A. Scanlon, Esquire
Kaye Scholer LLP
901 Fifteenth Street, Northwest
The McPherson Building
Washington, DC 20005

## NOTICE OF DETERMINATION: CAUSE

The Florida Commission on Human Relations, in the above-referenced complaint, has determined that there is reasonable cause to believe that a public accommodation violation occurred. A copy of the Determination is attached.

During the following 30 days, you are invited to join the Commission in an effort to reach a just resolution of this matter through conciliation. The 30-day conciliation period does not, however, toll (affect) the 35-day limitation period for filing a **Petition for Relief**.

The Complainant may request an administrative hearing by filing a **Petition for Relief** within 35 days of the date of this **Notice of Determination: Cause** or Complainant may file a civil action within one year of the date of this **Notice Of Determination: Cause**.

We have enclosed a Petition for Relief form with Complainant's notice. It may be beneficial for the Complainant to seek assistance from legal counsel prior to actually filing a Petition for Relief.

If the Complainant fails to request an administrative hearing within 35 days of the date of this notice, the administrative claim under the Florida Civil Rights Act of 1992, Chapter 760, will be dismissed with prejudice pursuant to section 760.11, Florida Statutes and the claim will be barred.

I HEREBY CERTIFY that a copy of the foregoing NOTICE OF DETERMINATION: CAUSE has been served upon the above-named addressees this ____13____ day of ~~Feb~~ . , 20_15_ , by U.S. mail.
By: _Tammy Barton_

Clerk of the Commission

## COMMISSIONERS

**Gayle Cannon**
*Lake City*

**Dr. Elena Flom**
*Cocoa Beach*

**Billy Whitefox Stall**
*Panama City*

**Derick Daniel**
*Tallahassee*

**Tony Jenkins**
*Orlando*

**Dr. Donna Elam**
*Orlando*

**Michael Keller,** *Vice Chair*
*Tampa*

**Dr. Onelia Fajardo-Garcia**
*Miami*

**Gilbert Singer,** *Chair*
*Tampa*

**Rebecca Steele**
*Jacksonville*



**Exhibit 42**

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

*State of Florida*

# Florida Commission on Human Relations

*An Equal Opportunity Employer ● Affirmative Action Employer*

**Rick Scott**
*Governor*

4075 Esplanade Way ● Room 110 ● Tallahassee, Florida 32399
(850) 488-7082
http://fchr.state.fl.us

**Gilbert Singer**
*Chair*
**Michelle Wilson**
*Executive Director*

FCHR No. 201401312
Certified Receipt #: 91719999917033311491870

**Complainant**

c/o Mr. Domenick  Lazzara, Esquire
Dogali Law Group, P.A.
101 East kennedy Boulevard, Suite 1100
Tampa, FL 33602

Walt Disney Parks and Resorts US, Inc.          **Respondent**
c/o Mr. Kerry A. Scanlon, Esquire
Kaye Scholer LLP
901 Fifteenth Street, Northwest
The McPherson Building
Washington, DC 20005

## DETERMINATION:  CAUSE

Complainant filed a Complaint of Discrimination alleging that Respondent discriminated against him/her in violation of the Florida Civil Rights Act of 1992, as amended, Section 760.08, Florida Statutes.  The Florida Commission on Human Relations has investigated this matter and has found the following:

Respondent is a public accommodation within the meaning of the Florida Civil Rights Act of 1992, and the timeliness and all jurisdictional requirements have been met;

Pursuant to Rule 60Y-5.004(1), Florida Administrative Code, the Office of Employment Investigations has submitted an Investigative Memorandum;

On the basis of the report and recommendation, pursuant to the authority delegated to me by Rules 60Y-2.004(2)(e) and 60Y-5.004, Florida Administrative Code, I have determined that reasonable cause exists to believe that an unlawful public accommodation practice occurred.

