1
2
3
4
5

ANDY DOGALI (admitted pro hac vice)
adogali@dogalilaw.com
Dogali Law Group, P.A.
19321 US Hwy 19 North, Suite 307
Clearwater, Florida 33764
(813) 289-0700

6
7
8
9
10
11

EUGENE FELDMAN (CA Bar No. 118497)
Eugene@aswtlawyers.com
Arias, Sanguinetti, Wang & Torrijos, LLP
6701 Center Drive West, Suite 1400
Los Angeles, CA  90045
(310) 844-9696

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| T.P., et al.,<br><br>  Plaintiffs,<br><br> v.<br><br> WALT   DISNEY   PARKS   AND RESORTS U.S. INC.,<br><br>  Defendant. | ) Case No.: 2:15-cv-05346-CJC-E<br>)<br>) **PLAINTIFFS' AMENDED**<br>) **OPPOSITION TO**<br>) **DEFENDANT'S MOTION TO**<br>) **EXCLUDE TESTIMONY OF**<br>) **DR. LILA KIMEL [D489]**<br>)<br>) **Date:   May 3, 2021**<br>) **Time:  1:30 p.m.**<br>) **Judge: Hon. Cormac J. Carney**<br>) **Courtroom 9B** |

Plaintiffs T.J.A., L.A., E.W.V. and A.M.P., by and through undersigned counsel, and pursuant to the Federal Rule of Evidence, responds to Defendant's Motion to Exclude the Testimony and Strike the Report and Opinions of Dr. Lila Kimel in Bellwether V [Doc. 489] (the "Daubert Motion"). In opposition to

DOGALI LAW GROUP, P.A.

1  Defendant's Daubert Motion Plaintiffs offer the following arguments and
2  authorities.

3  **I.    INTRODUCTION**

4          Plaintiff's retained expert, Lila Kopelioff Kimel, Ph.D. ("Dr. Kimel") is a
5  licensed and board-certified Neuropsychologist and Subspecialist in Pediatric
6  Neuropsychology with extensive experience in the area of assessing adult and
7  pediatric developmental and acquired brain disorders, including Autism
8  Spectrum Disorder ("ASD"), fragile X, Down Syndrome, brain injuries, learning
9  disabilities and psychiatric disorders. *See Curriculum Vitae* of Lila Kopelioff
10 Kimel, Ph.D. attached as Exhibit "B" to the Declaration of Lila Kopelioff Kimel,
11 Ph.D. ("Kimel Declaration") filed herewith. Pursuant to Federal Rule of Civil
12 Procedure 26, Plaintiff supplemented their earlier expert disclosure by serving
13 the report prepared by Dr. Kimel for Bellwether Phase V.  Dr. Kimel's report
14 outlines her opinions regarding her critical analysis of Walk Disney Parks and
15 Resorts U.S. Inc.'s ("Disney" or " Defendant") Disability Access Services (DAS)
16 program instituted in October 2013 at Disney parks including Disneyland and
17 Walt Disney World. *See* Expert Report of Lila Kimel, Ph.D. attached as Exhibit
18 B to the Kimel Declaration (hereinafter the "Kimel Report").  Dr. Kimel outlined
19 her opinions as to whether the DAS' allows individuals with severe ASD have
20 equal access to Disney parks, whether the DAS program accommodations are
21 reasonable and necessary to provide equal access to Disney Parks and whether
22 the Plaintiffs suffered emotional distress as a result of the lack of
23 accommodations provided by the DAS program as compared to the previously
24 implemented Guest Access Card.  *See* Kimel Report § I (Exhibit B).  Particular
25 opinions include, but are not limited to, the manifestation of ASD on an individual
26 and how it impacts an individual's ability to function as well as resulting deficits
27 in intellectual and adaptive skills, sensory processing, language, communication,

DOGALI LAW GROUP, P.A.

Page 2

social emotional reciprocity, relationships, social motivation, restricted and repetitive behavior, interests and activities, abnormal intensity of focus and other cognitive functions faced by a person with ASD. *Id.* Dr. Kimel opines as to ASD's elevation of anxiety in individuals and related symptoms as compared to the general population. Her analysis also addresses specific limitation to evidence-based treatment strategies such as Applied Behavioral Analysis ("ABA") and how the DAS's ABA based accommodation fail to assist individuals who fall within the ASD subset most affected.

