**McDERMOTT WILL & EMERY LLP**
Jason Strabo (SBN 246426)
jstrabo@mwe.com
2049 Century Park East
Suite 3200
Los Angeles, CA 90067-3206
Telephone: +1 310 277 4110
Facsimile: +1 310 277 4730

Kerry Alan Scanlon (Admitted *pro hac vice*)
kscanlon@mwe.com
Jeremy M. White (Admitted *pro hac vice*)
jmwhite@mwe.com
Julie H. McConnell (Admitted *pro hac vice*)
jmcconnell@mwe.com
500 North Capitol Street, NW
Washington, D.C. 20001
Telephone: +1 202 756 8000
Facsimile: +1 202 785 8087

Attorneys for Defendant Walt Disney Parks and Resorts U.S., Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.P., by and through S.P., as next friend, parent, and natural guardian, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Walt Disney Parks and Resorts U.S., Inc.,<br><br>Defendant. | CASE NO. 2:15-cv-05346-CJC-E<br><br>**WALT DISNEY PARKS AND RESORTS U.S., INC.'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO AMENDED APPLICATION TO TAX COSTS** |

Defendant Walt Disney Parks and Resorts U.S., Inc. ("Disney") submits the following response to Plaintiffs' Objections to Disney's Amended Application to the Clerk to Tax Costs ("Application").[1]

---

[1] Disney amended its application on July 29, 2021 to include updated deposition invoices and explain why certain court reporting service providers utilized rates above those set by the Judicial Conference of United States. *See* Doc. 520. Plaintiffs' supplemental filing barely addresses these amendments and instead focuses on new objections to Disney's original application which were due on July

Disney's Response to Plaintiffs' Objections to                                  (No. 2:15-cv-05346-CJC-E)
Amended Application to Tax Costs

## I. PLAINTIFFS' REQUEST TO STAY THE TAXATION OF COSTS PENDING APPEAL SHOULD BE DENIED

Plaintiffs ask this Court to stay taxation of costs pending an appeal to the Ninth Circuit, but they neither followed (nor acknowledged the availability of) the procedure laid out by the Federal Rules of Civil Procedure for requesting a stay—that is, to request a supersedeas bond. *See, e.g.*, *Jang v. Sagicor Life Ins. Co.*, 2019 WL 6434934, at *4 (C.D. Cal. Oct. 25, 2019) ("[T]he Federal Rules of Civil Procedure already provide a mechanism by which plaintiffs can defer payment of costs pending the outcome of an appeal. If an appeal is taken, the appellant may obtain a stay by supersedeas bond.") (citing Fed. R. Civ. P. 62(d)). They instead ask the Court to delay taxation of costs based on a four-prong test. Doc. 518 at 4.[2] But Plaintiffs fail to satisfy that test too.

**1.** To begin, Plaintiffs are unlikely to succeed on appeal. Plaintiffs have now had numerous opportunities, including five bellwether phases, to convince the Court (and two different federal judges) that their claims had merit. They failed at every turn. And Plaintiffs' mere belief that they will be meritorious on appeal "has no bearing on the issue of whether . . . costs should be taxed." *Jang v. Sagicor Life Ins. Co.*, 2019 WL 6434934, at *4 (C.D. Cal. Oct. 25, 2019) (internal citations

---

28, 2021 (*see* Doc. 525 at 8, 11, 13-15 & 17-18). Plaintiffs have also attached several exhibits relating to the original application (Docs. 525-7 through 525-16), which should have been submitted weeks ago. Because the Plaintiffs failed to raise these objections in responding to Disney's original application, they are untimely and should be disregarded.

[2] *Spigen-Korea Co., Ltd. v iSpeaker Co., Ltd*, 2020 WL 2527998, at *1 (C.D. Cal. Jan. 23, 2020) (outlining the following four factors for determining whether to stay an order pending appeal: (1) the applicant seeking the stay has made a strong showing that he is likely to succeed on the merits; (2) the applicant will be irreparably injured absent a stay; (3) issuance of a stay will substantially injure the other parties interested in the proceeding; and (4) public interest reasons weigh in favor of a stay).

omitted) (citing *Haitayan v. 7-Eleven, Inc.*, 2018 WL 5263210, at *3 (C.D. Cal. Aug. 31, 2018)).

