ANDY DOGALI (admitted p*ro hac vice*)
adogali@dogalilaw.com
BARBARA U. UBEROI (California Bar No. 208389)
buberoi@dogalilaw.com
Dogali Law Group, P.A.
19321 U.S. Highway 19, N., Ste. 307
Clearwater, Florida 33764
Tel: (813) 289-0700
Fax: (813) 289-9435

EUGENE FELDMAN (California Bar No. 118497)
gene@lawfinkle.com
Law Offices of Jake D. Finkel
3470 Wilshire Blvd., Suite 830
Los Angeles, CA  90010
Telephone: (213) 787-7411
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.P., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WALT DISNEY PARKS AND RESORTS U.S. INC.,<br><br>Defendant.<br>_____/ | ) Case No.: 15-cv-5346-CJC-E<br>) Hon. Cormac J. Carney<br>)<br>)<br>) **PLAINTIFFS' MOTION TO**<br>) **RETAX COSTS**<br>)<br>)<br>)<br>)<br>) |

Plaintiffs, T.P., S.P., A.M.W., D.L.W., R.D.W., L.T.T., L.J.T., L.D.J., T.M.J., D.A.J., T.A.L., G.L., D.F., C.F., M.I.P., A.M.N., V.M.N., D.L.B., L.V.F., B.D.G., V.J.B., S.L.B., K.A.C., J.L.C., E.W.V., A.M.P, T.J.A., L.A., P.F.E., B.P.E., Y.Z., M.Y.R., C.M.H., H.A.H., E.A.P., and A.E.P. (collectively "Plaintiffs"), and pursuant

DOGALI LAW GROUP, P.A.

to Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54-2.5, moves this honorable Court to retax Defendant WALT DISNEY PARKS AND RESORTS U.S. INC.'s ("Defendant" or "Disney") Costs as awarded by the Clerk of Court [D. 527] on January 2, 2022.

**A.    FACTS RELEVANT TO THIS MOTION**

1.    This action, premised on the Americans with Disabilities Act ("ADA") and California Unruh Civil Rights Act, arises from the inability of the plaintiffs, guests and the parents of guests with autism and other cognitive disabilities, to access Defendant's attractions under its Disability Access Service ("DAS") program.  The DAS requires that those with autism and other cognitive disabilities hold a place in line while not standing in an actual line.  However, guests with cognitive disabilities do not have the capacity to defer gratification, i.e., they cannot comprehend a virtual wait, which prevents them from having "meaningful access" to the Disney parks and an "equal opportunity" to enjoy its attractions in relation to nondisabled guests.

2.    On June 29, 2021, the Court rendered judgment [D. 516] for Disney after adjudicating the merits through summary judgments, judgments on the pleadings, and involuntary dismissals as to twenty-eight families.

3.    The Court entered judgment on the pleadings on A.M.N., V.M.N., B.D.G., D.F., C.F., D.L.B., L.V.F., E.G.R., L.D.J., D.A.J., L.T.T., M.I.P., T.A.L., G.L., A.T.W., and T.L.R's claims.  After ordering that the action be tried as a bellwether, the Court entered summary judgment as to the cases brought by T.P., S.P., A.M.W., D.L.W. and R.D.W. (Bellwether I); P.F.E., B.P.E., E.A.P. and A.E.P. (Bellwether II); C.M.H., H.A.H., J.A.S. and J.F.S. (Bellwether III); K.A.C., J.L.C., V.J.B., S.L.B., Y.Z., and M.Y.R. (Bellwether IV) and T.J.A., L.A., E.W.V., and A.M.P. (Bellwether IV).

4.    On July 13, 2021, Defendant filed its Application to the Clerk to Tax Costs [D. 517].

DOGALI LAW GROUP, P.A.

5.      Plaintiffs filed their Objection to Bill of Costs and Incorporated Memorandum of Law [D. 518] on July 27, 2021 with supporting exhibits [D. 519].

6.      Thereafter, Defendant filed an Amended Application to the Clerk to Tax Costs [D. 520] on July 29, 2021.

7.      Defendant also filed a Response to Plaintiffs' Objections to Application to Tax Costs [D. 523] on July 30, 3021.

8.      On July 30, 2021, Plaintiffs filed a Notice of Appeal of Final Judgment [D. 521] and an amended notice [D. 522].

9.      In response to Defendant's Amended Application filed on July 29, Plaintiffs filed their Objection to Amended Application to the Clerk to Tax Costs and Incorporated Memorandum of Law [D. 525] (hereinafter "Amended Objection") on August 12, 2021.

