ANDY DOGALI (admitted pro hac vice)
adogali@dogalilaw.com
BARBARA U. UBEROI (California Bar No. 208389)
buberoi@dogalilaw.com
Dogali Law Group, P.A.
19321 U.S. Highway 19, N., Ste. 307
Clearwater, Florida 33764
Tel: (813) 289-0700
Fax: (813) 289-9435

EUGENE FELDMAN (California Bar No. 118497)
gene@lawfinkle.com
Law Offices of Jake D. Finkel
3470 Wilshire Blvd., Suite 830
Los Angeles, CA  90010
Telephone: (213) 787-7411
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| T.P., et al., <br><br> Plaintiffs, <br><br> v. <br><br> WALT DISNEY PARKS AND RESORTS U.S. INC., <br><br> Defendant. | Case No.: 15-cv-5346-CJC-E <br> Hon. Cormac J. Carney <br><br> **PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO RETAX COSTS [D. 530]** |

Plaintiffs, T.P., S.P., A.M.W., D.L.W., R.D.W., L.T.T., L.J.T., L.D.J., T.M.J., D.A.J., T.A.L., G.L., D.F., C.F., M.I.P., A.M.N., V.M.N., D.L.B., L.V.F., B.D.G., V.J.B., S.L.B., K.A.C., J.L.C., E.W.V., A.M.P, T.J.A., L.A., P.F.E., B.P.E., Y.Z., M.Y.R., C.M.H., H.A.H., E.A.P., and A.E.P. (collectively "Plaintiffs"), hereby

replies to Defendant WALT DISNEY PARKS AND RESORTS U.S. INC.'s ("Defendant" or "Disney") Opposition to Plaintiffs' Motion to Retax Costs [D. 530] filed on February 14, 2022.

## I. FACTS RELEVANT TO THIS REPLY

1. The parties had fully briefed Disney's application to tax costs by August 16, 2021. [D. 526]

2. Disney implemented its revised Disability Access Program in October 2021 in conjunction with its Genie service. *See* https://disneyparks.disney.go.com/blog/2021/08/introducing-disney-genie/ (last visited Feb. 21, 2022); https://disneyparks.disney.go.com/blog/2021/10/disney-genie-launching-at-walt-disney-world-resort/ (last visited Feb. 21, 2022)

## II. ARGUMENT & AUTHORITIES

### A. Rule 54(d)'s Presumption to Award Costs Is Not Absolute.

Defendant's argument uses Rule 54(d)'s presumption to award cost to negate the Court's discretion in determining whether costs are appropriate. Rule 54(d)'s language is not so rigid; it states, "Unless a federal statute, these rules, or a court order provides otherwise, costs [ ] should be allowed to the prevailing party." Fed. R. Civ. Pro. 54(d) (emphasis added). "Notwithstanding this presumption, the word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Rev. Corp.*, 568 U.S. 371, 377 (2013). The "discretion granted by Rule 54(d) … is solely a power to decline to tax, as costs, the items enumerated." *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987). Rule 54(d)'s presumption to award costs does not prevent this Court to decline to tax the costs which are improper and are contrary to public policy.

**B. The *Christiansburg Garment Co.* applies to the determination of whether costs are taxable in a civil rights action.**

Whether analyzed under 42 United States Code Section 12205 or Rule 54(d), *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978) applies to this action as it provides the analysis appropriate to determine whether costs are taxable in a civil rights action. The *Christiansburg Garment Co.* standrd focuses on the purpose of the action, i.e., granting or protecting various federal rights" including rights under the Americans with Disabilities Act. *See Christiansburg Garment Co.*, 434 U.S. at 415, *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001) ("Because § 12205 makes fees and costs parallel, we hold that the *Christiansburg* test also applies to an award of costs to a prevailing defendant under the ADA."). The Ninth Circuit has required that district courts apply the *Christiansburg Garment Co.* test to cost determinations. *See Brown v. Lucky Stores Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001) (remanding cost determination where district court did not explain basis of denial and requiring the explanation to address the *Christiansburg* standard).

The Unruh Civil Rights Act aims to ensure that "all persons are entitled to free and equal accommodations, privileges, facilities and service in all business establishments." *Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001) *quoting Black v. Dep't of Mental Health*, 83 Cal. App. 4th 739 (Cal. 2nd Dist. Ct. App. 2000) *amended on denial of rehearing as to other issue Sprewell v. Golden State Warriors*, 275 F.3d 1187 (9th Cir. 2001). Like the ADA, it is intended to protect individual rights consistent with those rights protected by both the United States Constitution and the Constitution of the State of California.

Since the purpose of the Unruh Act and the ADA consistently seek to protect the rights of individuals with disabilities, the principles of the *Christiansburg Garment Co.* standard apply to allow a plaintiff of limited means to bring an action

to protect civil rights while avoiding the initiation of frivolous suits. To hold otherwise would create the illogical and chilling result of awarding burdensome costs against an individual bringing a claim under the Unruh act while the same individual would not have received an award of costs if his or her claims was filed under the ADA. The Court has the power and discretion to prevent this unjust outcome equally under Rule 54(d) and Section 12205. *See Ass'n of Mexican-Am. Educators v. Cal.*, 231 F. 3d 572, 593 (9th Cir. 2000) (applying discretion in implementing 54(d) to affirm district court's denial of costs in civil rights action where the case was extraordinarily important, raised to protect the rights of tens of thousands of individuals, and brought by individuals with limited resources). Plaintiffs renew their request that the Court deny Defendant's request for costs on the basis that the Plaintiffs' action was not frivolous, unreasonable or without foundation and awarding costs in excess of $85,000 would deter disabled individuals from pursuing litigation to protect their rights.