Michelle Wilson
Executive Director

Dated: **February  12**, 2015

Filed: **Feb  13**, 2015

By: _____
Clerk of the Commission

## COMMISSIONERS

**Gayle Cannon**
*Lake City*

**Dr. Elena Flom**
*Cocoa Beach*

**Billy Whitefox Stall**
*Panama City*

**Derick Daniel**
*Tallahassee*

**Tony Jenkins**
*Orlando*

**Dr. Donna Elam**
*Orlando*

**Michael Keller,** *Vice Chair*
*Tampa*

**Dr. Onelia Fajardo-Garcia**
*Miami*

**Gilbert Singer,** *Chair*
*Tampa*

**Rebecca Steele**
*Jacksonville*

## Exhibit 42



REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

## INVESTIGATIVE MEMORANDUM

FCHR NO**.**   **201401312**

Date:        February 6, 2015

To:          Office of General Counsel

From:        Jennifer Morrison
             Investigation Specialist
             Office of Employment Investigations

### COMPLAINANT

██████████

c/o Mr. Domenick Lazzara, Esquire
Dogali Law Group
101 East Kennedy Blvd.
Tampa, FL 33602

v.

### RESPONDENT

Walt Disney Parks and Resorts US, Inc.
c/o Mr. Kerry Scanlon, Esquire
Kaye Scholer LLP
901 Fifteenth Street, NW
Washington, DC 2005

## DECLARATION OF JURISDICTION

Respondent is a public lodging and or food service establishment within the meaning of the Florida Statutes, Chapter 760, and jurisdictional requirements have been met.

## FOCUS OF THE COMPLAINT

A charge of discrimination was filed by Complainant against Respondent on behalf of her twin sons, ██████████, alleging that they were denied accommodations for their disabilities.

## BACKGROUND

Complainant visited Respondent's amusement park on November 5, 2013, for a 10-day trip.

## COMPLAINANT'S ALLEGATIONS

Prior to October 2013, Respondent offered guests with disabilities a Guest Assistance Card (hereinafter "GAC"). On October 9, 2013, Respondent revoked the GAC and the associated policies and procedures associated with accommodating disabilities. It was replaced with the Disability Access Service (hereinafter "DAS"). The new system does not accommodate her child's disability and as a result, it has discriminated against him.

**Exhibit 42**

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE  FILED UNDER SEAL**

Both of Complainant's sons have been diagnosed with varying degrees of disabilities. ███████ symptoms and stemming patterns include jumping in place and low groaning. Behavior meltdowns include loud verbal noises and screaming, jumping up and down and groaning loudly. Prior to October 9th, ████████ disabilities were accommodated. They visited the theme park twice a year and purchased a timeshare resulting in an $11,000 mortgage because time at the park was so special to them and due to the fact that █████ responded while at the theme parks.

Prior to their arrival, Complainant contacted Respondent multiple times to ensure that accommodations would be provided. She was reassured that accommodations were being provided on a case by case basis; however, that was not the case when they arrived. Instead, they were only offered the DAS.

Upon arrival at EPCOT, Complainant had to go into great detail about her sons' medical history. Complainant stated that the Cast Member acted as if she did not believe them. The DAS was ultimately provided, although the Cast Member seemed unwilling to even offer that. The Cast Member also acted as if she did not believe Complainant that she needed two passes for her sons. Sometimes, ████████ does not want to ride the same ride as ████████ and vice versa so a pass is needed to accommodate each child.

Complainant and her family tried the DAS at three of Respondent's four theme parks that day, but neither █████ nor ████████ were able to adjust to not being able to ride the ride upon arrival and essentially being turned away until a later time. █████ had a meltdown when they had to leave Toy Story because he could not understand the concept of having to come back later. One of Respondent's Cast Members told them to split the family up so one parent could obtain a ride time while the other waited with the children which Complainant felt was inappropriate to ask. In addition, it made it difficult for one parent to watch the two sons at once.