The Defendant seeks to exclude the Kimel Report, as well as Dr. Kimel's testimony, pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993). The Defendant argues that Dr. Kimel is not qualified to serve as an expert, her report is unreliable, and her opinions are irrelevant.

It is entirely appropriate for Dr. Kimel to provide general testimony and opinions regarding ASD, its symptoms, and its impact on the cognitive functioning of those suffering from the disorder. Such testimony will assist the trier of fact in understanding a complex neurological disorder and in applying the information to other evidence and testimony offered at trial. Dr. Kimel's opinions are admissible under Rule 702, and the Defendant is free to raise issues of credibility regarding the scope or general nature of any particular opinion through cross examination or the admission of rebuttal evidence and testimony.

## II.   ARGUMENT & AUTHORITIES

### A.   LEGAL STANDARD UNDER DAUBERT

The trial court is required to act as the "gate-keeper" to determine whether expert testimony should be admitted. *Daubert v. Merrell Dow Pharmaceuticals,*

DOGALI LAW GROUP, P.A.

*Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). Whether the testimony of an expert witness is admissible at trial if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

> (b) the testimony is based on sufficient facts or data,

> (c) the testimony is the product of reliable principles and methods; and

> (3) the witness has reliably applied the principles and methods to the facts of the case.

Fed. R. Civ. P. 702.

In determining the admissibility of expert testimony, "the trial court must assure that the expert testimony 'both rests on a reliable foundation and is relevant to the task at hand.'" *Primiano v. Cook,* 598 F.3d 558, 564 (9th Cir.2010)(quoting *Daubert,* 509 U.S. at 597, 113 S. Ct. 2786). "Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry. And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *Primiano,* at 565 (citation and internal quotation marks omitted).

## B.   DR. KIMEL'S QUALIFICATIONS EXCEED THE STANDARD REQUIRED.

Dr. Kimel is highly qualified as a licensed and a board-certified Neuropsychologist and Subspecialist in Pediatric Neuropsychology with a specialty focus on anxiety in autism. *See* Kimel C.V. (Exhibit B), Deposition of Lila K Kopelioff Kimel, Ph.D. 80:3-4, 80:25-81:2 ("Kimel Depo.). Within the specialty of "anxiety" there are different areas of research that focuses on

DOGALI LAW GROUP, P.A.

"delayed gratification" and "understanding time" as individual subspecialties. *See* Kimel Depo. 80:13-16. While Dr. Kimel does not consider herself an "expert"[1] in the subspecialties, her specialty in anxiety presents individual cases where the issues of delayed gratification, waiting and transitioning are relevant. *See* Kimel Depo. 81:2-6. Dr. Kimel's scientific and specialized knowledge over the years is appropriate to help a trier of fact to understanding the issues in this case.

Over twenty-three years, Dr. Kimel relied on empirical research skills to support her clinical work, research and publications as well as supporting her applied practice. *See* Kimel Report p. 3, Appendices C-D (Exhibit B). Dr. Kimel's report and testimony indicates that she has applied her research skills to this case. Upon beginning her research Dr. Kimel conducted a literary search through various databases including PsychINFO which provides a research source for psychologists. *See* Lila Kimel, Ph.D. Deposition Vol I ("Kimel Depo") 34:22-36:11. Specifically, Dr. Kimel searched the key terms "autism" and "delayed gratification" specifically to bring herself up to date on current research and to ensure that current research would allow her to make informed decisions relevant to the case. *See id.* at 36:3-4, 7922:24.