Moreover, Plaintiffs' emphasis on the Eleventh Circuit's reversal of summary judgment in *A.L. v. Walt Disney Parks and Resorts U.S., Inc.*, 800 F.3d 1270 (11th Cir. 2018) is misplaced. In its August 2018 decision, the Eleventh Circuit incorrectly construed Title III's "necessary" standard as requiring Disney to provide a theme park experience that would eliminate meltdowns. *Id.* at 1280-81, 1296-98. That reasoning cannot be reconciled with the Supreme Court's precedent in *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 688 (2001). It is therefore not surprising that this Court did not adopt the *A.L.* decision when it subsequently granted summary judgment for Disney in Bellwether III, IV and V. Docs. 355, 464-466, & 510-511. The Ninth Circuit is unlikely to hold otherwise.

**2.** Plaintiffs have also made no showing that they would be irreparably injured absent a stay. They assert that they (and their families) have lesser financial means than the Defendant, but fail to provide any evidence to prove they have insufficient assets to pay the taxable costs. *See Emblaze Ltd. v. Apple Inc.*, 2015 WL 1304779, at *2 (N.D. Cal. Mar. 20, 2015) (denying entry of a stay where defendant "offer[ed] no evidence that it lacks assets sufficient to satisfy a cost award"); *see also Santana v. Cty. of Yuba*, 2021 WL 492787, at *2 (E.D. Cal. Feb. 10, 2021) (concluding that a stay was unwarranted where plaintiffs did "not articulate any hardship or irreparable harm they would suffer if the court does not grant a stay").

**3.** This case has been litigated for over six years and at great expense to Disney. A further delay in awarding costs is in and of itself injurious. *Emblaze*, 2015 WL 1304779, at *2 ("The prevailing party has an interest in prompt payment of its taxable costs . . . Further delay is prejudicial to [defendant] as the prevailing party under Rule 54(d).").

**4.** Public policy also favors "prompt recovery of costs." *Id.* at *3. This is particularly true here because this litigation was brought on behalf of twenty-seven

Plaintiff families and has been litigated for more than six years, during which time Disney has incurred substantial costs. Now that a final judgment has been issued, Disney should be awarded costs promptly and without delay.

Because the Plaintiffs fail to seek a stay using the proper procedure (*Jang*, 2019 WL 6434934, at *4) and do not demonstrate that a stay is appropriate under the four-prong test identified in their opposition, Plaintiffs' request to stay Disney's Application should be denied.

## II. PLAINTIFFS ARE JOINTLY AND SEVERALLY LIABLE FOR DISNEY'S COSTS

Plaintiffs are wrong that the taxable costs incurred by Disney in litigating this case to conclusion must be allocated among them. "When one party prevails against multiple opponents, the presumptive rule is joint and several liability unless it is clear that one or more of the losing parties is responsible for a disproportionate share of the costs." *Anderson v. Int'l Paper Co.*, 2015 WL 3648972, at *6 (C.D. Cal. June 10, 2015) (internal quotations omitted); *see also Summit Entm't, LLC v. Santia*, 2014 WL 12577430, at *6 (C.D. Cal. June 24, 2015) (holding that co-defendants are "jointly and severally liable for . . . reasonable costs to be evidenced by a bill of costs"). "The court has broad discretion in determining whether, and on what conditions, to apportion costs . . . [and] if a party would have incurred the same costs despite the existence of multiple parties, or if the costs were incurred to pursue claims and defenses common to all parties, apportionment is not appropriate." *3000 E. Imperial, LLC v. Robertshaw Controls Co.*, 2011 WL 13180458, at *2 (C.D. Cal. May 2, 2011).

Here, Plaintiffs elected to file a joint complaint encompassing numerous claims in a single case. Until now, they have vehemently opposed characterizing their claims as separate and distinct from one another and even opposed a motion to sever. *See, e.g.,* Doc. 34 (Pls.' Opp. to Mot. to Sever Pls.). All but one Plaintiff family has been represented by the same legal team, and they all relied on the same witnesses and exhibits and put forth virtually identical arguments. Courts routinely

adhere to the clear presumption of joint and several liability under similar circumstances. *See, e.g., Anderson*, 2015 WL 3648972, at *6 (rejecting plaintiffs' argument that costs owed to a single prevailing party, their employer, should be apportioned where they "shared a joint defense team and many trial exhibits and witnesses"); *City of Alameda v. Nuveen Mun. High Income Opp. Fund*, 2012 WL 177566, at *2 (N.D. Cal. Jan. 23, 2012) (holding plaintiffs were jointly and severely liable for bill of costs where "[p]laintiffs' claims against [the defendant] were essentially identical, discovery was consolidated, and plaintiffs are in a better position than [defendant] to apportion and segregate costs as between [themselves]").