10.     On August 16, 2021, Defendant filed its Response to Plaintiffs' Objections to Amended Application to Tax Costs.

11.     The Clerk entered the bill of costs over the Plaintiffs' objections on January 2, 2022.  The bill of costs is attached hereto as Exhibit "1."  The Clerk taxed $86,387.39 in Defendant's costs to be paid by the twenty-eight Plaintiff families. The total taxed reflected the entire amount of costs sought in Defendant's Amended Application [D. 520].

**B.      ARGUMENT & AUTHORITIES**

12.     A procedural award of costs, even over state law claims, is governed by federal procedure.  *See Hanna v. Plumer*, 380 U.S. 460, 473-73 (1965), *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1167-68 (9th Cir. 1995).  Unless limited by a federal statute, the Federal Rules of Civil Procedure, or a court order, the clerk should award to the prevailing party all costs other than attorney fees.  *See* Fed. R. Civ. P. 54(d)(1); *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 376 (2013).  The court may review the

DOGALI LAW GROUP, P.A.

Plaintiffs' Motion to Retax Costs
*T.P., et al. v. Walt Disney Parks & Resorts US, Inc.*                                    Case No. 15-CV-5346-CJC-E

DOGALI LAW GROUP, P.A.

1  clerk's bill of costs if a party serves a motion within seven days after the clerk enters

2  the bill of costs.  *See* Fed. R. Civ. P. 54(d)(1), Local Rule 54-2.5.

3        13.    Plaintiffs reassert their arguments in the Amended Objection [D. 525]

4  herein based on the Clerk's award of costs identified in the Amended Application.

5  To the extend that the original application is considered, Plaintiffs also incorporate

6  their original objection.  For the purposes of brevity and efficiency where applicable,

7  Plaintiffs will identify the items to be retaxed and refer to the sections of the

8  Amended Objection and related exhibits in which each item is addressed.

9        14.    The Court should vacate the award of Defendant's costs because they

10  are contrary to the 9th Circuit's interpretation of 42 United States Code Section 12205

11  which requires application of the *Christiansburg Garment Co.* test.  *See Brown v.*

12  *Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001) ("Because § 12205 makes

13  fees and costs parallel, we hold that the *Christiansburg* test also applies to an award

14  of costs to a prevailing defendant under the ADA."). [1]  In a civil rights action, costs

15  can be awarded to a defendant only where "the Plaintiff's action was frivolous

16  unreasonable, or without foundation."  *See Kohler v. Bed Bath & Beyond of Ca.,*

17  *LLC*, 780 F.3d 1260 (9th Cir. 2015), *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190

18  (9th Cir. 2001).  The Supreme Court in *Christiansburg Garment Co. v. EEOC*, 434

19  U.S. 412, recognized that in civil rights cases

20        Congress desired to 'make it easier for a plaintiff of limited means to

21        bring a meritorious suit' …. But second, and equally important,

22        Congress intended to 'deter the bringing of lawsuits without

23   

24  [1] Section 12205 preempts Section 55 of the Unruh Act therefore it is applied to
determine fees and costs for Unruh Act claims litigated in in federal courts.  *See*
*Kholer v. Presidio Intern., Inc.*, 782 F. 3d 1064, 1071 (9th Cir. 2015), *Oliver v.*
*In-N-Out Burgers*, 945 F. Supp. 2d 1126 (S.D. Cal. 2013).  *But see Garcia v.*
*Gateway Hotel L.P.*, 2021 WL 4776352 (C.D. Cal. Oct. 4, 2021) (denying motion
to retax costs in ADA and Unruh Act litigation determined not to be frivolous,
unreasonable and without foundation based on its interpretation of *Marx v. Gen.*
*Rev. Corp.*, 568 U.S. 371 (2013)).

25

26

27

28

Plaintiffs' Motion to Retax Costs
*T.P., et al. v. Walt Disney Parks & Resorts US, Inc.*      Case No. 15-CV-5346-CJC-E

DOGALI LAW GROUP, P.A.

foundation' by providing that the 'prevailing party'—be it plaintiff or defendant—could obtain legal fees.