### C. Economic Disparity Is One of Many Factors Which Make a Cost Award Unjust

Though "economic disparity" may not be a deciding factor when determining whether to award costs; however, when combined with other factors, it is a powerful factor that must be considered. This case is not like those cited by the Defendant. It involves families who sought a civil action to protect the rights of their disabled children to have equal access to an accommodation. Unlike the cases cited by the defendant, the costs are not $6,000 or $9,000 but are $86,387.39 and are spread across multiple bellwether phases instead of a single litigation. If Defendant were to prevail and obtain an unallocated cost award with joint and several liability, it could theoretically seek a judgment for all $86,387.39 in costs from one family (perhaps a judgment on the pleadings family) and require that the family seek recovery from the other plaintiffs.

Where Defendant cited a case where a district court awarded $31,095.36, the losing parties had admitted at deposition that they could pay the costs and did not argue in their papers that they were unable to do so. *See In re 5-Hour Energy Mktg. & Sales Practices Lit.,* 2:16-cv-02367, 2018 WL 11354865, *2 (C.D. Cal. Feb. 14, 2018) (noting that the losing party only argued that economic disparity could justify a denial of costs whether or not they had the ability to pay). Similarly, a district court awarded costs of $22,474.71 in an action after expressly noting that the losing party were successful business owners with widespread business interest and were being funded by third-party organizations. *See Haitayan v. 7-Eleven*, No. 17-cv-7454, 2018 WL 5263210, *3 (C.D. Ca. Au. 31, 2018). Defendant's authorities do not support affirming the clerk's award.

### D. The Procedural History of This Case Indicates That the Issues Were Close and Difficult.

Having stepped into this action after the passing of Judge Real, this Court is familiar with the procedural history of this case. Though the claims in the initial phases were summarily rejected, the publication of the Eleventh Circuit Opinion in *A.L. v. Walt Disney Parks & Resorts U.S., Inc.*, 900 F.3d 1270 (11th Cir. 2018) wherein the "court found that the necessity of the requested accommodations depended on disputed facts about 'behavioral characteristics of plaintiffs' disabilities'" establishes that the Plaintiffs' claims were close and difficult. D. 425 at 8. Indeed, this Court specifically certified the question of law as to whether the requested accommodation was necessary in light of *A.L.* D. 425 In its order, the court specifically noted substantial grounds for differences in opinion. Defendant's conclusory statements discredit this Court's own analysis of the case and recommendations to the Ninth Circuit. The statements lack merit and should be disregarded.

DOGALI LAW GROUP, P.A.

### E. Defendant's Miscellaneous Arguments

Generally, the Defendant's remaining arguments offer no substance beyond what had been raised and addressed in its applications to tax costs and the oppositions filed in response. D. 517-527. Plaintiffs rely on earlier their arguments in their oppositions which are incorporated into their Motion to Retax supplemented by the following points:

    1. With respect to Defendant's footnote 1, Plaintiffs were unable to address the updated DAS program while filing the oppositions to the applications to tax as the program had yet to be announced. The Court should disregard Defendant's request as Local Rule 54-2.5 would not be applicable in these circumstances. Plaintiffs also provided printed copies of the web site referenced within the motion for the Court's convenience therefore the document is not an "exhibit" any more than the original citation to the source.

    2. The Court previously deemed that the action should be stayed pending review by the Ninth Circuit. D. 425 at 2. Staying the taxation of costs would subject Defendant to no additional burden than would have occurred had the Ninth Circuit considered this matter through the certified interlocutory appeal.

### III. CONCLUSION

Based on authorities presented in their papers, Plaintiffs renew their request that the Court use its discretion vacate Defendant WALT DISNEY PARKS AND RESORTS U.S. INC's award of costs as taxed by the Clerk. Should the Court affirm the taxation of costs, Plaintiffs request that this Court allocate and reduce the costs

Plaintiffs' Motion to Retax Costs
*T.P., et al. v. Walt Disney Parks & Resorts US, Inc.*      Case No. 15-CV-5346-CJC-E

as identified herein and in their Objection to Amended Application to the Clerk to Tax Costs and Incorporated Memorandum of Law [D. 525].

**DOGALI LAW GROUP, P.A.**

 /s/ Barbara U. Uberoi
Andy Dogali
*Admitted pro hac vice*
Barbara U. Uberoi
California Bar No. 208389
19321 U.S. Highway 19, N., Ste. 307
Clearwater, Florida 33764
Tel: (813) 289-0700
Fax: (813) 289-9435
adogali@dogalilaw.com,
buberoi@dogalilaw.com
reception@dogalilaw.com

And

Eugene Feldman
California Bar No. 118497
Law Offices of Jake D. Finkel
3470 Wilshire Blvd., Suite 830
Los Angeles, CA  90010
Telephone: (213) 787-7411
gene@lawfinkle.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of February, 2022, a true and correct copy of the foregoing was filed and served on all counsel of record by way of the Court's CM/ECF filing system.

　　　　　　　　　　　　　　　*/s/ Barbara U. Uberoi*
　　　　　　　　　　　　　　　Barbara U. Uberoi