The GAC eliminated the idle time of waiting for a ride. The DAS, however, required everything to be scheduled and mapped out ahead of time eliminating any spontaneity which is an important part of accommodating the twins. Often, ████████ and █████ need to ride a ride over and over again, but the DAS does not accommodate this.  There was also no back-up plan available. If the kids changed their mind about which park they wanted to go to or if it was raining, they would not be able to change their plans or the kids would miss out the ride entirely.

**RESPONDENT'S POSITION**

Respondent denied that it violated any applicable laws, codes or regulations or that it discriminated against Complainant. It has gone to great lengths to provide service to its disabled guests and prides itself on its accessibility through its facilities. Respondent has also established a dedicated department known as Services for Guests with Disabilities. The Department provides a full array of services ranging from guidebooks that assist guests with disabilities to policies and procedures that enhance their experience at the various theme parks and resorts. For example, Respondent developed and implemented a *Guide for Guests with Disabilities* and a *Guide for Guests with Cognitive Disabilities.* These guides explain and delineate services and accessible features at Respondent's theme parks.[1]

---

[1] *See* Respondent's Position Statement, Exhibit 1 & 2.

**Exhibit 42**

REDACTED VERSION OF DOCUMENT PROPOSED TO BE  FILED UNDER SEAL

On October 9, 2013, Respondent replaced its GAC program with the DAS card program. The new DAS card was primarily designed to accommodate guests who are not able to wait in a conventional queue due to disability. Specifically, it allows these guests to wait "virtually" and return to an attraction at the posted wait time minus 10 minutes. During this time, guests may visit other rides or attractions (with little or no wait times) or otherwise experience the park.

Complainants preferred the GAC program because, while Respondent was not legally required to do so, it generally provided its guests with disabilities and their families access to rides and attractions through alternative entrances, without them needing to wait in the standard ride or attraction lines or wait virtually and return to a ride or an attraction at a specified time. However, the GAC program resulted in abuse and fraudulent misuse, which was widespread and continuing.

Complainant has failed to show that the DAS card program has not accommodated their disability. It reasonably accommodates guests with disabilities who are not able to wait in a conventional queue environment and provides the level of accommodation required by law. Complainant admitted that a DAS card was received; therefore, there is no reasonable cause to believe that any discrimination occurred.

Respondent was provided the opportunity to respond to Complainant's interview, but it did not provide a response.

## COMPLAINANT'S REBUTTAL

Complainant's charge form and interview answered the questions in response to the Position Statement and a formal rebuttal was not provided.

## SUMMARY OF INVESTIGATIVE FINDINGS

Complainant alleged that her sons were denied the full enjoyment of the public accommodation and the findings of this investigation support that allegation. While an accommodation was offered, it was a blanket accommodation that did not take into account the nuances between various disabilities or the fact that Complainant's sons' disability required more assistance than other cognitive disabilities. The accommodations offered would not allow them to enjoy the park as it was intended to be enjoyed by all other patrons. In addition, there was no effort by Respondent to determine a suitable accommodation for her sons which would allow them to fully enjoy the park.

## RECOMMENDATION

Accordingly, there is reason to believe Respondent denied Complainant's son the full enjoyment of the establishment because of a disability and a cause finding is recommended.

Exhibit 42

*State of Florida*

# Florida Commission on Human Relations

*An Equal Opportunity Employer • Affirmative Action Employer*

**Rick Scott**
*Governor*

4075 Esplanade Way • Room 110 • Tallahassee, Florida 32399-7020
(850) 488-7082 / FAX: (850) 487-1007
http://fchr.state.fl.us
*United in One Goal: Equal Opportunity and Mutual Respect*

**Rebecca Steele**
*Chair*
**Michelle Wilson**
*Executive Director*

FCHR No. 201501116

**Complainant**

The Dogali Law Group, P.A.
101 East Kennedy Boulevard, Suite 110
Tampa, FL 33602

Walt Disney Parks and Resorts, US, Inc.                    **Respondent**
c/o Mr. Jeremy White, Attorney
Kaye Scholer LLP
901 Fifteenth Street, NW
Washington, DC 20005

## DETERMINATION: REASONABLE CAUSE

Complainant filed a complaint of discrimination alleging that Respondent violated the Florida Civil Rights Act of 1992. The Florida Commission on Human Relations has completed its investigation of this matter.