_____

[1] The Eleventh Circuit cites to research from a both a generalist and a specialist in its opinion *AL v. Walt Disney Parks & Resorts U.S., Inc.*, 900 F.3d 1270, 1285-86. The work Identification and Evaluation of Children with Autism Spectrum Disorders, 120 Pediatrics 1183, 1194 (2007) by Chris Plauche Johnson *et al.* is described a report addressing background information, including definition, history, epidemiology, diagnostic criteria, early signs, neuropathologic aspects, and etiologic possibilities in autism spectrum disorders. In contrast, the Court also relied on a specific study by Susan Faja, *et al.* entitled Reduced Delay of Gratification and Effortful Control Among Young Children with Autism Spectrum Disorders, 19 Autism 91 (2015). Both researchers assisted the court in determining the facts in issue.

DOGALI LAW GROUP, P.A.

DOGALI LAW GROUP, P.A.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

It is important to note that Defendant does not question Dr. Kimel's education and background. As noted in her C.V., Dr. Kimel has a quality education, research and publication experience and an active practice. Unlike the expert in *U.S. v. Chang*, 207 F.3d 1169 (9th Cir. 2000), who did not testify as to *any training or experience* in the material issue of detecting counterfeit securities, Dr. Kimel's training in autism, specialty in anxiety related to autism, and clinical practice applying research to actual cases involving "delayed gratification" and "understanding time" establishes that she has the necessary skills and experience to offer opinions in this case. Defendant's motion must be denied.

### C.   Dr. Kimel's Opinions Are Reliable.

Dr. Kimel's opinions are reliable and are based on quality research that cannot be question. Instead, Defendant seeks to preclude Dr. Kimel's work based on poor citation conducted without the intent to deceive. The APA Style and Grammar Guidelines proffered at Dr. Kimel's deposition states:

> Plagiarism is the act of presenting the words, ideas, or images of another as their own. ... To avoid plagiarism, provide appropriate credit [ ] to your sources by adding author-date in-text citations for direct quotations and ideas.

Kimel Depo. 66:6-67:6, Exhibit 2 attached thereto.

Dr. Kimel admits during her deposition that the partial excerpts cited by the defendants could be considered plagiarism as direct copies of sources. *See* Kimel Depo. 49:17-25. Dr. Kimel conducts research by copying direct text into her working materials and then massaging the underlying principles into her own thoughts through her own words. See Kimel Depo. 50:12-51:6. During her work, she missed revisions and citations – as she states, she "should have done a better job. *See id.*

Nonetheless, precedent establishes that the Court must balance the substance of the of the expert's work and opinions against actions giving rise to impeachment. "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Id.* at 564 (citation omitted). The judge is "supposed to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable." *Alaska Rent–A–Car,* 738 F.3d 960, 969 (9th Cir. 2013). Simply put, "[t]he district court is not tasked with deciding whether the expert is right or wrong, just whether his (or her) testimony has substance such that it would be helpful to a jury." *Id.* at 969–70. Challenges that go to the weight of the evidence are within the province of a fact finder, not a trial court judge. A district court should not make credibility determinations that are reserved for the jury. *See City of Pomona v. SQM N. Am. Corp.,* 750 F.3d 1036, 1044 (9th Cir. 2014). Finally, the exclusion of expert testimony is a severe sanction that is not appropriate where a party's actions do not result in prejudice to the opposing party. *See SEC v. Huff,* No. 08–60315, 2010 WL 228000, *3 (S.D. Fla. 2010); *In re Terazosin Hydrochloride Antitrust Litig.,* No. 99–1317, 2005 WL 5955699, *9 (S.D. Fla. 2005).

Neither the Plaintiffs nor Dr. Kimel suggest that the "plagiarism" should not be considered when assessing the credibility of an expert or his or her work; nor do they concede that Dr. Kimel's testimony or opinions are flawed or deficient. However, the foregoing authorities make it clear that while the Defendant's attack on Dr. Kimel's opinions is an appropriate area for cross examination or offering rebuttal evidence, they do not establish a basis to exclude her testimony or opinions from consideration by the fact finder.

DOGALI LAW GROUP, P.A.

1
2
3
4
5
6
7
8
9
10
11

DOGALI LAW GROUP, P.A.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

When addressing plagiarism by an expert, at least one court has refused to disqualify an expert based on evidence of plagiarism.   The court specifically noted:

> While the alleged plagiarism may be germane to the issues of [the expert's] credibility, however, [the movant] has not shown that it impacts the reliability of Shaw's opinions.