To try to overcome this presumption, Plaintiffs point to three scenarios where courts have elected to apportion costs: (1) when neither party was a "prevailing party"; (2) in multi-district litigation where the plaintiffs initially filed separate cases; and (3) when a prevailing party seeks the windfall of double recovery.[3] None of those situations is present here. Disney is the sole and clear prevailing party. Plaintiffs elected to bring their claims in a single complaint: they were not encouraged, let alone forced, to consolidate them by Disney or the Court. And Disney seeks one bill of costs covering its costs for the entire matter, thereby preventing any opportunity for a double recovery. In short, there is no reason for the Court to disregard the clear presumption of joint and several liability, and it should award the full amount of costs against Plaintiffs.[4]

---

[3] Doc. 518 at 6-8 (citing *Oyarzo v. Toulumne Fire Dist.*, 2014 WL 1757217, *3 (E.D. Cal. 2017); *Winter v. Novartis Pharm. Corp.*, 739 F.3d 405, 411-12 (8th Cir. 2014); *S.F. BART Dist. v. Spenser*, 2007 WL 3343239 (N.D. Cal. 2007)).

[4] Contrary to Plaintiffs' contentions, Disney's Application does not include any costs that are solely attributable to the Plaintiff families who voluntarily dismissed their claims. Moreover, because every cost Disney seeks to recover would still have been incurred even if the dismissed Plaintiff families had not brought their claims in the first place, Disney is entitled to the full amount of the costs it seeks. *3000 E. Imperial, LLC*, 2011 WL 13180458, at *2.

### III. DISNEY'S COSTS SHOULD BE TAXED IN THEIR ENTIRETY

"Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party . . . and the burden falls on the losing party to demonstrate why costs should not be awarded." *Anderson*, 2015 WL 3648972, at *5 (internal quotations omitted). In other words, "[a] district court must specify reasons for its *refusal* to tax costs to the losing party, but need not give affirmative reasons for awarding costs." *Id.* (citing *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) (emphasis in the original)). Here, Plaintiffs have made a number of unsubstantiated claims regarding Disney's costs or have simply offered their opinion that inexpensive options may have been available. They also present a set of charts purporting to outline "unrecoverable costs," but these charts contain incorrect information and do not support Plaintiffs' flawed reasoning (Docs. 525-7 through 525-15).[5] As a result, Plaintiffs have failed to meet their burden to overcome the strong presumption that Disney is entitled to the reasonable and necessary costs it seeks to recover, and they should be taxed $86,387.39, as set forth in Disney's Application. Doc. 520-1.

#### A. Disney's Invoices Identify All Taxable Costs

Local Rule 54-2.1 requires that an application to tax costs include "a detailed bill of costs . . . stat[ing] separately and specifically each item of taxable costs claimed . . . [with] sufficient document to support the amount and taxability of each item, such as an invoice . . . ." If any invoice submitted in support of an application to tax costs contains taxable and non-taxable costs, this District's Bill of Costs Handbook instructs the moving party to "identify what taxable items are being

---

[5] For example, Plaintiffs assert Disney seeks $2,094.61 in costs associated with T.P.'s deposition but is only entitled to recover $1,893.02. (Doc. 525-12 at 2). Yet, Plaintiffs' "notes" give no indication how they reached this conclusion. In any event, Disney only seeks $1,169.77 for T.P.'s deposition, the taxable sum after subtracting the expedited delivery and rough draft charges as identified in Disney's Notice of Amended Application. (Doc. 520; Doc. 520-2 at 5).

claimed." Central District of California Bill of Costs Handbook at 3. Disney has complied with these requirements.

Plaintiffs' Objections identify three categories of purportedly non-compliant invoices: (1) Disney's service of process invoices; (2) Disney's deposition invoices; and (3) Disney's exemplification invoices. Contrary to Plaintiffs' claims, each category of invoices complies with the Local Rules. First, each line item cost on Disney's service of process invoices are taxable, and no further identification is necessary. Second, Disney's Application includes deposition transcript invoices breaking down the total cost by line item and, as explained in Disney's Notice of Amended Application, Disney only seeks reasonable costs permitted under the Local Rules.[6] Specifically, and with the exception of Dr. Lila Kimel,[7] Disney does not seek any costs associated with expedited transcript preparation, including realtime and rough draft copies, or expedited shipping and handling. Simply put, Disney identified the taxable deposition costs it incurred litigating this matter to conclusion. Third, Disney's exemplification invoices highlight the taxable costs on those few invoices that contain both taxable and non-taxable charges.