*Christiansburg Garment Co.*, 434 U.S. at 420 *quoting Grubbs v. Butz*, 548 F.2d 973, 975 (D.C. Cir. 1976).  To ensure that courts enforced the congressional goals, the Supreme Court authorized an award of attorney's fees and costs in favor of a defendant in a civil rights case where "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* at 421.  The Plaintiffs' cases were not terminated on findings that their claims were frivolous, unreasonable, or without foundation.  Instead, the Court entered Summary Judgment on the basis of collateral estoppel, on the basis that Disney's DAS program provided adequate and necessary accommodations that provided equal access to its attractions and rides and that the Unruh act did not apply to certain plaintiffs [D. 126, D. 224, D. 225, D. 355, D. 464, D. 465, D. 466, D. 511].  Judgments on the Pleadings were entered on the basis of collateral estoppel and issue preclusion [D. 145].[2]  The Court entered dismissals against two Plaintiff families who failed to appear [D. 367, D. 415] without entering a judgment on the merits of the parties' cases.  Indeed, the claims had merit as reflected in Defendant's revisions to its DAS program which resolved many of the litigated violations.[3]  Under the principles of *Christiansburg Garment Co.*, Defendant cannot recover its costs in this action.

15.    The Court should vacate the award of costs because the lack of allocation unjustly affects possible settlement and creates a conflict between parties.  Counsel is faced with a dilemma that advising a family to settle could impose

---

[2]  A number of Plaintiff families were dismissed voluntarily with each party to bear their own costs [D. 46, D. 380, D. 481, D. 482].  Defendant was awarded costs that should have been allocated to the voluntarily dismissed plaintiffs and borne by the Defendant.  Allocation of costs to the remaining families has an affect on the other families' evaluation of their settlement options.  The families
[3]  See discussion in Paragraph 16 *infra*.

Page 5

DOGALI LAW GROUP, P.A.

additional costs on the nonsettling families.  On the other hand, the families should seek voluntarily dismissals with "each party to bear their own costs" so they do not bear the costs of the other parties' litigation.    The unallocated costs are fundamentally unfair and skew the principles of justice.

16.    The Court should vacate the award of costs because the Clerk did not and cannot, set forth an explanation supporting taxation of costs for the Plaintiffs' claims including the Unruh claims as the review falls within the purview of the Court. *See Brown*, 246 F.3d at 1190 (remanding taxation of costs where the Court's award did not explain its basis for an award under the ADA).

17.    The Court should vacate the award of costs as requiring the Plaintiffs to pay Defendant's costs would be inequitable because there is great economic disparity between the Plaintiffs and the Defendant and the issues in the case are close and difficult.  The Court has discretion to deny the taxation of costs where the issues litigated were close, difficult, and of substantial public importance, the Plaintiffs had limited financial resources and there was economic disparity between the parties. *See Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014) (affirming denial of costs in civil rights case that addressed an important, close and difficult issue by a low-income plaintiff even though defendant ultimately prevailed), *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 592 (9th Cir. Oct. 30, 2000) (affirming denial of costs where there was economic disparities between the parties who were individuals and Disney, a FORTUNE 500 company;[4,5] the

_____

[4]  *See* "Fortune 500, Walt Disney Company Profile, Rank 53", https://fortune.com/fortune500/2019/walt-disney/ (last visited Jan. 5, 2022) attached hereto as Exhibit "2."

[5]   Defendant generated $26,225 million in Parks, Experiences and Product revenues in FY 2019, an 6% increase over 2018.  The Defendant explained that its "Higher operating results at Parks, Experiences and Products was due to the growth of domestic theme parks and resorts …. The increase at our domestic parks and resorts was due to higher guest spending ….  Guest spending growth

Page 6

DOGALI LAW GROUP, P.A.

meritorious issue would have affected guests with cognitive impairments and resulted in significant changes to the Defendant's DAS program.