Complainant was able to demonstrate that Complainant and Complainant's son were denied a reasonable accommodation for the son's cognitive disability. Although Respondent provided an accommodation, it was a blanket accommodation that was supposed to apply to all cognitive disabilities. Respondent failed to consider the son's specific disability when offering a reasonable accommodation. Therefore, Complainant and Complainant's son were deprived of full enjoyment of the facility.

On the basis of the report from the Commission's Office of Employment Investigations and recommendation from the Commission's Office of General Counsel, pursuant to the authority delegated to me as Executive Director of the Florida Commission on Human Relations, I have determined that reasonable cause exists to believe that an unlawful practice occurred.

Michelle Wilson
Executive Director

Dated: April 5, 20 16

*COMMISSIONERS*

**Derick Daniel**
*Tallahassee*

**Jay Pichard**
*Tallahassee*

**Dr. Donna Elam**
*Orlando*

Gilbert Singer
*Tampa*

**Tony Jenkins**
*Orlando*

Billy Whitefox Stall
*Panama City*

**Sandra Turner**
*Winter Springs*

**Rebecca Steele**, *Chair*
*Jacksonville*

Exhibit 42

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

*State of Florida*

# Florida Commission on Human Relations

*An Equal Opportunity Employer • Affirmative Action Employer*

**Rick Scott**
*Governor*

4075 Esplanade Way • Room 110 • Tallahassee, Florida 32399-7020
(850) 488-7082 / FAX: (850) 487-1007
http://fchr.state.fl.us
*United in One Goal: Equal Opportunity and Mutual Respect*

**Rebecca Steele**
*Chair*
**Michelle Wilson**
*Executive-Director*

FCHR No. 201501116
EEOC No.

**Complainant**

The Dogali Law Group, P.A.
101 East Kennedy Boulevard
Suite 110
Tampa, FL 33602

Walt Disney Parks and Resorts, US, Inc.          **Respondent**
c/o Mr. Jeremy White, Attorney
Kaye Scholer LLP
901 Fifteenth Street, NW
Washington, DC 20005

## NOTICE OF DETERMINATION: REASONABLE CAUSE

The Florida Commission on Human Relations has determined that there is reasonable cause to believe that an unlawful practice occurred. A copy of the determination is attached.

Complainant may request an administrative hearing with the Division of Administrative Hearings by filing a Petition for Relief within 35 days of the date the determination was signed by the Executive Director. A blank Petition for Relief form is enclosed with Complainant's notice. It may be beneficial for Complainant to seek assistance from legal counsel prior to filing the petition. Alternatively, Complainant may file a civil action in a court of law within one year of the date the determination was signed by the Executive Director.

During the following 35 days, you are invited to participate in a conciliation session in order to reach a just resolution of this matter. A Commission mediator will be contacting the parties with additional details about our conciliation services.

Engaging in conciliation does not, however, extend the 35-day limitation period for filing a Petition for Relief. The determination of reasonable cause will become final if Complainant does not file a Petition for Relief within 35 days, and the Commission will dismiss the complaint.

The parties named in the determination may inspect the records and documents, in the custody of the Commission, which pertain to the determination. Please contact the Commission's Customer Service Office if you wish to request copies.

I HEREBY CERTIFY that a copy of the foregoing Notice of Determination was mailed to the above-named addressees this ____5th____ day of __April__ , 20_16_, by U.S. mail.