*GWTP Invest., L.P. v. SES Americom, Inc.*, 2007 WL 7630459, *5 (N.D. Tex. Aug. 3, 2007).  Plaintiffs request that the Court review Disney's annotated Exhibit 1 to Dr. Kimel's deposition that illustrates that the "plagiarism" consists of supporting data and facts in sections providing background descriptions supporting her analysis.  *See* Kimel Depo 42:7-44:23, Exhibit 1 thereto.  The twenty-three pages of analysis do not contain instances  of "plagiarism."

Simply put Defendant has failed to establish that the "plagiarism" impacts the reliability of Dr. Kimel's opinions. Defendant's motion must be denied.

### D.   DR. KIMEL'S INFORMAL SURVEY WAS APPROPRIATE TO GAIN AN UNDERSTANDING OF HOW DAS IS USED BY FAMILIES.

Dr. Kimel, as a parent of an autistic child, raised questions to other parents in two autism focused Facebook groups in which she participates.  As stated in her report, Dr. Kimel reached out to the parents to clarify how they  use the DAS program.  *See* Kimel Report p. 25.  The responses provided a backdrop by which she could consider how families use the accommodation with both positive and negative reviews.  *See id.* p. 32-33.

It is important to note that Dr. Kimel did not rely on the survey to formulate her conclusions. *See* Kimel Deposition 138:5-11.  Again, because the Defendant will have an opportunity to impeach Dr. Kimel's research and it failed to establish that the informal study impacted her opinions, the Court should deny its motion.

Page 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DOGALI LAW GROUP, P.A.

### E.   DR. KIMEL'S OPINIONS ARE DIRECTLY RELEVANT AND MATERIAL TO THIS CASE.

Relevance is defined as evidence that.

> "has any tendency to make a fact ore or less probable than it would be without the evidence; and [] the fact is of consequence in determining the action."

Fed. R. Evid. 401. Under this guideline, Dr. Kimel's opinions as cited in her report are relevant based to determining whether the DAS accommodates the needs of guests with severe autism.  *See* Kimel Report p. 47-48.  Contrary to Defendants assertions, Dr. Kimel conducted a thorough review of relevant facts which she cited in detail in her report.  *See id.* at 25-32, 39-47. There is no prohibition for relying on facts supplied by counsel, especially in a situation such as here where the Defendant's website is difficult to understand.  *See* Fed. R. Evid. 703 ("An expert may base an opinion on facts or data in the case that the expert has been made aware of".)  Defendant has the opportunity to impeach Dr. Kimel at a later date.

### F.   Dr. Kimel Research Establish that the Effectiveness of ABA Therapy Is a Topic of Study.

Defendant's averments that Dr. Kimel's research is not implicated by this case.  As explained in the Declaration of Dr. Kimel (Exhibit 3) filed herewith, Dr. Kimel thoroughly discusses the positive and negative affects of ABA therapy which is affirmed by the fact that studies question the opinions.

III.   <u>Conclusion</u>

WHERFORE, Plaintiffs respectfully request that this Court deny Defendant's Motion to Exclude the Testimony and Expert Report of Lila Kimel, Ph.D.

DOGALI LAW GROUP, P.A.

 /s/ *Barbara U. Uberoi*

Andy Dogali, Esq.
Admitted *pro hac vice*
Fla. Bar No.: 0615862
Barbara U. Uberoi, Esq.
Cal. Bar No. 208389
19321 U.S. Hwy. 19 N., Suite 307
Clearwater, FL 33764
(813) 289-0700
adogali@dogalilaw.com
buberoi@dogalilaw.com

Eugene Feldman, Esq.
CA Bar No. 118497
Arias, Sanguinetti, Wang &
Torrijos, LLP
6701 Center Drive West, Suite 1400
Los Angeles, CA  90045
(310) 844-9696
eugene@aswtlawyers.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed and served on all counsel of record by way of the Court's CM/ECF filing system this 13th day of April 2021.

 /s/ *Barbara U. Uberoi*
Barbara U. Uberoi

Page 10