Because Disney's Application complies with the Local Rules, the costs specified therein should be taxed by the Clerk of Court.

---

[6] For example, the invoice associated with J.L.C.'s deposition lists a total cost of $2,937.45. However, after subtracting realtime costs of $572.25 and rough draft costs of $490.50 from the total amount, Disney seeks to recover $1,874.70 in taxable costs reasonably incurred in taking J.L.C.'s deposition. *Compare* Doc. 520-2 at 6 *with* Doc. 520-5 at 34.

[7] As discussed below and in Disney's Notice of Amended Application (Doc. 520), Disney seeks its costs associated with the 5-day expedited production of Dr. Kimel's deposition transcript as delays—through no fault of Disney—prevented Dr. Kimel's deposition from occurring until March 12 and 15, 2021, which was only three weeks before the Court's deadline for dispositive motions.

**B.     Disney's Deposition Costs Are Supported by Documentation and Are Consistent with Customary and Reasonable Rates Set by Court Reporting Companies**

Local Rule 54-3.5 allows a prevailing party to tax the reasonable costs of preparing an original and copy transcription of each deposition necessarily taken during the course of a litigation. The rule also notes that the transcript rate set by the Judicial Conference of the United States "will generally be considered reasonable," but higher rates will be taxed when reasonable under the circumstances. As explained in Disney's Notice of Amended Application (Doc. 520 at 2), court reporting companies set their rates based on location and, in some cases, by witness classification (e.g., fact versus expert witness). Many of the depositions in this matter were necessarily conducted in the Los Angeles and Washington D.C. metropolitan areas for the convenience of the deponents and parties, and court reporting companies sometimes charged rates for those localities that were above the Judicial Conference's national standard. Those higher rates are therefore reasonable under the specific circumstances of this case.

Plaintiffs also object to Disney seeking costs for expedited shipping and rough draft copies. However, Disney's Application makes clear that Disney does not seek to recover any rough draft costs and only seeks to recover costs for the 5-day expedited production of Dr. Kimel's deposition. Dr. Kimel had limited availability to be deposed in this case. As a result, her deposition (which occurred over the course of two days, given her tight schedule) was taken a mere three weeks before the parties' deadline to file for summary judgment. Expedited delivery of Dr. Kimel's deposition transcript was therefore reasonable and should be taxed. *Zomorodian v. BMW of N.A., LLC*, 332 F.R.D. 303, 307-08 (C.D. Cal. 2019) ("While expedited transcripts may not be a reasonable expense in every case, the Court concludes that, under these circumstances, Plaintiff, through no fault of his own, reasonably incurred the expense associated with expedited transcripts.").

### C. Disney's Service of Process Costs Are Reasonable

Local Rule 54-3.2 allows a prevailing party to recover reasonable fees for service of process, including fees associated with research, surveillance, wait time and parking incurred in connection with service. Plaintiffs object to Disney's service of process costs for three reasons, none of which has any merit.

First, Plaintiffs object to Disney's service of process costs on the ground that Disney seeks to recover fees associated with "immediate service." However, this District routinely taxes these fees—as established by the cases cited by Plaintiffs. *See*, *e.g.*, *Bucklin v. Am. Zurich Ins. Co.*, 2013 WL 12233717, at *4 (C.D. Cal. Oct. 30, 2013) (awarding costs for "same day" and "immediate" service of process because "there is no indication in [Local] Rule 54-3.5(a) that fees for expedited service are not to be included. Nor is such an exclusion found in the statutory mandate for service of process fees, 28 U.S.C. § 1921."); *Fuchs v. State Farm Gen. Ins. Co.*, 2017 WL 10410801, at *4 (C.D. Cal. Nov. 1, 2017) (approving "immediate" or "same day" service of process fees as a matter of course).

Second, Plaintiffs object to taxing costs associated with multiple service attempts, claiming that Disney has not provided any reason why multiple attempts were necessary. That is not true. As clearly stated in Disney's Original and Amended Itemized List of Costs (Doc. 517-1 at 1; Doc. 520-2 at 1), attempted service costs were often necessary because Plaintiffs' counsel frequently was unable to provide Disney with accurate contact information for their witnesses. As a result, Disney's service fees are reasonable. *See*, *e.g.*, *Fuchs*, 2017 WL 10410801, at *4 (taxing costs associated with multiple service attempts resulting from "an inability to locate individuals or because the individual would not answer or accept service"); *Jardin v. DATAllegro, Inc.*, No. 08-cv-1462, 2011 WL 4835742, at *9 (S.D. Cal. Oct. 12, 2011) ("Attempted service at more than one address is a normal and often necessary part of eventually serving a subpoena successfully, and associated costs are recoverable.").