Disney's updated DAS program addressed Plaintiffs' requested accommodations by allowing pre-registration and the ability to book DAS return times through the My Disney Experience app so that the families do not have to walk to guest services or kiosks to obtain a return time. *See* https://disneyworld.disney .go.com/guest-services/disability-access-service/ (last visited Jan. 5, 2022) which is attached hereto as Exhibit "3," Complaint ¶ 39 [D. 1-1].  The Complaint specifically addressed both of these items as failures to accommodate the disabled Plaintiffs.  The complaint identified the difficulties that autistic families had registering for the DAS program at Guest Services,

> The entire DAS is predicated upon the concept that Disney will accommodate Plaintiffs, not by relieving the burden of *waiting*, but by relieving them of the burden of waiting *in lines*.  However, when Plaintiffs … reported as required by Disney to City Hall or Guest Relations and was immediately met with an extended wait, *in line, just to obtain the DAS card.* ... the disabled guest must report to Guest Relations *every day* upon entry into one of the Parks.  The disabled guest must then repeat the first day's one-hour wait in the Guest Relations line ....

Complaint ¶¶ 37, 39 [D. 1-1] (emphasis in original).  Plaintiffs also identified having to report to City Hall, Guest Relations, or kiosks to obtain a return time for a ride:

> Disney's [] effort to use scattered "kiosks" to give out ride times does not ameliorate this problem. ... in lieu of walking all the way to an attraction simply to get an appointment for later, the guest can walk all the way to a central kiosk to get an appointment for later. ... This

was primarily due to increases in average ticket prices and higher food, beverage and merchandise spending."  *See* https://thewaltdisneycompany.com/the-walt-disney-company-reports-fourth-quarter-and-full-year-earnings-for-fiscal-2019/ pp. 4/31, 5/31, 9/31 (last visited Jan. 5, 2022) which is attached hereto as Exhibit "2."

arrangement is no accommodation for guests who are incapable of making and changing spur-of-the-moment plans. This arrangement achieves only:

a.      More total walking, back-and-forth to kiosks to schedule appointments.

b.      More total wait time, because:

    i.      Lines exist at the kiosks;

    ii.     Even if Disney gives the guest an appointment time which is 10 minutes less than a current ride wait time, ... disabled persons wait as long as everyone else, including the time they spend going back-and-forth to the kiosks…; and

    iii.    A line exists when the guest returns to the ride, making the total wait time longer for the disabled guest than the non-disabled guest.

c.      Less convenience than is necessary for a non-disabled guest, because the disabled guest, who started their day in line at City Hall or Guest Relations, now must travel repeatedly to designated kiosks to obtain ride return times, wait in the line at each kiosk, wait for each return time, and then wait at each attraction at the assigned time. ... disabled persons must wait in three lines instead of one, and that their total wait time is longer than everyone else's.

d.      Less routine and predictability of experience, because:

    i.      A guest cannot know what to expect about the availability of a ride until arriving at the kiosk, just as is the case when arriving at a ride, and the cognitively-impaired guest has less flexibility to simply change plans at the kiosk;

    ii.     A routine circuit through the Parks becomes impossible, when one must go back-and-forth to the kiosks in between attractions;

    iii.    Disney moves the kiosks, and occasionally even changes their number, as it did when Disney reduced the kiosks in Disney's California Adventure from four to three; and

    iv.     The employees at the kiosks are not willing or trained to listen to guests' explanations of their individualized,

special needs.

Complaint ¶ 42 [1-1].  Based on cases such as *Association of Mexican-American Educators*, the Court should vacate costs taxed against Plaintiffs.  To do otherwise is not only inequitable but contrary to Ninth Circuit precedent.

18.    The Court should vacate the award of costs until resolution of an appeal by nineteen Plaintiffs which was noticed on July 30, 2021.  A reversal under the Appeal as to any appellant family will affect the allocation of costs as to the remaining Plaintiff families.  The substantive argument supporting vacation of the award is found in the Amended Objection at Section A.  If the Court does not stay the determination of costs, it should stay the execution of the payment of the costs until after the determination of the outcome of the appeal to avoid motion practice to set aside the award.

19.    The Court should vacate the award of costs because the costs were not allocated to the individual plaintiffs which is specifically discussed in Section B of the Amended Objection.  The Clerk's entry of costs is not only unfair but unjustly enriches Defendant.

20.    The Court should vacate the amount of Defendant's costs awarded where it sought incorrect costs by failing to separate taxable costs from non-taxable costs as required by United States District Court Central District of California Bill of Costs Handbook (Dec. 1, 2018) ¶¶ 2-3.  The incorrect costs are identified in Exhibit "K" and are discussed in Section "C" of the Amended Objection.