By: __Tammy Barton__
Clerk of the Commission

### COMMISSIONERS

| **Derick Daniel** | **Dr. Donna Elam** | **Tony Jenkins** | **Sandra Turner** |
| *Tallahassee* | *Orlando* | *Orlando* | *Winter Springs* |
| **Jay Pichard** | **Gilbert Singer** | **Billy Whitefox Stall** | **Rebecca Steele,** *Chair* |
| *Tallahassee* | *Tampa* | *Panama City* | *Jacksonville* |

**Exhibit 42**

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE  FILED UNDER SEAL**

To:      Executive Director

From:   Sarah Stewart
         Attorney
         Office of General Counsel

Re:      ███████ v. Walt Disney Parks and Resorts, US, Inc.
         FCHR NO. **201501116**

## <u>RECOMMENDATION: REASONABLE CAUSE</u>

An investigation into this complaint was conducted by the Commission's Office of Employment Investigations, and the investigative materials were reviewed by the Commission's Office of General Counsel.

Complainant and Complainant's son are members of a protected class due to the son's cognitive disability.  Complainant's claim is one of many companion cases involving this particular disability against this particular Respondent.

Complainant was able to demonstrate that Complainant and Complainant's son were denied a reasonable accommodation in a place of public accommodation for the son's cognitive disability.  Although Respondent provided an accommodation, it was a blanket accommodation that was supposed to apply to all cognitive disabilities.  Respondent failed to consider the son's specific disability when offering a reasonable accommodation.  Therefore, Complainant and Complainant's son were deprived of full enjoyment of the facility.

Respondent has to look into the specific request for accommodation.  Although the ADA does state that a Respondent must not give an unfair advantage to a particular group based on a specific disability, it also states that this requirement is limited by whether or not the disabled person would enjoy the full benefits of the facility.  In this situation, the disabled parties would not be able to enjoy the facility anymore because their limitations include a failure to understand the reason for waiting and the failure to be able to accept a change in the routine.  Therefore, without the accommodation requested, the Complainants would simply stop coming to the park.

Additionally, even though Respondent provides a new accommodation, it does not take into account that the Complainants had come to rely on the previously offered accommodation.  It appears that the removal of this option does prevent people with severe symptoms of this particular disability from enjoying the facility.  Although Respondent provided a legitimate, nondiscriminatory reason for changing the policy (because people were abusing the privilege), Respondent did not provide a legitimate reason for not considering the requests of this group of Complainants, which could potentially prevent these Complainants from full use and enjoyment of the facility.  Respondent provided no reasonable alternative and did not even entertain the idea that this group of disabled individuals may require more assistance than others with cognitive disabilities.  Evidence presented shows that there was a reasonable accommodation possible as the previous system allowed the accommodation that worked for these individuals.  Therefore, it is unlikely that Respondent gave enough consideration to the request for a specific accommodation.

The Office of General Counsel has reviewed the case file and recommends that the proper resolution of the case is the issuance of a Determination: Reasonable Cause.

**Exhibit 42**

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

# Florida Commission on Human Relations

*An Equal Opportunity Employer • Affirmative Action Employer*

**Rick Scott**
*Governor*

4075 Esplanade Way • Room 110 • Tallahassee, Florida 32399-7020
(850) 488-7082 / FAX: (850) 487-1007
http://fchr.state.fl.us
*United in One Goal: Equal Opportunity and Mutual Respect*

**Rebecca Steele**
*Chair*
**Michelle Wilson**
*Executive-Director*

FCHR No. 201501427

████████████                                    **Complainant**

Dogali Law Group
101 East Kennedy Boulevard
Suite 1100
Tampa, FL 33602

Walt Disney Parks and Resorts, US, Inc.                **Respondent**
c/o Mr. Jeremy White, Director of Employee Relations
Walt Disney Parks and Resorts, US, Inc.
Post Office Box 10,000
Orlando, FL 32830

## DETERMINATION: REASONABLE CAUSE

Complainant filed a complaint of discrimination alleging that Respondent violated the Florida Civil Rights Act of 1992. The Florida Commission on Human Relations has completed its investigation of this matter.