Third and finally, Plaintiffs object to Disney's service of process fees associated with issuing witness fee checks and making copies of the subpoena for service. But once again, Local Rule 54-3.2 allows Disney, as the prevailing party, to recover all reasonable fees for service of process. It is inherently reasonable for a process server to print physical copies of the subpoenas they plan to serve and, in the case of subpoenas to testify, issue the required witness fee at the time of service.[8]

Plaintiffs cannot and do not point to any precedent denying any of the service of process costs Disney seeks to recover with its Application. Therefore, all of Disney's service of process costs are reasonable and should be taxed.

### D. Disney's Witness Fees Are Not Duplicative of Other Charges

Plaintiffs oppose costs Disney seeks for witness fees because "there appear to be duplicate charges sought under the Witness Fee and Deposition Category." Doc. 518 at 16. However, Disney subtracted each witness fee from the service of process fees and instead properly seeks to recover those fees as witness fees under Local Rule 54-3.6. For example, Disney only seeks to recover $417.25 for service of process on Dr. Lynne Forman (Doc. 517-1 at 2; Doc. 520-2 at 2), despite paying an invoice for $471.72 (Doc. 517-3 at 22; Doc. 520-4 at 22). The reason for this deduction is that Disney has not sought to recover the recorded witness fee of $54.47 as a fee for service of process under Local Rule 54-3.2. Instead, Disney properly seeks recovery of that fee as a witness fee under Local Rule 54-3.6, and only up to the statutory maximum of $40.00 (Doc. 517 at 2; Doc 520-1 at 2). The same is true of the other witness fees identified in Disney's Application.[9] Because Disney does not seek any duplicate costs, its witness fees should be taxed in full.

---

[8] The service process provider only charged $0.25 per page for copies if the served document was over 20 pages and waived the fee for documents under 20 pages.

[9] Plaintiffs continue to assert that Disney seeks to collect duplicate witness fees for A.H., Dr. Kimel and Dr. James. This assertion is not true. As demonstrated by Disney's Itemized Bill of Costs (Doc. 520-2 at 1-5), Disney only seeks witness fees

### E. Disney's Exemplification Costs Are Properly Taxable

Pursuant to Local Rule 54-3.10, Disney is entitled to recover reasonable document preparation costs that it incurred litigating this case, including the costs for physically reproducing material necessarily obtained for use in this case and costs for copying and delivering mandatory chambers copies required by the Court.

Plaintiffs object to a number of costs Disney incurred to ensure timely delivery of mandatory chambers copies required by the Court on the grounds that the courier company sometimes charged over $0.25 per page for copies and that Disney arranged for same-day or overnight delivery. Plaintiffs' objection to the per-page cost of copies is nonsensical. They argue that Disney's vendors charged a higher than reasonable rate to make copies of documents, but in support, they complain about invoices for *delivery* costs. For example, Plaintiffs claim that Disney is only entitled to recover $25.00 of the $45.00 it incurred to timely deliver a mandatory chambers copy of its Reply in Support of its Motion for Judgment on the Pleadings. Doc. 525-14 at 3. However, the $45.00 fee charged by ASAP Legal Solutions was for delivering a mandatory chambers copy, *not* for making copies. Doc. 517-7 at 27; Doc. 520-8 at 27. As to a few mandatory chambers copy invoices that actually include document preparation charges, Plaintiffs provide no justification for their proposed reductions, nor do they account for the fact that preparing mandatory chambers copies necessarily requires additional costs, such as binding. Plaintiffs' failure to demonstrate why Disney's exemplification costs should not be awarded warrants overruling all their objections. *See Anderson*, 2015 WL 3648972, at *5 ("Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing

---

once under L.R. 54-3.6. Because these three witnesses were not served with subpoenas (which would have included a witness fee payment), Disney submitted separate invoices showing that witness fees were actually incurred for each of them.

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

party . . . and the burden falls on the losing party to demonstrate why costs should not be awarded.").