21.    The Court should vacate the award of deposition costs for those items identified on Exhibit "N" because expedited transcript services and rough drafts were not properly taxable under Local Rule 54-3.5(a).  See discussion at Amended Objection Section D(2).

22.    If the Court does not vacate the award, it should reduce the deposition costs because Defendant incurred costs that were unreasonably high and exceed the maximum per page ordinary transcript rate set by the Judicial Conference. The

Page 9

DOGALI LAW GROUP, P.A.

Amended Objection Section D(1) and Exhibit "M" sets forth Plaintiffs' argument and identifies the improper costs.

23.    The Court should vacate the award of expedited service costs for those items identified on the Amended Objection Exhibit "O" because the costs were not reasonably necessary.   Defendant expedited nearly every subpoena.   Plaintiffs' Amended Objection addresses this issue at Section E(1).

24.    The Court should vacate the award of unreasonable multiple service costs as Defendant failed to identify the necessity of the costs.  Plaintiffs' argument is raised in the Amended Objection at Section E(2).

25.    If the Court taxes costs, it should reduce the service costs awarded. Defendants seek unreasonable, unnecessary, and unrecoverable costs as discussed in the Amended Objection at Section E(3).

26.    The Court should vacate service costs awarded for copy costs disguised as service fees as Defendant did not comply with Local Rule 54-3.10.  To the extent the Court taxes service costs, many of the copy costs disguised as service fees are unreasonable and far exceed the standard reasonable costs awarded in this District. These issues are addressed in Plaintiffs' Amended Objection at Section E(3) and G(1) as well Exhibit "O."

27.    The Court should vacate duplicative Witness Fees as discussed in the Amended Objection at Section F.

28.    The Court should vacate Defendant's costs associated with its consultant that allegedly consulted in the preparation of exhibits for trials in this matter that never occurred.  This issue is addressed in Section G(3).

29.    If costs are not vacated, the Court should reduce the amount of Defendant's copy costs on the basis that they are not reasonable as defined by this District's precedent.  Plaintiffs argument and authorities supporting this issue are located in their Amended Objection at Section G(2) and Exhibit "P."

DOGALI LAW GROUP, P.A.

30.     If this Court awards costs, it should reduce the amount of Defendant's delivery costs which were unreasonable.  Defendant paid excess for expediting-type services such as "straight shot," "immediate," and "special" as well as other that were not reasonably necessary to comply with local rules.  Plaintiffs' address the application of standard fees and Defendant's lack of justification in Section G(2) and Exhibit "Q."

## C.     CONCLUSION

In conclusion, Plaintiffs respectfully request that this Court vacate Defendant WALT DISNEY PARKS AND RESORTS U.S. INC's award of costs as taxed by the Clerk.  Should the Court affirm the taxation of costs, Plaintiffs request that this Court allocate and reduce the costs as identified herein and in their Objection to Amended Application to the Clerk to Tax Costs and Incorporated Memorandum of Law [D. 525].

**DOGALI LAW GROUP, P.A.**

 _/s/ Barbara U. Uberoi_
Andy Dogali
*Admitted pro hac vice*
Barbara U. Uberoi
California Bar No. 208389
19321 U.S. Highway 19, N., Ste. 307
Clearwater, Florida 33764
Tel: (813) 289-0700
Fax: (813) 289-9435
adogali@dogalilaw.com,
buberoi@dogalilaw.com

And

EUGENE FELDMAN
California Bar No. 118497
Law Offices of Jake D. Finkel

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3470 Wilshire Blvd., Suite 830
Los Angeles, CA  90010
Telephone: (213) 787-7411
gene@lawfinkle.com


*Attorneys for Plaintiffs*

DOGALI LAW GROUP, P.A.

Plaintiffs' Motion to Retax Costs
*T.P., et al. v. Walt Disney Parks & Resorts US, Inc.*                    Case No. 15-CV-5346-CJC-E

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this __th day of January, 2022, a true and correct copy of the foregoing was filed and served on all counsel of record by way of the Court's CM/ECF filing system.

*/s/ Barbara U. Uberoi*
Barbara U. Uberoi

DOGALI LAW GROUP, P.A.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs' Motion to Retax Costs
*T.P., et al. v. Walt Disney Parks & Resorts US, Inc.*          Case No. 15-CV-5346-CJC-E