Complainant was able to demonstrate that Complainant and Complainant's daughter were denied a reasonable accommodation in a place of public accommodation for the daughter's cognitive disability. Although Respondent provided an accommodation, it was a blanket accommodation that was supposed to apply to all cognitive disabilities. Respondent failed to consider the daughter's specific disability when offering a reasonable accommodation. Therefore, Complainant and Complainant's daughter were deprived of full enjoyment of the facility.

On the basis of the report from the Commission's Office of Employment Investigations and recommendation from the Commission's Office of General Counsel, pursuant to the authority delegated to me as Executive Director of the Florida Commission on Human Relations, I have determined that reasonable cause exists to believe that an unlawful practice occurred.

Michelle Wilson
Executive Director

Dated: May 11, 20 16

## COMMISSIONERS

| | | | |
|---|---|---|---|
| **Derick Daniel** *Tallahassee* | **Dr. Donna Elam** *Orlando* | **Tony Jenkins** *Orlando* | **Sandra Turner** *Winter Springs* |
| **Jay Pichard** *Tallahassee* | **Gilbert Singer** *Tampa* | **Billy Whitefox Stall** *Panama City* | **Rebecca Steele,** *Chair* *Jacksonville* |

**Exhibit 42**

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

# Florida Commission on Human Relations

*An Equal Opportunity Employer • Affirmative Action Employer*

**Rick Scott**
*Governor*

4075 Esplanade Way • Room 110 • Tallahassee, Florida 32399-7020
(850) 488-7082 / FAX: (850) 487-1007
http://fchr.state.fl.us
*United in One Goal: Equal Opportunity and Mutual Respect*

**Rebecca Steele**
*Chair*
**Michelle Wilson**
*Executive-Director*

FCHR No. 201501427

████████████████                                    **Complainant**

Dogali Law Group
101 East Kennedy Boulevard
Suite 1100
Tampa, FL 33602

Walt Disney Parks and Resorts, US, Inc.                **Respondent**
c/o Mr. Jeremy White, Director of Employee Relations
Post Office Box 10,000
Orlando, FL 32830

## NOTICE OF DETERMINATION: REASONABLE CAUSE

The Florida Commission on Human Relations has determined that there is reasonable cause to believe that an unlawful practice occurred. A copy of the determination is attached.

Complainant may request an administrative hearing with the Division of Administrative Hearings by filing a Petition for Relief within 35 days of the date the determination was signed by the Executive Director. A blank Petition for Relief form is enclosed with Complainant's notice. It may be beneficial for Complainant to seek assistance from legal counsel prior to filing the petition. Alternatively, Complainant may file a civil action in a court of law within one year of the date the determination was signed by the Executive Director.

During the following 35 days, you are invited to participate in a conciliation session in order to reach a just resolution of this matter. A Commission mediator will be contacting the parties with additional details about our conciliation services.

Engaging in conciliation does not, however, extend the 35-day limitation period for filing a Petition for Relief. The determination of reasonable cause will become final if Complainant does not file a Petition for Relief within 35 days, and the Commission will dismiss the complaint.

The parties named in the determination may inspect the records and documents, in the custody of the Commission, which pertain to the determination. Please contact the Commission's Customer Service Office if you wish to request copies.

I HEREBY CERTIFY that a copy of the foregoing Notice of Determination was mailed to the above-named addressees this ___11th___ day of ___May___, 20_16_, by U.S. mail.