Plaintiffs also argue that Disney cannot recover its costs for providing chambers copies because Disney paid for expedited same day or overnight delivery. Specifically, and without any evidence or support, Plaintiffs claim that Disney received a flat delivery fee of $25.00 and then requested a more expensive service for its convenience. Not only is Plaintiffs' unsubstantiated accusation false, but it also completely ignores that the Court requires the parties to submit mandatory courtesy copies by noon the day after the document was electronically filed. *See* L.R. 5-4.5;[10] *Honorable Cormac J. Carney*, U.S. Dist. Ct. for the Central Dist. of Cal., https://www.cacd.uscourts.gov/honorable-cormac-j-carney (last visited July 30, 2021) ("Mandatory chambers copies shall be delivered in person or by overnight services . . . to the Clerk's Office . . . no later than noon following the date of filing as required by Local Rule 5-4.5."). Disney requested expedited delivery to comply with the Court's rules and is entitled to recover the costs associated with the Court's filing requirements. *See Alberghetti v. Corbis Corp.*, 2010 WL 11519601, at *1 (C.D. Cal. Aug. 9, 2010) ("[C]ourtesy copy costs are generally 'reasonably necessary' because the Court requires that courtesy copies of all filings . . . must be delivered to Chambers.").

---

[10] Plaintiffs' statement that the Local Rules require "chamber copies be provided to the Court within two business days of the filing" is inaccurate. Local Rule 5-4.5 explicitly requires that "[u]nless otherwise ordered by the assigned judge, one mandatory chambers copy of every electronically filed document must be delivered to the chambers of the assigned judge, or other designated location, no later than 12:00 noon on the following business day." No order has been issued which changes this rule.

### F. Disney Is Entitled To Recover Costs Incurred To Prepare Trial Demonstratives

Prevailing parties are entitled to recover costs associated with demonstrative exhibits that are reasonably necessary to assist the trier of fact. L.R. 54-3.12(a) ("[T]he reasonable cost of the physical preparation and duplication of the following items may be taxed . . . [s]ummaries, computations, polls, surveys, statistical comparisons, maps, charts, diagrams, and other visual aids reasonably necessary to assist the jury or the Court in understanding the issues at the trial."). Plaintiffs concede this point and do not contest that Disney's demonstratives would have been reasonably necessary to assist the trier of fact had the parties gone to trial. Doc. 518 at 17-18. Instead, they object that Disney cannot recover its costs for preparing trial demonstratives because the Court granted summary judgment in Disney's favor before the trial in question occurred. Plaintiffs are simply wrong.

Contrary to Plaintiffs' claim, nothing in Local Rule 54-3.12(a) requires a demonstrative to be *used* at trial to be recoverable as a taxable cost. Instead, a prevailing party is entitled to recover for the cost of demonstratives where they would have been reasonably necessary to aid the jury, even if a trial never happened. *City of Alameda v. Nuveen Mun. High Income Opp. Fund*, 2012 WL 177566, at *6 (N.D. Cal. Jan. 23, 2012) (applying a nearly-identical rule and taxing costs incurred by the prevailing party for creating demonstrative exhibits which would have been reasonably necessary to assist the jury had the case gone to trial and not ended on summary judgment). This is the exact scenario presented here.

Moreover, Disney's demonstratives were not only reasonably necessary to aid the trier of fact, but they were also created before trial in accordance with the Court's scheduling order and the Local Rules. As Disney explained in its Original and Amended Itemized Bill of Costs, the late Judge Manuel Real scheduled trial in Bellwether II to commence on August 7, 2017 (Doc. 165), and Local Rule 16-3 required the parties to disclose their demonstrative exhibits by July 27, 2017.

However, the Court did not rule on Disney's summary judgment motion until July 24, 2017, three days before the required disclosure. Doc. 225. As a result, it was entirely reasonable—and in fact necessary—for Disney to prepare its demonstratives to satisfy the Court's deadline. Because the demonstratives were reasonably necessary to assist the trier of fact, Disney is entitled to recover these costs. *City of Alameda*, 2012 WL 177566, at *6 (taxing $16,039.03 for costs incurred in preparing demonstrative exhibits for a trial that did not take place).

## IV.   CONCLUSION

Disney's Application seeks to recover the reasonable and necessary costs that it incurred litigating this matter to conclusion. Accordingly, this Court should overrule all of Plaintiffs' objections and award costs in the amount of $86,387.39 to Disney.

Dated: August 16, 2021         **McDERMOTT WILL & EMERY LLP**

By:   /s/ Jeremy M. White
      Jeremy M. White

      Attorneys for Defendant Walt Disney Parks and Resorts U.S., Inc.

# CERTIFICATE OF SERVICE

I certify that on August 16, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California, by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/ Jeremy M. White
Jeremy M. White