By: ___Tammy Barton___
       Clerk of the Commission        AH

## COMMISSIONERS

| | | | |
|---|---|---|---|
| **Derick Daniel** | **Dr. Donna Elam** | **Tony Jenkins** | **Sandra Turner** |
| *Tallahassee* | *Orlando* | *Orlando* | *Winter Springs* |
| **Jay Pichard** | **Gilbert Singer** | **Billy Whitefox Stall** | **Rebecca Steele,** *Chair* |
| *Tallahassee* | *Tampa* | *Panama City* | *Jacksonville* |

**Exhibit 42**

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

*State of Florida*

# Florida Commission on Human Relations

*An Equal Opportunity Employer • Affirmative Action Employer*

**Rick Scott**
*Governor*

4075 Esplanade Way • Room 110 • Tallahassee, Florida 32399-7020
(850) 488-7082 / FAX: (850) 487-1007
http://fchr.state.fl.us
*United in One Goal: Equal Opportunity and Mutual Respect*

**Rebecca Steele**
*Chair*
**Michelle Wilson**
*Executive Director*

FCHR No. 201500097

**Complainant**

Dogali Law Group
101 East Kennedy Boulevard, Suite 1100
Tampa, FL 33602

Walt Disney Parks and Resorts, US, Inc.          **Respondent**
c/o Mr. Kerry Scanlon, Esquire
Kaye Scholer LLP
901 15th Street NW
Washington, DC 20005

## DETERMINATION: REASONABLE CAUSE

Complainant filed a complaint of discrimination alleging that Respondent violated the Florida Civil Rights Act of 1992. The Florida Commission on Human Relations has completed its investigation of this matter.

Complainant was able to demonstrate that Complainant and Complainant's daughter were denied a reasonable accommodation for the daughter's cognitive disability. Although Respondent provided an accommodation, it was a blanket accommodation that was supposed to apply to all cognitive disabilities. Respondent failed to consider the daughter's specific disability when offering a reasonable accommodation. Therefore, Complainant and Complainant's daughter were deprived of full enjoyment of the facility.

On the basis of the report from the Commission's Office of Employment Investigations and recommendation from the Commission's Office of General Counsel, pursuant to the authority delegated to me as Executive Director of the Florida Commission on Human Relations, I have determined that reasonable cause exists to believe that an unlawful practice occurred.

Michelle Wilson
Executive Director

Dated: April 5 , 2016

*COMMISSIONERS*

**Derick Daniel**
*Tallahassee*

**Dr. Donna Elam**
*Orlando*

**Tony Jenkins**
*Orlando*

**Sandra Turner**
*Winter Springs*

**Jay Pichard**
*Tallahassee*

**Gilbert Singer**
*Tampa*

**Billy Whitefox Stall**
*Panama City*

**Exhibit 42**

**Rebecca Steele,** *Chair*
*Jacksonville*

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

*State of Florida*

# Florida Commission on Human Relations

*An Equal Opportunity Employer • Affirmative Action Employer*

**Rick Scott**
*Governor*

4075 Esplanade Way • Room 110 • Tallahassee, Florida 32399-7020
(850) 488-7082 / FAX: (850) 487-1007
http://fchr.state.fl.us
*United in One Goal: Equal Opportunity and Mutual Respect*

**Rebecca Steele**
*Chair*
**Michelle Wilson**
*Executive Director*

FCHR No. 201500097

**Complainant**

Dogali Law Group
101 East Kennedy Boulevard
Suite 1100
Tampa, FL 33602

Walt Disney Parks and Resorts, US, Inc.
c/o Mr. Kerry Scanlon, Esquire
Kaye Scholer LLP
901 15th Street NW
Washington, DC 20005

**Respondent**

## NOTICE OF DETERMINATION: REASONABLE CAUSE

The Florida Commission on Human Relations has determined that there is reasonable cause to believe that an unlawful practice occurred. A copy of the determination is attached.

Complainant may request an administrative hearing with the Division of Administrative Hearings by filing a Petition for Relief within 35 days of the date the determination was signed by the Executive Director. A blank Petition for Relief form is enclosed with Complainant's notice. It may be beneficial for Complainant to seek assistance from legal counsel prior to filing the petition. Alternatively, Complainant may file a civil action in a court of law within one year of the date the determination was signed by the Executive Director.

During the following 35 days, you are invited to participate in a conciliation session in order to reach a just resolution of this matter. A Commission mediator will be contacting the parties with additional details about our conciliation services.

Engaging in conciliation does not, however, extend the 35-day limitation period for filing a Petition for Relief. The determination of reasonable cause will become final if Complainant does not file a Petition for Relief within 35 days, and the Commission will dismiss the complaint.

The parties named in the determination may inspect the records and documents, in the custody of the Commission, which pertain to the determination. Please contact the Commission's Customer Service Office if you wish to request copies.

I HEREBY CERTIFY that a copy of the foregoing Notice of Determination was mailed to the above-named addressees this $\underline{5th}$ day of $\underline{April}$ , 20$\underline{16}$, by U.S. mail.

By: ___Tammy Barton___
Clerk of the Commission
AM

*COMMISSIONERS*

**Derick Daniel**
*Tallahassee*

**Jay Pichard**
*Tallahassee*

**Dr. Donna Elam**
*Orlando*

**Gilbert Singer**
*Tampa*

**Tony Jenkins**
*Orlando*

**Billy Whitefox Stall**
*Panama City*

**Sandra Turner**
*Winter Springs*

**Rebecca Steele**, *Chair*
*Jacksonville*

**Exhibit 42**

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE  FILED UNDER SEAL**

To:     Executive Director

From:   Sarah Stewart
        Attorney
        Office of General Counsel

Re:     ████ v. Walt Disney Parks and Resorts, US, Inc.
        FCHR NO. **201500097**

### RECOMMENDATION: REASONABLE CAUSE

An investigation into this complaint was conducted by the Commission's Office of Employment Investigations, and the investigative materials were reviewed by the Commission's Office of General Counsel.

Complainant and Complainant's daughter are members of a protected class due to the daughter's cognitive disability.  Complainant's claim is one of many companion cases involving this particular disability against this particular Respondent.

Complainant was able to demonstrate that Complainant and Complainant's daughter were denied a reasonable accommodation in a place of public accommodation for the daughter's cognitive disability. Although Respondent provided an accommodation, it was a blanket accommodation that was supposed to apply to all cognitive disabilities.  Respondent failed to consider the daughter's specific disability when offering a reasonable accommodation.  Therefore, Complainant and Complainant's daughter were deprived of full enjoyment of the facility.

Respondent has to look into the specific request for accommodation.  Although the ADA does state that a Respondent must not give an unfair advantage to a particular group based on a specific disability, it also states that this requirement is limited by whether or not the disabled person would enjoy the full benefits of the facility.  In this situation, the disabled party would not be able to enjoy the facility anymore because their limitations include a failure to understand the reason for waiting and the failure to be able to accept a change in the routine.  Therefore, without the accommodation requested, the Complainants would simply stop coming to the park.

Additionally, even though Respondent provides a new accommodation, it does not take into account that the Complainants had come to rely on the previously offered accommodation.  It appears that the removal of this option does prevent people with severe symptoms of this particular disability from enjoying the facility.  Although Respondent provided a legitimate, nondiscriminatory reason for changing the policy (because people were abusing the privilege), Respondent did not provide a legitimate reason for not considering the requests of this group of Complainants, which could potentially prevent these Complainants from full use and enjoyment of the facility.  Respondent provided no reasonable alternative and did not even entertain the idea that this group of disabled individuals may require more assistance than others with cognitive disabilities.  Evidence presented shows that there was a reasonable accommodation possible as the previous system allowed the accommodation that worked for these individuals.  Therefore, it is unlikely that Respondent gave enough consideration to the request for a specific accommodation.

The Office of General Counsel has reviewed the case file and recommends that the proper resolution of the case is the issuance of a Determination: Reasonable Cause.

**Exhibit 42**